UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>            Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>            Defendants | : CIVIL ACTION NO. 00-2248<br>:<br>:<br>:<br>:<br>:<br>: CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH KACZMAREK'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE OF THE APPROVAL PROCESS OF ACCELERATED <u>PREMIUM PLAN-RELATED DOCUMENTS</u>**

**PRELIMINARY STATEMENT**

Defendant Metropolitan Life Insurance Company ("MetLife"), and Kenneth Kaczmarek, by and through their attorneys, McCarter & English, LLP, hereby submit the following Brief in Support of Motion in Limine to Exclude from Evidence Plaintiffs' Exhibit Nos. 23, 24, and 25, Approval Process of Accelerated Premium Plan-Related Documents, copies of which are attached to the Motion as Exhibits.

While plaintiff makes Accelerated Premium Plan ("AP") allegations, it is in connection with the 1991 and 1994 sales of Whole Life insurance policies. Plaintiffs' exhibit nos. 23, 24, and 25 relate to the sales material approval process for certain AP-related documents (the "AP approval documents") in 1980, over <u>eleven</u> years prior to the sale of plaintiff's 1991 policy. Any documents drafted in connection with the sales material approval process of the 1980 AP-related documents are irrelevant to events occurring in 1991 or 1994. As plaintiffs' exhibit nos. 23, 24

and 25 do not apply to the transactions, they are irrelevant under Federal Rule of Evidence 401[1] and therefore inadmissible at trial under Federal Rule 402.[2] Even if admissible, exhibit nos. 23, 24 and 25 should be excluded under Federal Rule of Evidence 403 as highly prejudicial and likely to confuse the jury.[3]

**ARGUMENT**

I.  **THE AP APPROVAL DOCUMENTS REFERENCED IN PLAINTIFFS' EXHIBIT NOS. 23, 24 AND 25 ARE IRRELEVANT TO PLAINTIFF'S AP ALLEGATIONS, INVOLVE AP-RELATED DOCUMENTS DRAFTED SUBSTANTIALLY PRIOR TO THE 1991 SALE AND ARE HIGHLY IRRELEVANT TO THE LITIGATION, UNFAIRLY PREJUDICIAL TO METLIFE, AND INADMISSABLE PURSUANT TO FEDERAL RULES 401, 402, AND 403.**

Plaintiff's exhibit no. 23 relates to the approval of a whole life policy illustration form in 1980. See Ex. A, Pl. Ex. No. 18. Attached to the policy illustration is a January 29, 1980, memorandum from K. Pelker to J. Lakner, Actuarial - Personal, Personal Insurance Contract Bureau, regarding discussion about language to be included on the 1980 policy sales illustrations. Id. Exhibit 23 also contains a January 25, 1980 memorandum from K. Kirk to J. Lakner regarding computer problems with the illustrative cash value on the 1980 policy illustration. Id. Clearly, communications about a computer system problem that existed in 1980 are not relevant to the electronic systems being used in 1991. Furthermore, Plaintiff provides no

---

[1] Federal Rule of Evidence 401 defines "relevant evidence" as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] Rule 402 provides that relevant evidence is generally admissible, and irrelevant evidence is inadmissible.

[3] Pursuant to Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Any probative value that the AP-related documents could possibly provide is negligible when compared to the unduly prejudicial impact it would have upon the jury. See Taylor v. Monette, et al., 564 F.Supp. 1, 2 (E.D.Pa.1982)(excluding from trial evidence of the amounts of plaintiffs' medical expenses holding that "whatever marginal probative value such evidence would have on the issue of pain and suffering is greatly outweighed by its tendency for harm.")

evidence that the policy sales illustration form being discussed in 1980 had any connection to Plaintiff's 1991 or 1994 transactions. In fact, on Plaintiff's exhibit no. 23, the title of the illustration is "short term payment plan." Id. Plaintiff's 1991 and 1994 illustrations were titled "Accelerated Premium Plan." Plaintiffs' exhibit no. 24 is a similar document concerning the "Short Term Payment Plan" and revising the illustration title to "Accelerated Payment Plan." See Ex. B, Pls. Ex. No. 24. As such, both exhibit nos. 23 and 24 are irrelevant, unfairly prejudicial, and inadmissible.

Plaintiff's exhibit no. 25 is a June 19, 1980 letter from D. Goodwin of the Personal Insurance Contract Bureau, to F. Risley of PI Marketing, regarding approval of a descriptive insert for the Accelerated Payment Plan illustration. See Ex. C, pls. ex. no. 25. The 1980 letter contains comments that the literature should state that premiums must continue to be paid under the accelerated payment plan, and that the plan is not "automatic." Id. However, the document is from 1980 and does not reflect the illustrations used for Plaintiff's 1991 and 1994 purchases. In fact, the comment about the accelerated payment plan not being automatic and having to be chosen by the policyholder is extremely prejudicial as it leads one to mistakenly believe that Plaintiff's 1991 and 1994 illustrations would not have advised the policyholder of this information. These documents evolved over time, as all sales materials do. The 1980 discussion of the initial draft of the AP illustration form has no relevance to a policy sold eleven years later. As such, Plaintiff's exhibit no. 25, with its outdated and misleading comments, is highly irrelevant, unfairly prejudicial, and inadmissible pursuant to Federal Rules 401-403.

## **CONCLUSION**

For the foregoing reasons, MetLife respectfully requests that this Honorable Court enter an Order barring the introduction or use of Plaintiff's exhibit nos. 23, 24 and 25, Approval Process of AP- Related documents.

-4-

        Respectfully Submitted,

        s/   B. John Pendleton, Jr. _____
        B. John Pendleton, Jr.
        McCARTER & ENGLISH, LLP
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102
        (973) 622-4444

        Attorneys for Defendants
        Metropolitan Life Insurance Company
        and Kenneth Kaczmarek

Dated:  October 3, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of October, 2006, a true and correct copy of the foregoing document was served on the following, via the electronic filing service:

Kenneth R. Behrend, Esquire
BEHREND & ERNSBERGER, P.C.
Union National Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, Pennsylvania 15222
*(Attorneys for Plaintiff)*

                                                s/   B. John Pendleton, Jr. _____