IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>Defendants | : CIVIL ACTION NO. 00-2248<br>:<br>:<br>:<br>:<br>: CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS 99 AND 100**

**PRELIMINARY STATEMENT**

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek submit this Motion in Limine to Exclude Plaintiff's Exhibits 99 and 100.

1. This case involves plaintiff's allegations that MetLife sales representatives Norman Molchan and Kenneth Kaczmarek made misrepresentations during the sale of two Whole Life Policies in 1991 and 1994. The video tapes proffered by plaintiff consist solely of MetLife video news magazine segments from 1985 and 1988. The 1985 video focuses on MetLife's financial worth, personal and group insurance in 1985, as well as MetLife Canada and MetLife's real estate portfolio. The video tape has no relation to the 1991 and 1994 sales that occurred long after its creation. The September 1988 video tape focuses on various MetLife products, MetLife's financial position, as well as tax developments. Similarly, the video tape has no relation to the 1991 or 1994 sales at issue that occurred after the tape's creation.

2. As the video tapes do not mention or relate to the allegations at issue, they are irrelevant under Federal Rule of Evidence 401 and, therefore, inadmissible under Rule 402.

This Court should not allow the introduction of evidence regarding prior, unrelated bad acts or wrongs because they are (i) irrelevant, (ii) prejudicial, and (iii) otherwise inadmissible.

3. Finally, the video tapes are replete with inadmissible hearsay. As no exception to the hearsay rule is applicable here, the video tapes should be excluded pursuant to Federal Rule of Evidence 803.

4. Plaintiff offers as Exhibits video tapes produced by MetLife. Copies of the transcripts of the video tapes are attached to the accompanying motion as Exhibits A and B.

For the foregoing reasons, and the reasons set forth in defendants' Brief in Support of this Motion in Limine to Exclude Plaintiff's Exhibits 99 and 100, defendants MetLife and Kenneth F. Kaczmarek respectfully request that this Honorable Court enter an Order barring the introduction or use of the Plaintiff's Proposed Exhibits 99 and 100.

Respectfully Submitted,

s/ B. John Pendleton, Jr.
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendant
Metropolitan Life Insurance Company
and Kenneth F. Kaczmarek

Dated: October 3, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of October 2006, a true and correct copy of the foregoing **DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNET F. KACZMAREK'S MOTION TO EXCLUDE PLAINTIFF'S EXHIBITS 99 AND 100** was served upon the following via the electronic filing system:

Kenneth R. Behrend, Esquire
BEHREND & ERNSBERGER, P.C.
Union National Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, Pennsylvania  15222

s/ B. John Pendleton, Jr.

ME1\5878859.1