IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>　　　　　　Defendants | :  CIVIL ACTION NO. 00-2248<br>:<br>:<br>:<br>:<br>:  CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION TO EXCLUDE EXHIBIT 101**

　　Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarak submit this Motion in Limine to Exclude Plaintiff's Proposed Exhibit 101:

　　1.　Plaintiff offers as Exhibit 101 a videotape produced by MetLife.  A copy of the transcript of this videotape is attached to this Motion as Exhibit A.  MetLife's Hearsay Designations in Connection with Plaintiff's Exhibit 101 is attached as Exhibit B.

　　2.　This case involves plaintiff's allegations that MetLife sales representatives Norman Molchan and Kenneth Kaczmarek made misrepresentations during the sale of two Whole Life insurance policies in 1991 and 1994.  The videotape proffered by plaintiff (the "AP Videotape") consists solely of MetLife sales representatives, none of whom were employed in Pennsylvania, discussing confusion they or their customers have had at some undefined time regarding the accelerated payment ("AP") arrangement.  The video concludes with a discussion by these representatives regarding potential methods of easing this confusion in the future.  Therefore, the AP Videotape is an example of a

subsequent remedial measure by MetLife, and as such should be excluded pursuant to Federal Rule of Evidence 407.

    3.    Further, as the AP Videotape does not mention or relate to the allegations at issue, it is irrelevant under Federal Rule of Evidence 401 and therefore inadmissible under Rule 402.

    4.    This Court should not allow the introduction of evidence regarding prior, unrelated bad acts or wrongs because they are (i) irrelevant, (ii) prejudicial, and (iii) otherwise inadmissible.

    5.    Finally, the AP Videotape is replete with admissible hearsay.  As no exception to the hearsay rule is applicable here, the videotape should be excluded pursuant to Federal Rule of Evidence 803.

For the foregoing reasons, and the reasons set forth in MetLife's and Kenneth F. Kaczmarek's Brief in Support of Motion in Limine to Exclude Plaintiff's Proposed Exhibit 101, defendants respectfully requests that this Honorable Court enter an Order barring the introduction or use of the Plaintiff's Proposed Exhibit 101.

                                                   Respectfully Submitted,

                                                   s/ B. John Pendleton, Jr.
                                                   B. John Pendleton, Jr.
                                                   McCARTER & ENGLISH, LLP
                                                   Four Gateway Center
                                                   100 Mulberry Street
                                                   Newark, NJ 07102
                                                   (973) 622-4444

                                                   Attorneys for Defendants
                                                   Metropolitan Life Insurance Company
                                                   and Kenneth F. Kaczmarek

Dated:  October 3, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of October, 2006, a true and correct copy of the foregoing **DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION TO EXCLUDE EXHIBIT 101** was served upon the following via electronic filing system:

Kenneth R. Behrend, Esquire
BEHREND & ERNSBERGER, P.C.
Union National Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, Pennsylvania  15222


s/ B. John Pendleton, Jr.