**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>  Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>  Defendants | : CIVIL ACTION NO. 00-2248<br>:<br>:<br>:<br>:<br>: CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F.
KACZMAREK'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
IRRELEVANT EVIDENCE REGARDING REPLACEMENT, PAID-UP ADDITIONS
RIDERS AND UNIVERSAL LIFE POLICIES**

**PRELIMINARY STATEMENT**

Metropolitan Life Insurance Company ("MetLife") brings this Motion in Limine to Exclude Exhibits 37, 47, and 104 which regard completely irrelevant issues such as the sales of Paid-Up Additions Riders, Universal Life insurance policies, and the replacement of existing insurance policies.

This case involves plaintiff's allegations that MetLife sales representatives made misrepresentations during the sale of Whole Life policies in 1991 and 1994. The proposed exhibits focus <u>exclusively</u> on irrelevant issues, particularly the use of inforce insurance policies to fund the purchase of new policies, a practice known as "replacement," and issues regarding the sale of Paid-Up Additions Riders and Universal Life insurance policies. Neither replacement, Paid-Up Additions Riders, nor Universal Life insurance policies are involved in the present case.

As these exhibits do not mention or relate to any allegations regarding the sales at issue, the evidence is irrelevant under Federal Rule of Evidence 401[1] and therefore inadmissible at trial under Rule 402.[2] Plaintiffs will likely try to use the testimony and attached exhibits to allege unrelated bad acts or wrongs allegedly committed by defendants. The Court should not allow the introduction of evidence regarding other bad acts or wrongs because they are (i) irrelevant, (ii) prejudicial,[3] and (iii) otherwise inadmissible.

---

[1] Federal Rule of Evidence 401 defines "relevant evidence" as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] Rule 402 provides that relevant evidence is generally admissible, and irrelevant evidence is inadmissible.

[3] Rule 403 provides that relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

## BACKGROUND

Plaintiff makes "vanishing premium" claims with respect to two whole life policies purchased in 1991 and 1994. Specifically, plaintiff claims that, in 1991, former MetLife sales representative Norman Molchan (deceased) misrepresented that plaintiff could purchase a $10,000 Whole Life policy by paying out-of-pocket premiums for only fourteen years. Additionally, plaintiff asserts that an illustration was used indicating that, in year 2011, the 1991 Policy would have a cash value of $7,746.00 and a death benefit of $12,112.00. On June 27, 1991, MetLife issued Policy No. 915 409 338 M ("1991 Policy") to plaintiff as owner and insured. Initially, the 1991 Policy was sold with a monthly premium of $59.40 based on plaintiff's classification as a non-smoker. However, a medical exam revealed nicotine in plaintiff's urine and he was reclassified as a smoker. Thus, the 1991 Policy was issued with a higher monthly premium of $73.20.

Plaintiff admits that he contacted MetLife in 1994 because he was interested in exercising his conversion rights under an employer-provided group life insurance plan. On August 2, 1994, MetLife issued $4,500 Whole Life Policy No. 945 600 948 M ("1994 Policy") to plaintiff as owner and insured. The 1994 Policy was converted partially from plaintiff's group term Policy No. G-16200G after he retired from U.S. Steel. The monthly premium for the 1994 Policy of $34.23 was payable for thirty-two years. In the Complaint, plaintiff alleges that former MetLife sales representative Kenneth Kaczmarek misrepresented that plaintiff would have to pay monthly premiums on the 1994 Policy for only ten years, with no subsequent payments thereafter. However, plaintiff signed a Receipt stating that he had received a "Life Insurance Buyer's Guide" from MetLife and a State of Pennsylvania Disclosure Statement indicating that he understood he had purchased a $4,500 whole life policy with annual premiums of $410.76 payable for thirty years.

Plaintiff's proposed exhibits 32, 47 and 104 focus on the completely irrelevant issues of replacement, Paid-Up Additions Riders, and the sale of Universal Life insurance policies. Plaintiff's Exhibit 32 is a memo by former MetLife employee Rebecca Greene which focuses on the effect of Paid-Up Additions Riders on a potential policy's Accelerated Payment status. See Ex. A. Plaintiff's Exhibit 47 is a MetLife internal memoranda that focus on Universal Life insurance policies. See Ex. B. Finally, plaintiff's Exhibit 104 is a MetLife internal memoranda that focuses on the sales both of Paid-Up Additions Riders and Universal Life insurance policies, as well as the potential replacement of Universal Life policies. See Ex. C. None of these issues has any commonality with any of plaintiff's claims.

## ARGUMENT

### I. EXHIBITS 32, 47 AND 104 ARE IRRELEVANT TO THE LITIGATION, UNFAIRLY PREJUDICIAL TO DEFENDANTS, AND INADMISSIBLE.

Plaintiff's proposed Exhibits 32, 47 and 104 should be excluded pursuant to Federal Rules of Evidence 401 and 402 because they are completely irrelevant. Exhibit 32 focuses on the effect of Paid-Up Additions Riders on the Accelerated Payment Arrangement, and Exhibits 47 and 104 focus on issues regarding the sale and potential replacement of Universal Life insurance policies. Plaintiff did not purchase either a MetLife Universal Life insurance policy or a Paid-Up Additions Rider to her Whole Life policies, nor did she replace a Universal Life policy, or any MetLife policy. As such, any evidence regarding these issues is wholly irrelevant to this case.

