IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>Defendants. | CIVIL ACTION NO. 00-2248<br><br>CHIEF JUDGE DONETTA W. AMBROSE |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S JURY DEMAND FOR THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIMS AND FOR PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM RELATING TO HIS 1994 POLICY**

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek (collectively, "defendants") hereby submit the following Motion in Limine to Strike Plaintiff's Jury Demand For the Unfair Trade Practices and Consumer Protection Law Claims and for Plaintiff's Breach Of Fiduciary Duty Claim Related to His 1994 Policy:

1. Defendants move this Honorable Court for an Order striking plaintiff's jury demand. Plaintiff is not entitled to a jury trial with respect to his claim under 73 Pa.C.S.A. § 01-1 *et seq*, the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and/or his ERISA claim.

2. The Pennsylvania Supreme Court applies a two-prong test to determine whether a plaintiff is entitled to a jury trial for a statutory claim: (i) whether the relevant statute expressly provides for a jury demand; and (ii) if not, whether there is a right to a jury trial under Article I, Section 6 of the Pennsylvania Constitution.

3. Each Pennsylvania court that has considered the issue of whether there is a right to a jury trial under the UTPCPL has held, after applying this analysis, that there is no right – either statutory or constitutional – to a jury trial for a UTPCPL claim. See Pover (MetLife Sales Practices Litig.), 2003 WL 22319459 (C.C.P. Allegh. Cty. Aug. 4, 2003) (Wettick, J.), Ex. A; Oppenheimer v. York Int'l, 2002 WL 31409949, No. 4348 (Pa. Ct. Com. Pl. Phil. Cty. Oct. 25, 2002), Ex. B; Commonwealth of Pennsylvania v. BASF Corp., 2001 WL 1807788, No. 3127 (Pa. Ct. Com. Pl. Phil. Cty. March 15, 2001), Ex. C; Greiner v. Erie Ins. Exchange, 2000 WL 33711041, No. 3053 (Pa. Ct. Com. Pl. Phil. Cty. Nov. 13, 2000), Ex. D.

4. This Court already concluded that plaintiff's claims with respect to the 1994 Policy are preempted by ERISA. See Ex. E. Accordingly, plaintiff's ERISA claim is not triable by a jury. See, e.g., Turner v. CF&I Steel Corp., 770 F.2d 43 (3d Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Sheet Metal Workers v. Keystone Heating & Air Conditioning, 934 F.2d 35 (3d Cir. 1991); Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989) (collecting cases).

5. Plaintiff is not entitled to a jury under the UTPCPL and/or ERISA. Accordingly, plaintiff's jury demand should be stricken as to those claims.

WHEREFORE, defendants respectfully request that this Honorable Court enter the attached Order striking plaintiff's jury demand as to his claims under the UTPCPL and ERISA.

Respectfully Submitted,

Dated: October 3, 2006

__s/ B. John Pendleton, Jr._____
B. John Pendleton, Jr.
PA I.D. No. 41162
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
*Attorneys for Defendants*
*Metropolitan Life Insurance Company*
*and Kenneth F. Kaczmarek*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION IN LIMINE TO STRIKE PLAINTIFF'S JURY DEMAND FOR THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIMS AND FOR PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM RELATING TO HIS 1994 POLICY** was served via electronic filing service this date on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222

>__s/ B. John Pendleton, Jr._____

Dated:  October 3, 2006