IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>                    Plaintiff,<br><br>                    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>                    Defendants. | CIVIL ACTION NO. 00-2248<br><br><br>CHIEF JUDGE DONETTA W. AMBROSE |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S JURY DEMAND FOR THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIMS AND FOR PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM RELATING TO HIS 1994 POLICY**

**PRELIMINARY STATEMENT**

Under Pennsylvania jurisprudence, the right to a jury trial exists only where (1) the relevant statute provides for a jury trial, or (2) the cause of action existed when the Pennsylvania Constitution was adopted in 1790.  The plain words of the UTPCPL do not provide litigants with a right to a jury trial.  To the contrary, the statute delegates the primary decision-making functions to "the court" alone.  Thus, a logical interpretation of the statute reveals that the legislature intended for a tribunal, not a jury, to try UTPCPL claims.  There is nothing in the legislative history to dispel this interpretation of the statute.  Moreover, the UTPCPL was adopted in 1968, almost 200 hundred years after the Pennsylvania Constitution was adopted.  The cause of action codified in the UTPCPL simply did not exist in 1790, and, therefore, the constitution does not mandate a trial by jury for this relatively new statutory action.

Not surprisingly, each and every Pennsylvania court to consider the issue has held that there is no right to a jury trial under the UTPCPL.  There is no sound legal or policy reason to

reverse course here. Pennsylvania law dictates a uniform result: plaintiff's jury demand with respect to his UTPCPL claims must be stricken.

This Court already concluded that plaintiff's claims with respect to the 1994 Policy (which encompassed Counts I, II, III, IV and VII) are preempted by ERISA. See Ex. E. Accordingly, plaintiff's ERISA claim is not triable by a jury. In its March 18, 2003, Order, this Court stated: "Hence, the complaint is being interpreted as raising only one claim concerning the 1994 policy, that being a claim under Section 502(a)(3) of ERISA which offers equitable relief for plan participants whose benefits are affected by misrepresentations." See id. Accordingly, plaintiff does not have a right to a jury trial with respect to his claims for the 1994 Policy.

## ARGUMENT

### I.  PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL FOR CLAIMS BROUGHT UNDER THE UTPCPL.

The Pennsylvania Supreme Court applies a two-prong test to determine whether a plaintiff is entitled to a jury trial for a statutory claim:

(1)  Does the relevant statute expressly provide for a jury demand?; and

(2)  If not, is there a right to a jury trial under Article I, Section 6 of the Pennsylvania Constitution?

Wertz v. Champman Township, 559 Pa. 630, 741 A.2d 1272 (1999).

In Wertz, the Pennsylvania Supreme Court held that plaintiffs do not have a right to a jury trial for claims made pursuant to the Pennsylvania Human Relations Act ("PHRA"). The analysis employed by the Supreme Court in Wertz (as set forth below) should be applied here.

In Wertz, the Supreme Court first noted that the PHRA was "silent" on the issue of whether a jury trial exists for PHRA claims. Id. at 634, 741 A.2d at 1274. Because the legislature had expressly provided for a jury trial in other statutes, the Supreme Court interpreted the silence to mean that the legislature "did not intend to permit for a jury trial under the PHRA." Id. Second, the Supreme Court noted that the statute referred to "the court" but never referred to

"a jury." Id. at 635, 741 A.2d at 1274. This provided "strong evidence" that "it is a tribunal, rather than a jury, that is to make findings and provide relief" under the PHRA. Id. Finally, the Supreme Court noted the absence of any indication in the legislative history that the legislature intended to provide a right to a jury trial under the PHRA. Based upon these three factors, the Supreme Court concluded that there was no right to a jury trial under the PHRA.

After concluding that there was no <u>statutory right</u> to a jury trial, the Supreme Court then examined whether there was a <u>constitutional right</u> under Article I, Section 6 of the Pennsylvania Constitution. That provision states: "Trial by jury shall be as heretofore and the right thereof shall remain inviolate." Jury trials are constitutionally required only in those cases where a jury trial for the claim would have been available when the Pennsylvania Constitution was adopted in 1790. The Supreme Court held that there is no constitutional right to have a jury trial under PHRA because the cause of action simply did not exist in 1790.

