IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK,<br><br>Defendants. | CIVIL ACTION NO. 00-2248<br><br>CHIEF JUDGE DONETTA W. AMBROSE |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING THE RECOVERY OF PURPORTED EXPECTATION DAMAGES**

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek, by and through their attorneys, McCarter & English, LLP, present this Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages.

1. Plaintiff is not entitled to "benefit of the bargain," or "expectation" damages, in this matter. Pennsylvania law is clear that expectation damages are not available in actions grounded in fraud. Rather, plaintiff's damages -- if any -- should be limited to the recovery of his actual, out-of-pocket losses. The expert report of Robert Boyd Carter, CLU, ChFC, which purports to assess plaintiff's alleged damages, contemplates expectation damages.[1]

2. Additionally, under ERISA, claims for money damages are not permissible under Section 502(a)(3)(B) because they are "the classic form of legal relief" and are therefore not within the scope of "appropriate equitable relief" allowed under that section. Mertens v. Hewitt

---

[1] The Opinion prepared by Robert Boyd Carter is attached as Exhibit A to Defendants' Motion. In support of the arguments set forth in detail in MetLife's Brief in Support of its Motion to In Limine to Preclude Evidence regarding the Recovery of Purported Expectation Damages, MetLife encloses Exhibit B, Bryant v. Metropolitan Life Ins Co., G.D. No. 99-19511, Decision and Award; Exhibit C, Bauer v. Metropolitan Life Ins. Co., G.D. No. 95-15814, Decision and Award; Exhibit D, Eck v. Metropolitan Life Ins. Co., G.D. No. 95-17150, Opinion and Order of Court; and Exhibit E, Braeudigam v. Metropolitan Life Ins. Co., G.D. No. 95-16429, Decision and Award.

Associates, 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).  See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 204 (3d Cir. 2004) (citing Mertens, 508 U.S. at 255);  see also DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 458 (3d Cir. 2003).

3. Plaintiff should be precluded from introducing any evidence of expectation damages and from recovering expectation damages for the reasons set forth in detail in MetLife's and Kenneth F. Kaczmarek's Brief in Support of their Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages.

WHEREFORE, based on all of the foregoing reasons as well as those set forth in the accompanying brief, MetLife and Kenneth F. Kaczmarek respectfully request that this Honorable Court determine that any evidence regarding expectation damages is excluded and that plaintiff may not recover expectation damages at the time of trial.

Respectfully Submitted,

s/ B. John Pendleton, Jr._____
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
PA I.D. No. 41162
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendants
Metropolitan Life Insurance Company
and David Elmer

Dated: October 2, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 3rd day of October 2006, on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222


>__s/ B. John Pendleton, Jr._____