**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT G. WYCKOFF, | CIVIL ACTION NO. 00-2248 |
| Plaintiff, | |
| v. | CHIEF JUDGE DONETTA W. AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK, | |
| Defendants. | |

**METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. WYCKOFF'S
BRIEF IN SUPPORT OF MOTION IN LIMINE TO BIFURCATE
<u>PLAINTIFF'S ERISA CLAIM AND CLAIM FOR PUNITIVE DAMAGES</u>**

<u>PRELIMINARY STATEMENT</u>

Plaintiff seeks punitive damages in this action, in part, on the basis of Metropolitan Life

Insurance Company's ("MetLife") allegedly "widespread" conduct, including, but not limited to,

claims of undisclosed replacements and "vanishing premium" claims. However, the evidence

admitted during the liability phase of trial should be limited at most to the transactions at issue

based on the pleadings. Much of the evidence admissible solely for purposes of considering

whether punitive damages would be admissible is highly prejudicial to MetLife on liability and

will never have to be considered if there is no underlying liability.

This Court should bifurcate the liability and compensatory damage portion of the trial

from any claim for punitive damages, and exclude evidence outside the scope of Plaintiff's

transaction from the first phase of the trial. Similarly, this Court should bifurcate the liability

portion of the trial with respect to the 1991 Policy from the liability portion of the trial with

respect to the 1994 Policy. Bifurcation would permit any evidence relating to any alleged

widespread activity on behalf of MetLife, and not specifically related to Plaintiff, to be reserved for the punitive damages portion of trial.  Likewise, bifurcation would permit evidence relating only to the 1991 Policy to be introduced to the jury.

The bifurcation of the punitive damages phase of trial would conserve this Court's time. In the instance that no liability is found, the Court will have avoided spending days reviewing moot evidence.  In the instance that liability is imposed, the presentation of evidence during the punitive damages phase of trial will take no longer than it would have if it had been folded into the liability phase of trial.  Thus, such a division both promotes judicial economy, and protects Defendants from undue prejudice.

## ARGUMENT

**I.     PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE BIFURCATED AND TRIED SEPARATELY FROM THE LIABILITY ISSUES, AND, ACCORDINGLY, EVIDENCE THAT DOES NOT PERTAIN TO PLAINTIFF'S TRANSACTIONS SHOULD BE RESERVED FOR THE PUNITIVE DAMAGES PHASE OF THE TRIAL.**

The trial of liability and compensatory damages should be bifurcated from the trial of punitive damages.  Accordingly, evidence that is outside the scope of Plaintiff's transactions should be excluded from the first phase of the trial.  Bifurcation would promote judicial economy by avoiding the need to litigate punitive damages issues at all, if the jury finds – or the Court concludes on motion for compulsory nonsuit – that Plaintiff did not present evidence to support a claim that Defendants' behavior rose to the level of "outrageousness" required to award punitive damages.

Pennsylvania law clearly permits bifurcation in the circumstances found here.  Federal Rule of Civil Procedure 42(b) provides that a court may order a separate trial of any claim or separate issue.  The relief requested in this motion was recently granted in a similar MetLife

sales practice case tried in Pennsylvania state court.  See Ex. A, Maleski v. Metropolitan Life

Ins. Co., A.D. No. 95-10451, Memo. Op. and Order of Court (C.C.P. Butler Cty. April 6, 2004).

In Maleski, the jury returned a defense verdict.  As a result of the bifurcation ruling, the Court

and the jury were spared the burden of hearing additional, unnecessary days of testimony and

other evidence involving transactions and policyholders wholly unrelated to the case.

Indeed, in similar situations where the issues to be bifurcated were not necessarily

interwoven, Pennsylvania courts have not hesitated to order bifurcation in order to protect a

party's due process right to a fair trial.  See Emerick v. United States Suzuki Motor Corp., 750

F.2d 19, 22 (3d Cir. 1984) (affirming bifurcation of liability and punitive damages) (citing

Hilbert v. Roth, 149 A.2d 648, 652 (Pa. 1959));  see also Hall v. Babcock & Wilcox Co., 69 F.

