IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, <br><br>     Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK, <br><br>     Defendants | CIVIL ACTION NO. 00-2248 <br><br><br> CHIEF JUDGE AMBROSE |

**METROPOLITAN LIFE INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE SEPTEMBER 17, 2003 DEPOSITION OF <u>ROBERT G. WYCKOFF</u>**

**<u>PRELIMINARY STATEMENT</u>**

Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek bring this Motion in Limine to Exclude The September 17, 2003 Deposition of Robert G. Wyckoff from trial. Plaintiff's list of trial exhibits includes exhibit 13, the transcript of Mr. Wyckoff's September 17, 2003 deposition, and exhibit 4, audiotaped portions of the September 17, 2003 deposition.

Because plaintiff did not submit designations from his September 13, 2003 deposition, this deposition should be excluded as substantive evidence pursuant to this Court's September 14, 2006 Order. Further, plaintiff's deposition consists of hearsay, and should only be admitted for the limited purposes of impeaching him on the stand and/ or refreshing his recollection. Finally, to the extent plaintiff intends to admit any portions of the colloquy between plaintiff's and defendants' counsel during the deposition, this interchange regards issues solely regarding the conducting of the deposition itself, and is wholly irrelevant as to the facts of this case.

## ARGUMENT

I. **PLAINTIFF DID NOT SUBMIT DESIGNATIONS FROM HIS SEPTEMBER 23, 2003 DEPOSITION AND, THUS, IT SHOULD BE EXCLUDED FROM EVIDENCE.**

On September 14, 2006, this Court issued an Order requiring the parties to submit any deposition designations to the Court by September 27, 2006. Plaintiff failed to submit any designations from his September 13, 2003 deposition. However, as stated, plaintiff has included as Exhibit 13 a copy of his September 13, 2003 deposition, and as Exhibit 4 a copy of audiotaped portions of his September 13, 2003 deposition. Because plaintiff failed to comply with this Court's September 14, 2006 Order, he should be precluded from introducing any portion of his deposition testimony into evidence at trial.

II. **THIS COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING HIS DEPOSITION TESTIMONY INTO EVIDENCE BECAUSE IT CONSTITUTES INADMISSIBLE HEARSAY.**

Plaintiff's deposition should further be excluded because it consists entirely of inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801; United States v. McGlory, 968 F.2d 309, 331 (3d Cir. 1992). Hearsay is not admissible except as provided by the Federal Rule of Evidence 802. Here, plaintiff's deposition is clearly an out of court statement. Accordingly, to the extent plaintiff wishes to introduce his deposition for the purposes of asserting the truth of the matter contained therein, plaintiff must satisfy his burden of showing that it fits within an exception to the hearsay rule. See Federal Rule of Evidence 803 and 804. Plaintiff simply cannot meet that burden here.

Plaintiff may attempt to assert that his deposition testimony falls under the "former testimony" exception set forth in Rule 804(b)(1). However, before relying on any of the exceptions contained in Rule 804, the proponent of the statement must show that the declarant is

unavailable. Rule 804(a). Here, plaintiff cannot suggest that he is "unavailable" for purposes of Rule 804 as he is listed as a liability witness in Plaintiff's Pretrial Statement. As plaintiff's deposition consists of inadmissible hearsay not covered by any exception, this testimony should be excluded as substantive evidence.[1]

### III. ANY DISCUSSIONS BETWEEN THE PLAINTIFF'S COUNSEL AND DEFENDANTS' COUNSEL DURING HIS DEPOSITION ARE NOT EVIDENCE AND SHOULD BE EXCLUDED FROM TRIAL.

Even if this Court rules that plaintiff may introduce portions of his deposition -- and, for the reasons set forth above, it should not -- any portion of the deposition so admitted must concern relevant evidence regarding the issues raised in plaintiff's Complaint. Plaintiff may seek to introduce discussions that occurred between plaintiff's attorney and defendants' attorney during the course of his deposition. See, e.g., Ex. A, September 13, 2003 Deposition of Robert G. Wyckoff at 62:17-25; 93:15 to 96:8; 110:23 to 112:17; 117:7-118:9; 142:18-151:25; 158:7 to 162:8. These discussions concerned objections made during the course of the deposition and other matters solely related to the conduct of the deposition, not any facts or issues relevant to plaintiff's claims. These statements by and between counsel are not evidence, regard wholly procedural issues, and should not be considered by the jury. See Miller v. Granaway, Ltd., 1998 WL 32723 at *3 (E.D. Pa. 1998). These discussions have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and, thus, are inadmissible. See Fed. R. Evid. 401; see, e.g., Michetti v. Linde Baker Material Handling Corp., 969 F.Supp. 286, 287-88 (E.D.Pa. 1997).

---

[1] It should be noted that plaintiff's deposition may still be used for purposes other than asserting the truth of the matters contained therein, such as impeachment and refreshing his recollection.

Even if these conversations were somehow relevant -- and they are not -- they must nevertheless be excluded because of the strong possibility of prejudice. Federal Rule of Evidence 403 states that relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Any probative value that the interchanges between counsel could possibly possess is negligible when compared to the unduly prejudicial impact it would have upon the jury. See Taylor v. Monette, et al., 564 F.Supp. 1, 2 (E.D.Pa.1982) (excluding from trial evidence of the amounts of plaintiffs' medical expenses holding that "whatever marginal probative value such evidence would have on the issue of pain and suffering is greatly outweighed by its tendency for harm.") Here, the introduction of objections or other discussions between counsel can only have the effect of inviting the jury to disregard the facts of this case. See Coursen v. A.H. Robins Co., 764 F.2d 1329, 1335 (9th Cir. 1985) (court should exclude evidence which is offered only to show defendant in a bad light). Thus, in the event this Court permits plaintiff to introduce portions of his deposition into evidence -- and it should not -- any colloquy between counsel must be excluded.

## **CONCLUSION**

For the foregoing reasons, MetLife respectfully requests that this Honorable Court enter an Order barring the introduction of Plaintiff's Exhibits 4 and 13 at trial.

          Respectfully Submitted,

          s/ B. John Pendleton, Jr._____
          B. John Pendleton, Jr.
          McCARTER & ENGLISH, LLP
          Four Gateway Center
          100 Mulberry Street
          Newark, NJ 07102
          (973) 622-4444

          Attorneys for Defendants
          Metropolitan Life Insurance Company
          and Kenneth F. Kaczmarek

Dated: October 3, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 3rd day of October, 2006 on the following counsel of record:

> Kenneth R. Behrend, Esq.
> Behrend and Ernsberger, P.C.
> Union National Bank Building
> 306 Fourth Avenue, Suite 300
> Pittsburgh, PA  15222

    __s/ B. John Pendleton, Jr. _____