IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK,<br><br>Defendants. | : CIVIL ACTION NO. 00-2248<br>:<br>:<br>:<br>:<br>: CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK'S MOTION IN LIMINE TO STRIKE DEMAND FOR ATTORNEYS' FEES UNDER PLAINTIFF'S UNFAIR TRADE PRACTICES AND <u>CONSUMER PROTECTION LAW CLAIM</u>**

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek, by and through their attorneys, McCarter & English, LLP, hereby submit the following Motion in Limine to Strike the Demand for Attorneys' Fees under Plaintiff's Unfair Trade Practices and Consumer Protection Law Claim:

1.  Plaintiff is not entitled to attorneys' fees with respect to claims under 73 Pa.C.S.A. § 201-1 *et seq*, the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") with respect to the sale of his 1991 policy.[1]

2.  Under Pennsylvania jurisprudence, attorneys' fees may be awarded for a statutory claim only where the statute explicitly provides for attorneys' fees. The plain words of the UTPCPL in effect prior to its 1996 amendment do not provide litigants with the right to attorneys' fees. The relevant transaction at issue here occurred in 1991. Accordingly, as Plaintiff has sought attorneys' fees in conjunction with the UTPCPL claims, which arose prior to

---

[1] This Court ruled that Plaintiff's claims with respect to the 1994 Policy are preempted by ERISA. See March 18, 2003 Order of Court. Accordingly, plaintiff cannot recover under the UTPCPL with respect to his 1994 policy at all.

1

its 1996 amendment, Pennsylvania law dictates that the request for attorneys' fees must be stricken.

3. In fact, when the UTPCPL was amended in 1976 to allow a private cause of action, the original bill included a section allowing attorneys' fees in addition to other "necessary or proper" relief.  However, the attorneys' fee provision was struck in the next version of the bill and never appeared again.  It was not until the 1996 Amendment that fees were included as an additional remedy.

4. Attorneys' fees were not added as a provision of 73 P.S. § 201-9.2(a) until a December 4, 1996 amendment (the "1996 Amendment") to the UTPCPL, rendered effective sixty days later, or February 2, 1997.  Because the statute did not specifically provide for attorneys' fees prior to the 1996 Amendment, Plaintiff cannot recover attorneys' fees for the UTPCPL claims, as they arose prior to February 2, 1997.

5. Pennsylvania's highest court has made clear that attorneys' fees cannot be awarded under a statutory claim when the statute does not have an _explicit_ provision for attorneys' fees.  The UTPCPL, as it existed prior to the 1996 Amendment, included no provision for attorneys' fees.

6. The 1996 Amendment providing for attorneys' fees under the UTPCPL indicates an intent to provide for relief that did not previously exist.

7. Plaintiff is not entitled to an award of attorneys' fees for the UTPCPL claims, as those claims arose prior to the effective date of the 1996 Amendment to the UTPCPL.

WHEREFORE, Defendants Metropolitan Life Insurance Company and Kenneth F. Kaczmarek respectfully request that Plaintiff's request for attorneys' fees be stricken.

Respectfully Submitted,

s/ B. John Pendleton, Jr._____
B. John Pendleton, Jr.

                                            McCARTER & ENGLISH, LLP
                                            Four Gateway Center
                                            100 Mulberry Street
                                            Newark, NJ 07102
                                            (973) 622-4444

                                            Attorneys for Defendants
                                            Metropolitan Life Insurance Company and
                                            Kenneth F. Kaczmarek

Dated:  October 3, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via electronic case filing system, on this 3rd day of October 2006 on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222

                                                                        __s/ B. John Pendleton, Jr. _____

4