# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | : CIVIL ACTION NO. 00-2248 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK, | : |
| Defendants. | : |

**METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF METLIFE'S FINANCIAL CONDITION, NET WORTH AND WEALTH**

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek, by and through their attorneys, McCarter & English, LLP, presents this Brief in Support of their Motion in Limine to Exclude Evidence of MetLife's Financial Condition, Net Worth and Wealth. Any and all evidence, including but not limited to, testimony, documents, reports or exhibits representing MetLife's financial condition, net worth and wealth, including Plaintiff's Proposed Exhibits 116 and 117, should be excluded because such evidence is irrelevant and unduly prejudicial. Accordingly, this Court should preclude such evidence.

Plaintiff has identified two letters to his counsel from defendants' counsel in other cases brought against MetLife as exhibits. These letters relate, at least in part, to MetLife's financial condition, net worth and wealth. See Plaintiff's Exhibit 116 (attached to the Motion as Exhibit A) and Exhibit 117 (attached to the Motion as Exhibit B). Evidence of MetLife's wealth serve no other purpose than to highlight for the jury that MetLife is a large company with a high net

worth. This evidence is irrelevant to the claims that Plaintiff alleges in the complaint and would only serve to prejudice MetLife if admitted.

Any proffered evidence relating to MetLife's financial condition, net worth and wealth will not establish the facts necessary to prove Plaintiff's allegations relating to any of the claims alleged in his Complaint. Pennsylvania courts have held the same. See Ex. C, Hazen v. Metropolitan Life Insurance Company, Civil Division No. 95-13087, Order and Opinion, (C.C.P Delaware Cty, October 13, 2004) ("[p]laintiffs are excluded from submitting evidence of MetLife's 'net worth' or 'wealth.'").

## ARGUMENT

### Evidence of MetLife's Financial Condition, Net Worth and Wealth is Irrelevant and Unduly Prejudicial to Defendants.

Federal Rules of Evidence 401 states: "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence which is not relevant is not admissible." FRE 402.

Evidence of MetLife's financial condition, net worth, and wealth will have no "tendency to make the existence of any fact [in this action] . . . more probable or less probable than it would be without" and, thus, it should be inadmissible. FRE 401. Furthermore, evidence is irrelevant when it has no tendency to prove the facts asserted. Failla v. City of Passaic, 146 F.3d 149, 159 (3rd Cir. 1998). Evidence of MetLife's financial condition, net worth and wealth will not tend to prove any fact related to Plaintiff's allegations.

Even if the court finds that evidence of MetLife's financial condition, net worth and wealth is relevant -- which it is not -- it should still exclude the evidence because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. District courts have excluded evidence that will mislead or confuse the finder of fact and that has little bearing on the real issues of the case. See U.S. v. Castell, 584 F.2d 87, 89 (5th Cir. 1978); U.S. v. Kepreos, 759 F.2d 961, 694 (1st Cir. 1985) (finding that the district court properly excluded evidence that was misleading and of questionable utility). Here, evidence of MetLife's financial wealth will have no bearing on whether it committed fraud or negligence and is also likely to confuse or mislead the finders of fact.

Plaintiff may attempt to introduce evidence of MetLife's wealth in order to support a punitive damages award. However, well-established law clearly dictates that the wealth of a corporate defendant does not support a punitive damages award and should be precluded. In State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, (2003), the United States Supreme Court precluded the introduction of evidence regarding the corporate defendant's net worth as irrelevant and highly prejudicial. Notably, the Supreme Court never has included the wealth of the corporate defendant as a guidepost for reviewing punitive damage awards. See BMW of North America, Inc. v. Gore, 517 U.S. 559, 575 (1996) (indicating the three guideposts as: (i) the degree of reprehensibility of defendants' misconduct; (ii) the proportion between the harm suffered and the punitive damage award; and (iii) the comparison between the punitive damages awarded and civil penalties authorized or imposed in comparable cases). Introduction of evidence of a defendant's net worth is entirely inconsistent with these guideposts, as the defendant's financial condition is irrelevant and "bear[s] no relation to the award's reasonableness or proportionality to the harm." State Farm, 538 U.S. at 427. Instead, punitive damage awards "must comport with the principles set forth in Gore," and the

"wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." Id.

"[S]anctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not for who he is, even he who is a huge corporation." Mathias v. Accor Economy Lodging, Inc., 347 F.3d 672, 676, 677 (7th Cir. 2003) (citing State Farm, 538 U.S. at 427). Punishing a defendant on the basis of its wealth is discriminatory and violates this underlying principle of law. Id.

Additionally, admission of MetLife's net worth would be unduly prejudicial and contrary to the Supreme Court's repeated admonition that "[p]unitive damages pose an acute danger of arbitrary deprivation of property . . . the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences." State Farm, 538 U.S. at 417 (citing Honda Motor Co. v. Oberg, 512 U.S. 415, 432 (1994)).

Moreover, evidence regarding a company's wealth should be excluded under FRE 403 because it is arbitrary and confusing to a jury:

> Corporations . . . are not wealthy in the sense that persons are. Corporations are abstractions; investors own the net worth of the business. These investors pay any punitive awards (the value of their shares decreases), and they may be of average wealth. Pension trusts and mutual funds, aggregating the investments of millions of average persons, own the bulk of many large corporations. <u>Seeing the corporation as wealthy is an illusion, which like other mirages frequently leads people astray.</u>

Zazu Designs v. L'Oreal, S.A., 979 F.2d 499, 508 (7th Cir. 1992) (emphasis added).

Plaintiff should be precluded from introducing evidence related to MetLife's financial condition, net worth or wealth and should be limited to presenting evidence that has a tendency to prove or disprove the allegations rendered in their Complaint. Plaintiff alleges that MetLife

sales representatives misrepresented certain aspects of a whole life insurance policy purchased in 1991 and a whole life insurance policy purchased in 1994.  Evidence concerning MetLife's finances will not have a propensity to show that the sales representatives made any such misrepresentations.  Rather, the evidence would only go to show MetLife's current and past financial condition, net worth, and wealth.  Such evidence has no bearing whatsoever on the truthfulness of Plaintiff's claims.  If such evidence was admitted, MetLife and Kenneth Kaczmarek would then be punished for MetLife's financial worth, and not on the basis of facts that would support Plaintiff's allegations.

WHEREFORE, defendants respectfully request that this Court grant their motion in limine to exclude evidence of MetLife's financial condition, net worth and wealth, specifically Plaintiff's Exhibits 116 and 117.

Respectfully Submitted,

By:   _s/ B. John Pendleton, Jr._____

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Dated:  October 3, 2006

Attorneys for Defendant
Metropolitan Life Insurance Company and
Kenneth F. Kaczmarek

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service on this 3d day of October 2006 on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222

>__s/ B. John Pendleton, Jr. _____