IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF ) | Civil Action No. 00-2248 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Chief Judge Donetta W. Ambrose |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and KENNETH F. KACZMAREK, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF METLIFE'S FINANCIAL CONDITION, NET WORTH AND WEALTH**

Kenneth R. Behrend
Pa. I.D. No. 37961
Behrend & Ernsberger, P.C.
Firm ID No. 018
Union National Bank Building
306 Fourth Avenue, Suite 300
Pittsburgh, PA 15222
(412) 391-2515

## PRELIMINARY STATEMENT

This Court has previously considered the exact legal arguments presented in Defendant's Motion in Mohney v. MetLife, Civil Division No. 96-186 and Tran v. MetLife, Civil Division No. 01-286 and Solarchick v. MetLife, Civ Act. No. 01-444. In each of these cases, this Court properly determined that the legal arguments set forth in Defendants' Motion were without merit and denied the identical Motion in Limine. Plaintiff contends that as the same law is applicable in the instant case, Defendant's Motion should be denied for those reasons considered by this Court in previous cases.

Plaintiff intends to introduce evidence concerning MetLife's financial condition, net worth and wealth. This evidence is relevant to claims that Defendants committed common law fraud and violations of the Pennsylvania UTPCPL. allegations made by Plaintiff. It makes more probable than not that a pattern of business practices demonstrates that vast sums earned served as motive and is evidence of intent. Moreover, this evidence of financial condition, net worth and wealth is a relevant factor for the jury to consider in awarding punitive damages.

Moreover, the recent United States Supreme Court decision in State Farm Automobile Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513 (2003) did not preclude punitive damages as asserted by MetLife but only announced guideposts to help determine whether imposition of punitive damages violated the Due Process Clause of the United States Constitution. Contrary to MetLife's assertions the guide post do not exclude punitive damages but only offer a standard to determine whether punitive damages violate the Due Process Clause after they have been assessed. Recent decisions of the United States Supreme Court. District Courts and Pennsylvania State Courts support this conclusion. Accordingly, Plaintiff should be entitled to introduce this evidence.

# ARGUMENT

**I.  Evidence of MetLife's Financial Condition, Net Worth and Wealth are relevant and not unduly prejudicial.**

MetLife argues evidence of its financial condition, net worth and wealth is not relevant to allegations by Plaintiff. It contends this evidence does not make any fact alleged more likely than not so that the evidence should be excluded under F.R.E. 402. "Evidence which is not relevant is not admissible." This argument is wrong. To the contrary, recent federal and state decisions filed after State Farm v .Campbell and interpreting State Farm have found such evidence of net worth relevant and admissible as a factor to be considered in the award of punitive damages. In TVT Records & TVT Music, Inc. v. Islan, 02 Civ 6644 (S.D.N.Y. 2003), the defendants argued the net worth was prejudical and should not be admitted based upon the holding in State Farm. The United States District Court for the Southern District of New York interpreting State Farm v. Campbell, rejected defendant's argument and held that wealth and net worth evidence were permitted as one of the factors to be considered for the award of punishment damages and opined

> IDJ and Cohen argue that evidence of Defendant's net worth is prejudicial and not relevant to the three factors discussed in State Farm that guide a court's review of a punitive damages award and that therefore, such evidence should be precluded from a jury's consideration. The Supreme Court's decision in State Farm cannot be reasonably understood to preclude evidence of a defendant's net worth. Indeed, the Supreme Court itself explained in State Farm that "[w]ealth provides an open-ended basis for inflating awards when the defendant is wealthy. . . that does not make its use unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors, such as "reprehensibility," to constrain significantly an award that purports to punish a defendant's conduct." State Farm, 2003 WL 1791206, at *12 (quoting BMW of North Am., Inc. v. Gore, 517 U.S. 559, 591 (1996).
>
> . . . .

Furthermore, this District Court has construed New York law as permitting evidence of net worth to be considered as an element of punitive damages even when the defendant is a corporation. See e.g., Softel, Inc. 891 F.Supp. at 945.

Accordingly, Defendant's contention that evidence of financial condition, net worth and wealth must be precluded from being introduced at trial is misplaced. To the contrary, such evidence has a bearing on Defendant's intent and pattern of conduct. Moreover, the jury properly can consider such evidence as a component and factor in imposing punitive damages.

In Hayward v. Home Despot, U.S.A., Inc., 168 F. Supp.2d. 436 (E.D. Pa. 2001), the District Court stated:

> We impose punitive damages for torts committed "willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured. G.J.D. v. G.J.D. v. Johnson, 552 Pa. 169, 172, 713 A.2d 1127 (1998).
>
> . . . .
>
> In Pennsylvania, the "function of punitive damages is to deter and punish egregious behavior." G.J.D. , 552 Pa at 172, citing Martin v. John-Manville Corp., 508 Pa. 154, 169, 494 A.2d 1088, 1096 (1985). It is well-established that the amount required to deter and punish a defendant varies according to the net worth of the defendant. Mathies v. Mazet, 30 A. 434 (Pa. 1894). ("[T]here is a great difference in a penalty as between a rich man and a poor man. What would be absolutely ruinous to a poor man worth probably a few hundreds or thousands of dollars, would not amount to anything by way of a penalty to a man worth hundreds or of thousands of dollars."). The jury must weigh the defendant's wealth with "the character of the act" and the nature and extent of the harm when calculating an appropriate punitive damages award. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 102, 555 A.2d 800 (1989), invoking Section 908 of the Restatement of Torts.

