IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF | ) | Civil Action No. 00-2248 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and KENNETH F. KACZMAREK, | ) | |
| | ) | |
| Defendants | ) | |

---

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO STRIKE DEMAND FOR ATTORNEYS' FEES UNDER PLAINTIFF'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM**

---

**ARGUMENT**

Defendants' Motion in Limine to Strike Plaintiffs' Claims for Counsel Fees Pursuant to Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1, *et seq.* (UTPCPL) was previously considered and rejected by this Court in Solarchick v. MetLife and in Tran v. MetLife, since Plaintiffs are entitled to attorney's fees for their claims under 73 Pa. C.S.A. § 201-1 et seq., the Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law").  The identical arguments are raised herein with no new authority provided by Defendants. In Solarchick, this court determined that, under the UTPCPL, Plaintiffs' were entitled to the award of attorneys' fees related to any work done after the 1996 Amendment.

In 1978, the Legislature required that a statute must expressly provide for an award of counsel fees.  See Pa.C.S. §2503(10). A private right of action was provided under the Consumer Protection

Law in 1976. Every Court that has reviewed the award of counsel fees under the 1976 version of the Consumer Protection Law has permitted the award of counsel fees. Additionally, it has been found by the appellate courts in Pennsylvania that the Legislature in the 1976 language provided an express grant of authority to the courts to award counsel fees. See Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987), see also McCauslin v. Reliance Finance Co., 751 A.2d 683 (Pa. Super. 2000).

Furthermore, Plaintiff does not seek an award for counsel fees incurred prior to the initiation of litigation in 2000. To the contrary, Plaintiff properly seeks counsel fees incurred after litigation was initiated in 2000. Case law supports Plaintiff's claims since it establishes that the date of when the legal fees are incurred controls, not the date of the deceptive act. See Gehris v. Com. Dept. of Transp., 369 A.2d 1271, (Pa. 1977). See also Ihnat v. Pover, G.D. No. 94-17465, Mem. Op. at 5 (C.C.P. Alleg. Cnty. Nov. 24, 2003)(Emphasis added).

The exact issue raised in this motion in limine regarding the court's authority to award counsel fees under the Unfair Trade Practices and Consumer Protection Law was decided against MetLife by the trial court and the Superior Court in the case of Agliori v. Metropolitan Life Ins. Co., 879 A.2d 315 (Pa. Super. 2005), where the Superior Court upheld the decision of the Honorable R. Stanton Wettick, Jr.'s determination that a consumer was permitted an award of counsel fees for all work performed subsequent to the enactment date of the 1996 Amendment to the UTPCPL on February 2, 1997, even if the claim arose prior to February 2, 1997. Thus, counsel fees incurred on plaintiff's behalf after February 2, 1997, may be awarded under the UTPCPL.

Most significantly, MetLife did not appeal the decision of the Superior Court in Agliori, making the decision a final determination on the legal issue against MetLife. The doctrine of issue preclusion bars re-litigation of the same legal issues for a second time where the legal issues were

resolved in a prior case against the same party, or a party in privity, and a full and fair opportunity to litigate was provided. See United States v. Stauffer Chemical Co., 464 US 165, 169 (1984) ("the doctrine of mutual collateral estoppel is applicable against [a party] to preclude re-litigation of the same issue already litigated against the same party in another case involving virtually identical facts."); Greenleaf v. Garlock, Inc., 174 F.3d 352 (3d Cir. 1999); Dici v. Pennsylvania, 91 F.3d 542, 548 (3d Cir. 1996); Delaware River Port Authority v. F.O.P., 290 F.3d 567, 575 (3d Cir. 2002)("Issue preclusion is proper when factual differences 'are of no legal significance whatever in resolving the issue presented in both cases.'")(citation omitted). Issue preclusion may be asserted "offensively" by a plaintiff seeking to estop a defendant from re-litigating the issues when the defendant has previously litigated and lost. Nat'l R.R. Passenger Corp. v. Penna. Pub. Util. Comm'n, 288 F. 3d 519, 525 (3d Cir. 2002).

In Gregory v. Chehi, 843 F.2d 111, 121 (3d Cir. 1988), this Court set forth four factors for application of issue preclusion:

(1)   The issue decided in the prior adjudication was identical with the one presented in the later action;

(2)   There was a final judgment on the merits;

(3)   The party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and

(4)   The party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action.

Id. at 121 (citations omitted); see also Parklane Hosiery v. Shore, 439 U.S. 322, 324, 326-33, (1979)(recognizing legitimate use of non-mutual offensive collateral estoppel to give preclusive effect to previous federal court judgment). The same four factors apply under Pennsylvania state

case law. <u>Greenleaf</u>, 174 F.3d at 357-58.

All four factors are satisfied in the instant litigation. Accordingly, this legal issue has been finally determined against MetLife and under concepts of issue preclusion MetLife should be barred from raising this argument in subsequent life insurance sales practices litigation where there are claims made under the UTPCPL.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion in Limine to Strike Plaintiff's Demand for Attorneys' Fees be denied.

    Respectfully submitted,

    /s/Kenneth R. Behrend
    Kenneth R. Behrend
    PA I.D. # 37961
    Behrend and Ernsberger, P.C.
    Union Bank Building - Suite 300
    306 Fourth Ave.
    Pittsburgh, PA 15222
    (412) 391-2515   (phone)
    (412) 391-2762   (Fax)

## CERTIFICATE OF SERVICE

I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the foregoing Brief Response to Defendants' Motion in Limine was served upon the below listed counsel via the electronic filing system on the 13th of October, 2006.

B. John Pendleton, Jr., Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973)622-4444

        /s/Kenneth R. Behrend
        Kenneth R. Behrend
        PA I.D. # 37961
        Behrend and Emsberger, P.C.
        Union Bank Building - Suite 300
        306 Fourth Ave.
        Pittsburgh, PA 15222
        (412) 391-2515   (phone)
        (412) 391-2762   (Fax)