Plaintiff's proposed exhibits 32, 47, 104 are wholly irrelevant to this case and therefore inadmissible under Federal Rules of Evidence 401 and 402. None of this evidence has any bearing whatsoever on the sole issue in this case: what the MetLife sales representatives said – or did not say – to plaintiff at the purchase of the Whole Life policies at issue. These exhibits

possesses absolutely no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and, thus, is inadmissible. See Fed. R. Evid. 401; see, e.g., Michetti v. Linde Baker Material Handling Corp., 969 F.Supp. 286, 287-88 (E.D.Pa. 1997).

### III. ANY PROBATIVE VALUE THAT EXHIBITS 32, 47, AND 104 MAY HAVE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, OR MISLEADING THE JURY.

If this Court determines that plaintiff's proposed exhibits 32, 47, and 104 have any relevance whatsoever -- which it should not – these exhibits should nevertheless be excluded. Federal Rule of Evidence 403 states that relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Any probative value that these exhibits could possibly possess is negligible when compared to the unduly prejudicial impact it would have upon the jury. See Taylor v. Monette, et al., 564 F.Supp. 1, 2 (E.D.Pa.1982) (excluding from trial evidence of the amounts of plaintiffs' medical expenses holding that "whatever marginal probative value such evidence would have on the issue of pain and suffering is greatly outweighed by its tendency for harm.")

Here, plaintiff's purpose in using exhibits regarding replacement and the sales of Paid-Up Additions Riders and Universal Life insurance policies would be to inflame the jurors and prejudice them against Defendants. The evidence will inappropriately invite the jurors to disregard their duty to decide this case on its facts. See Coursen v. A.H. Robins Co., 764 F.2d 1329, 1335 (9th Cir. 1985) (court should exclude evidence which is offered only to show defendant in a bad light); Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 188 (3d Cir. 1990) ("Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based

on a desire to punish for the <u>other</u> wrongs."), <u>cert. denied</u>, 501 U.S. 1217 (1991) (emphasis added).

     Plaintiffs will likely attempt to use Exhibits 32, 47, and 104 to show unrelated alleged "wrongs" or "bad acts" of MetLife to intimate that MetLife behaved in a similar manner in this case. Plaintiffs will likely attempt to argue that MetLife was involved in some "scheme" regarding the replacement of insurance policies, and/or the sales of Paid-Up Additions Riders and Universal Life insurance policies – none of which has anything to do with plaintiff's allegations. This evidence is inadmissible under Federal Rule of Evidence 404(b). Under that Rule "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," except under limited circumstances not applicable here. <u>See</u> Fed. R. Evid. 404(b) (evidence of other wrongs may be admissible to show existence of a "plan"). In order for "bad acts" evidence to be admissible to establish a common plan, plaintiffs must show that the acts "are part of a single series of events.'" <u>J & R Ice Cream Corp. v. California Smoothie Licensing Corp.</u>, 31 F.3d 1259 (3d Cir. 1994) (quoting <u>Government of the Virgin Islands v. Pinney</u>, 967 F.2d 912, 916 (3d Cir. 1992). Evidence concerning other bad acts that are not connected to the transaction at issue is inadmissible. <u>See id</u>.

     Here, as stated, plaintiff's proposed exhibits 32, 47, 104 have absolutely nothing to do with any of plaintiff's claims, or even the products he purchased. Even if plaintiff could establish that MetLife was engaged in some "bad act" regarding the replacement of Universal Life insurance policies or the sales of Paid-Up Additions Riders and Universal Life insurance policies -- and he cannot -- this would have absolutely no bearing on the 1991 and 1994 sales of the Whole Life insurance policies at issue in this case.

-7-

## **CONCLUSION**

For the foregoing reasons, MetLife respectfully requests that this Honorable Court enter an Order barring the introduction or use of Plaintiff's Proposed Exhibits 32, 47, and 104.

    Respectfully Submitted,

    s/ B. John Pendleton, Jr._____
    B. John Pendleton, Jr.
    McCARTER & ENGLISH, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, NJ 07102
    (973) 622-4444

    Attorneys for Defendant
    Metropolitan Life Insurance Company
    and Kenneth F. Kaczmarek

Dated: October 3, 2006

-8-

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 3rd day of October, 2006 on the following counsel of record:

                Kenneth R. Behrend, Esq.
                Behrend and Ernsberger, P.C.
                Union National Bank Building
                306 Fourth Avenue, Suite 300
                Pittsburgh, PA  15222

                __s/ B. John Pendleton, Jr. _____

ME1\5879803.1