Each Pennsylvania court that has considered the issue of whether there is a right to a jury trial under the UTPCPL has held, after applying the <u>Wertz</u> analysis, that there is no right – either statutory or constitutional – to a jury trial for a UTPCPL claim. See <u>Ihnat v. Pover (MetLife Sales Practices Litig.</u>), 2003 WL 22319459 (C.C.P. Allegh. Cty. Aug. 4, 2003) (Wettick, J.), Ex. A; <u>Oppenheimer v. York Int'l</u>, 2002 WL 31409949, No. 4348 (Pa. Ct. Com. Pl. Phil. Cty. Oct. 25, 2002), Ex. B; <u>Commonwealth of Pennsylvania v. BASF Corp.</u>, 2001 WL 1807788, No. 3127 (Pa. Ct. Com. Pl. Phil. Cty. March 15, 2001), Ex. C; <u>Greiner v. Erie Ins. Exchange</u>, 2000 WL 33711041, No. 3053 (Pa. Ct. Com. Pl. Phil. Cty. Nov. 13, 2000), Ex. D. As discussed below, these cases, in addition to <u>Wertz</u>, dictate that plaintiffs' jury demand must be stricken to the extent it applies to their UTPCPL claims.

  **A.**   **There is No Statutory Right to a Jury Trial for a UTPCPL Claim.**

The UTPCPL does not provide, either expressly or implicitly, a right to a jury trial. The statute states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act and regulations promulgated under section 3.1 of this act are hereby declared unlawful.
>
> * * *
>
> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal as a result of the use or employment by any person of a method, act, or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.  **The court** may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.  **The court** may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.
>
> * * *
>
> In any action brought under section 4 of this act, if **the court** finds that a person, firm or corporation is willfully using or has willfully used a method, act or practice declared unlawful by section 3 of this act, the Attorney General or the appropriate District Attorney, acting in the name of the Commonwealth of Pennsylvania, may recover, on behalf of the Commonwealth of Pennsylvania, a civil penalty of not exceeding one thousand dollars ($1,000) per violation . . .

73 P.S. §§ 201-3 and 201-9.2 (emphasis added).

The UTPCPL is silent on whether a party has a right to jury trial.  Therefore, it must be presumed, as in <u>Wertz</u>, that the legislature did not intend to provide a jury trial for UTPCPL claims.  When the legislature wanted to provide for the right to a jury trial, it has done so by express provision.  <u>See</u>, <u>e.g.</u>, 72 P.S. § 5511.41 (judgment on liability of collector of taxes); 58 P.S. § 601.401 (appropriation of interest in real property); 53 P.S. § 7182 (proceedings to enforce municipal claims and tax liens); 53 P.S. § 2906 (appropriation of interest in real property for benefit of the water supply); 35 P.S. § 831.5 (proceedings for condemnation and forfeiture); and 26 P.S. § 1-516 (proceeding to determine damages in an eminent domain action).  The absence

of a jury trial provision in the plain language of the UTPCPL can only be interpreted to mean one thing: there is no right to a jury trial under the statute.

Second, the legislature's repeated use of the term "court" in the UTPCPL – and its noted failure to use the term "jury" – indicates that the legislature intended a court, not a jury, to make findings and provide relief under the statute. Notably, the legislature delegated resolution of private causes of action, injunctive relief, and civil penalties to "the court."[1] The plain meaning of the words selected by the legislature must be given effect. See Pa.C.S.A. § 1921 ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"); Pa.C.S.A. § 1903(a). The dictionary, of course, is a useful tool for ascertaining the plain meaning of words, and Black's Law Dictionary leaves no doubt as to how the term "the court" should be interpreted in the UTPCPL:

> The words "court" and "judge," or "judges," are frequently used in statutes as synonymous. When used with reference to orders made by the court or judges, they are to be so understood.

Black's Law Dictionary (6th Ed. 1990). Therefore, if the plain meaning of the words of the UTPCPL are effectuated, it is clear that the judge, alone, is charged with the resolution of UTPCPL claims.