Supp. 2d 716, 733 (W.D. Pa. 1999) (on granting a motion for a new trial, holding that "there is

no reason to believe that the jury did not place all the evidence of Defendants' wrongful conduct

on the scale when determining whether plaintiffs met their burden of proof on the issues of

liability and compensatory damages").  Additionally, many states expressly provide for

bifurcation of the punitive damages portion of trial.  See, e.g., Miss. Code. Ann. § 11-1-65(1)(b)-

(c) ("In any action where punitive damages are sought . . . the trier of fact shall first determine

whether compensatory damages are to be awarded and in what amount, before addressing any

issues related to punitive damages.  If, but only if, an award of compensatory damages has been

made against a party, the court shall promptly commence an evidentiary hearing to determine

whether punitive damages may be considered by the same trier of fact");  Cal. Civ. Code § 3295

("The court may, for good cause, grant any defendant a protective order requiring the plaintiff to

produce evidence of a prima facie case of liability for damages pursuant to § 3294, prior to the

introduction of evidence of . . . the financial condition of the defendant");  Collins v. City of New

York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) ("Issues of punitive damages should normally be bifurcated from issues of liability, so that proof of wealth is not being admitted at the trial on liability and compensatory damages").

Bifurcation would promote the goals of convenience and judicial economy.  See Kushner v. Hendon Constr., Inc., 81 F.R.D. 93, 99 (D.C. Pa. 1979) ("[i]t is the view of the Court that the decision to bifurcate was a correct one and did in fact result in a shorter trial because as a result of the jury's finding of no liability, no court and jury time was expended in considering the question of damages");  see also Pascale v. Hechinger Co. of Pa., 627 A.2d 750, 756 (Pa. Super. 1993) ("bifurcation is strongly encouraged where separation of issues facilitates the orderly presentation of evidence and judicial economy");  Sacco v. City of Scranton, 540 A.2d 1370, 1373 (Pa. Cmwlth. 1988) (considerations of judicial economy "provide ample justification for the trial court's decision to bifurcate the issues of liability and damages").  If no liability is imposed, the Court will avoid days of testimony relating only to the issue of punitive damages. Alternatively, if liability is imposed, the Court will not be burdened by any additional time, as the punitive damages phase of trial will merely be the product of a delay in the presentation of evidence, as opposed to the presentation of additional evidence.

As in Maleski, Plaintiff's proposed evidence regarding unrelated transactions involving other policyholders and MetLife's alleged conduct toward such policyholders has absolutely no bearing on the primary issue in this case:  whether Defendants are liable to Plaintiff for damages resulting from alleged misrepresentations with respect to the sales at issue.  Any evidence of improper sales practices beyond the transaction does not pertain in any way to the resolution of whether Defendants are liable to Plaintiff.  Such evidence is relevant, if at all, solely to Plaintiff's claim for punitive damages.

Where, as here, the evidence beyond the scope of the transactions relates only to punitive damages, rather than to liability and compensatory damages, the appropriate course is to bifurcate the liability issues from the trial of punitive damages issues.

The Court should not allow Plaintiff to prejudice the jury's determination of liability and compensatory damages through introduction of evidence beyond the scope of Plaintiff's transaction. At trial, Defendants will attempt to demonstrate that they are not liable because, among other reasons, Plaintiff was fully aware of the terms of the transactions at issue and because Plaintiff has suffered no damages. Introduction of evidence that is entirely unrelated to Plaintiff at the liability and/or compensatory damage stage will serve no purpose other than to distract and inflame the jury, and thus taint its determination. The central issue of the Defendants' liability to Plaintiff for compensatory damages, if any, should not be determined or tainted by evidence beyond the scope of the transaction.