In interpreting whether its recent decision in State Farm Mut. Automobile Ins. v. Campbell, 538 U.S. 408 (2003) in which the court announced and applied guideposts with respect to whether punitive damages were unconstitutional and violated Due Process, the United States Supreme Court also later indicated punitive damages were not precluded but that reference to Defendant's wealth

4

a factor to be considered within the context of Due Process, in TXO Production Corp v. Alliance Resources Corp., 509 U.S. 443 - 444 (1993) stating:

> (a) With respect to the question whether a particular punitive award is so "grossly excessive" as to violate the Due Process Clause, Waters-Pierce Oil Co. v. Texas (No. 1), 212 U.S. 86, 111, this Court need not, and indeed cannot, draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable that would fit every case. It can be said, however, that a general concern of reasonableness properly enters into the constitutional calculus. See Haslip, 499 U.S., at 18. Although the parties' desire to formulate a "test" is understandable, neither respondents' proposed rational-basis standard nor TXO's proposed heightened-scrutiny standard is satisfactory. Pp. 453-458.
>
> Page 444:
>
> We agree with TXO that the emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations, a risk that is of special concern when the defendant is a nonresident. We also do not understand the reference in the instruction to "additional compensation." We note, however, that, in Haslip, we referred to the "financial position" of the defendant as one factor that could be taken into account in assessing punitive damages, see n. 28, supra. We also note that TXO did not squarely argue in the West Virginia Supreme Court of Appeals that these aspects of the jury instruction violated the Due Process Clause, see Brief for Appellant in No. 20281 (W.Va.Sup.Ct.), pp. 44-48,[fn30] possibly because many States permit the jury to take account of the defendant's wealth.[fn31] Because TXO's constitutional attack on the jury instructions was not properly presented to the highest court of the State, Bankers Life & Casualty Co. v. Crenshaw, 486 U.S. 71, 77-80 (1988), we do not pass on it.

Thus, the guideposts are a rationale to determine if the damages awarded violate the Due Process Clause. No decision has held that the wealth of the defendant is to be precluded from being introduced into evidence on this basis.

To the contrary, in Hollock v. Erie Insurance Exchange, 842 A.2d 409 (Pa. Super. 2003), the Superior Court of Pennsylvania interpreted the decision in State Farm v. Campbell with reference to Pennsylvania law and stated:

> While we perceive of no abuse of discretion in the trial court's ruling based upon its

specific findings, we must nevertheless undertake further review of the award to determine whether it comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While a decision to punish a tortfeasor by exacting punitive damages is an exercise of State power, it must neverthelesscomply with constitutional due process concerns. Pioneer Commercial Funding Corp. v. American Financial Mortg. Corp., 797 A.2d at 292. "Because punitive damages pose an acute danger of arbitrary deprivation of property, due process requires judicial review of the size of punitive damage awards." Id.

¶ 34 In State Farm v. Campbell, 123 S.Ct. 1513, the United States Supreme Court reviewed a $145 million punitive damages award. Finding that the award was excessive and disproportionate to the wrong committed, the Court ruled it constituted an unconstitutional deprivation of the insurer's property. The Court noted that, although states possess discretion over the imposition of punitive damages, there are procedural and substantive constitutional limitations on these awards. Id. at 1519.

The Court cautioned that the due process clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments. Id. at 1520. While finding that punitive damages are aimed at deterrence and retribution, id. at 1519, the United States Supreme Court advised reviewing courts to consider three guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." Id. at 1520, (citing BMW of North America, Inc. v. Gore, 517 U.S. 559, 560-61 (1996)).

Thus, these guideposts provide a rationale to determine if the damages awarded viloat the Due Process Clause.  No decision has held that the wealth of the defendant is to be precluded from being introduced into evidence on this basis.

Additionally, MetLife is a recidivist, and the evidence that this activity of deceptive sales practices was deliberate and done on a national basis permits the introduction of evidence of MetLife's net worth as an element to take into consideration to assist the jury in its deliberation. Thus, **"if punitive damages are to continue to serve the broader functions of deterrence and retribution, the defendant's wealth must be a consideration in calculating any award."** BMW

6

of North America, Inc. v. Gore, 517 U.S. 599 (1996). As such, evidence of MetLife's net worth is properly admissible.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion in Limine to Exclude Evidence of MetLife's Financial Condition, Net Worth and Wealth.

                         Respectfully submitted:

                         /s/ Kenneth R. Behrend
                         Kenneth R. Behrend
                         PA I.D. # 37961
                         Behrend and Emsberger, P.C.
                         306 Fourth Ave. - Suite 300
                         Pittsburgh, PA 15222
                         (412) 391-2515 (phone)
                         (412) 391-2762 (fax)

## CERTIFICATE OF SERVICE

I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the within Plaintiffs' Brief in Support of Response to Defendants' Motion in Limine to Exclude Evidence of MetLife's financial condition, net worth and wealth was served upon the below listed counsel and parties by U.S. First Class mail, postage pre-paid on the 28th day of April, 2005.

B. John Pendleton, Jr., Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973)622-4444

/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Emsberger, P.C.
Union Bank Building - Suite 300
306 Fourth Ave.
Pittsburgh, PA 15222
(412) 391-2515   (phone)
(412) 391-2762   (Fax)