Finally, there is nothing in the legislative history of the UTPCPL that remotely suggests that the legislature intended to provide a right to a jury trial. Thus, it cannot be argued that the "spirit" of the statute somehow requires a result contrary to its plain meaning. Both the letter and spirit of the UTPCPL demonstrate that plaintiffs are not entitled to a jury trial under the statute. Pennsylvania courts that have interpreted the statute unanimously agree. See Greiner, 2000 WL 33711041, at *7 ("The UTPCPL does not include a right to demand a trial by jury");

---

[1] In Terrick v. PNC Bank, the Allegheny County Court of Common Pleas noted that, in other cases, the use of the word "court," in conjunction with other factors, was construed to mean that a tribunal, and not a jury, was responsible for resolving a claim. 55 Pa. D. & C. 4th 403, 411 (Pa. Ct. Com. Pl. Allegh. Cty. Dec. 6, 2001) (Wettick,

Oppenheimer, 2002 WL 31409949, at *8 ("This court has held that the UTPCPL does not include a right to a jury trial"); BASF, 2001 WL 1807788, at *10 ("this court explicitly held that the UTP/CPL does not include a right to demand a jury trial").

### B.   There Is No Constitutional Right to a Jury Trial for UTPCPL Claims.

Given that there is no statutory basis for a jury trial under the UTPCPL, "the next inquiry for a reviewing court is whether there existed the particular cause of action at the time of the adoption of the constitution, and if so, whether there existed a concomitant right to jury trial." See Greiner, 2000 WL 33711041, at *7. There was no UTPCPL-based cause of action that existed at the time the Pennsylvania Constitution was adopted in 1790. Id. Therefore, there is no constitutional basis for demanding a jury trial under the statute. Id. The analysis conducted in Greiner on this issue is instructive.

In Greiner, as is the case here, the plaintiff filed a claim under the UTPCPL and demanded a jury trial. The defendants objected to the demand, and the court applied the analysis set forth in Wertz to resolve the issue. First, the court easily determined that the statute, itself, does not provide a right to a jury. Id. The court then considered whether such a right existed under the Pennsylvania Constitution. The plaintiff argued that the statute simply codified "common law fraud" and that common law fraud claims carry a right to a jury trial. The court rejected this argument and noted that the elements of a UTPCPL claim differ in substantial and important ways from a common law fraud claim.[2] The court thus concluded that "because the UTPCPL does not simply codify common law fraud and was not enacted until 1968, there is no

---

J.) (citing Mishoe v. Erie Insurance Co., 762 A.2d 369 (Pa. Super. 2000), aff'd, 573 Pa. 267, 824 A.2d 1153 (2003) and Wertz, 559 Pa. at 634-35, 741 A.2d at 1274 (1999)).

[2]  In distinguishing the UTPCPL from common-law fraud, the Superior Court has noted that the UTPCPL "encompasses an array of practices which might be analogized to passing off, misappropriation, trademark, infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty." See Gabriel v. O'Hara, 368 Pa. Super. 383, 396, 534 A.2d 488, 495 (1987). In addition, claimants need not prove the elements of common-law fraud to recover under certain sections of the UTPCPL. See DiLucido v. Terminix Int'l, Inc., 450 Pa. Super. 393, 400, 676 A.2d 1237, 1240 (1996). Indeed, much of the actionable conduct under the UTPCPL sounds in

UTPCPL-based action that existed at the time the Pennsylvania constitution was adopted." Id. at *8. The demand for jury trial was stricken. Similarly, in Ihnat, Judge Wettick recently ruled that section 9.2 of the UTPCPL "supplements – rather than replaces – any causes of action founded in the common law or other consumer protection legislation. The remedies of the Consumer Protection law are not exclusive, but are an addition to other causes of action and remedies." Ex. A, Ihnat, August 4, 2003 Opinion and Order of Court at 10 (citations omitted).