In a bifurcated trial, if either the Court, on a motion for compulsory nonsuit, or the jury accepts Defendants' defense, the Court and the jury would be spared the burden of hearing what is expected to be days of evidence involving transactions and policyholders wholly unrelated to this case. Saving this unnecessary evidence for a later stage of the proceedings could, thus, save substantial time and advance the goals of judicial economy.

## II. PLAINTIFF'S ERISA CLAIM RELATING TO HIS 1994 POLICY SHOULD BE TRIED SEPARATELY FROM HIS STATE-LAW CLAIMS RELATING TO HIS 1991 POLICY.

The jury should be prohibited from hearing any evidence relating to Plaintiff's 1994 Policy.[1] See also Sheet Metal Workers v. Keystone Heating & Air Conditioning, 934 F.2d 35 (3d Cir. 1991); Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989) (collecting cases). Because Plaintiff has no right to a jury trial with respect to his breach of fiduciary duty claim under

ERISA, Plaintiff should not be able to taint the minds of the jurors by arguing its case based on evidence unrelated to the 1991 Policy. The jury does not need to consider evidence unrelated to the 1991 Policy as such evidence would only confuse its task and unfairly prejudice the juror's minds against Defendants.

Under ERISA, a civil action may be brought by a participant, such as Plaintiff, for the following relief: (1) requests for information; (2) to recover benefits due to him under the terms of the plan; (3) to enforce his rights under the terms of the plan; or (4) to clarify the right to future benefits under the terms of the plan. See 29 U.S.C. § 1132(a). Because claims arising under ERISA are entitled only to the equitable relief set forth above, ERISA claims are not subject to a trial by jury. See, e.g., Turner v. CF&I Steel Corp., 770 F.2d 43 (3d Cir. 1985), cert. denied, 474 U.S. 1058 (1986). Accordingly, Plaintiff should not, and need not, be exposed to evidence relating to the 1991 Policy.

Furthermore, it is well-established that Section 502(a) of ERISA does not authorize punitive damages. See Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (citing Kleinhans v. Lisle Savings Profit Sharing Trust, 810 F.2d 618, 621 (7th Cir. 1987); Sokol v. Bernstein, 803 F.2d 532, 538 (9th Cir. 1986); Dedeaux v. Pilot Life Ins. Co., 770 F.2d 1311, 1313 n. 3 (5th Cir.1985), rev'd on other grounds, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216 (8th Cir.), cert. denied, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981)). Because Plaintiff cannot recover punitive damages for his claim relating to the 1994 Policy, permitting such evidence to be introduced during the liability phase of the trial for the 1993 Policy would unfairly taint the decision of the fact-finder. There is no need for the fact-finder to hear evidence other than that directly related to the 1994

---

[1] Defendants incorporate by reference their Motion to Strike Plaintiff's Jury Demand.

Policy.  Accordingly, Plaintiff should be prohibited from introducing evidence regarding the

1994 Policy during the liability portion of the trial relating to the 1991 Policy.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court bifurcate the

liability and compensatory damage portion of the trial from any claim for punitive damages,

exclude evidence outside the scope of Plaintiff's transactions from the first phase of the trial, and

prohibit Plaintiff from introducing evidence regarding the 1994 Policy during the liability portion

of the trial relating to the 1991 Policy.

Respectfully Submitted,

s/ B. John Pendleton, Jr._____
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

*Attorneys for Defendants*
*Metropolitan Life Insurance Company*
*and Kenneth F. Kaczmarek*

Dated:  October 3, 2006

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via electronic filing service, on this 3rd day of October, 2006, on the following counsel of record:

> Kenneth R. Behrend, Esq.
> Behrend and Ernsberger, P.C.
> Union National Bank Building
> 306 Fourth Avenue, Suite 300
> Pittsburgh, PA  15222

__s/ B. John Pendleton, Jr. _____