Courts that considered this same issue reached the same result. In BASF, the State alleged that defendants "made fraudulent and deceptive representations" to induce consumers to buy and use a specific pharmaceutical product. See BASF, 2001 WL 1807788, at *9 - *10. The State filed a claim under the UTPCPL and demanded a jury trial. The Court of Common Pleas, Philadelphia County, held that there was no right to a jury trial under the UTPCPL or the state constitution and struck the jury demand. Id. at *10. Likewise, in Oppenheimer, the plaintiffs demanded a jury trial for their UTPCPL claim in which they alleged that the defendants sold them defective appliances. See Oppenheimer, 2002 WL 31409949, at *8. The Court of Common Pleas followed Greiner, held that there was no right to a jury trial for that claim, and struck the jury demand. The same result must follow here.[3]

---

contract, not tort. Id. Thus, courts consistently recognize that the UTPCPL did not, and was not intended to, codify common-law fraud. See, e.g., Greiner, 2000 WL 33711041, at *7.

[3] Pennsylvania courts have applied the Wertz analysis in similar contexts and reached the same result. For example, in Mishoe v. Erie Insurance Co., the Superior Court of Pennsylvania held that there is no right to a jury trial for a "bad faith claim" under 42 Pa.C.S. § 8371. 762 A.2d 369 (Pa. Super. 2000), appeal granted, 566 Pa. 666, 782 A.2d 547 (2001). Applying Wertz, the Superior Court noted that (1) Section 8371 is silent on whether a party has a right to a jury trial, (2) the use of the word "court" indicates that the legislature did not intend for a jury to resolve bad-faith claims, and (3) there was no legislative history regarding the issue of a jury trial. See Mishoe, 762 A.2d at 372-73. Based upon these factors, the Superior Court reached the "inescapable" conclusion that claimants seeking relief under Section 8371 are not entitled to a jury trial. Id. See also Township of Lower Milford v. Britt, 799 A.2d 965 (Pa. Commw. Ct. 2002) (no right to a jury trial under a zoning law because there was no statutory provision for a jury trial and because "zoning did not exist in 1790"); Gonzalez v. Old Kent Mort. Co., 2000 WL 1230460 (E.D. Pa. Aug. 16, 2000) (jury demand for unfair debt collection claim stricken because claimant failed to "direct [the court] to any action for unfair debt collection practices at common law").

**II.   THERE IS NO RIGHT TO A JURY TRIAL FOR PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM RELATING TO THE 1994 POLICY.**

Plaintiff specifically makes a claim against MetLife for breach of fiduciary duty, a claim squarely encompassed by Section 502(a)(3).  ERISA does not expressly provide for trial by jury for any causes of action it creates.  Under ERISA, a civil action may be brought by a participant, such as Plaintiff, for the following relief:  (1) requests for information;  (2) to recover benefits due to him under the terms of the plan;  (3) to enforce his rights under the terms of the plan;  or (4) to clarify the right to future benefits under the terms of the plan.  See 29 U.S.C. § 1132(a).  Because claims arising under ERISA are entitled only to the equitable relief set forth above, ERISA claims are not subject to a trial by jury.  See, e.g., Turner v. CF&I Steel Corp., 770 F.2d 43 (3d Cir. 1985), cert. denied, 474 U.S. 1058 (1986);  Sheet Metal Workers v. Keystone Heating & Air Conditioning, 934 F.2d 35 (3d Cir. 1991);  Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989) (collecting cases).  Accordingly, plaintiff has no right to a jury trial for his breach of fiduciary duty claim under ERISA.

## CONCLUSION

For the foregoing reasons, defendants Metropolitan Life Insurance Company and Kenneth F. Kaczmarek respectfully request that plaintiff's jury demand with respect to his UTPCPL claims and his claims relating to the 1994 Policy be stricken.

Respectfully Submitted,

Dated: October 3, 2006

　s/ B. John Pendleton, Jr.　
B. John Pendleton, Jr.
PA I.D. No. 41162
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
*Attorneys for Metropolitan Life Insurance Company and Kenneth F. Kaczmarek*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S JURY DEMAND FOR THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIMS AND FOR PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM RELATING TO HIS 1994 POLICY** was served via electronic filing service this date on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222


        s/ B. John Pendleton, Jr.

Dated:  October 3, 2006

ME1\5880496.1