## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF, | ) | Civil Action No. 00-2248 |
| | ) | |
| Plaintiff, | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and KENNETH F. KACZMAREK | ) | |
| | ) | |
| Defendants | ) | |

___

**PLAINTIFF'S REPLY TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S AND KENNETH F. KACZMAREK'S MOTION IN LIMINE TO EXCLUDE THE SEPTEMBER 17, 2003 DEPOSITION OF ROBERT G. WYCKOFF**

___

### PRELIMINARY STATEMENT

In every life insurance sales practices case that has been filed to date in both this court and in state court, plaintiff's deposition and the attached exhibits have been listed as an exhibit on both the Plaintiff's and MetLife's Pretrial statements. It is not understood why in this case as opposed to all of the other cases that have preceded this case MetLife is objecting to the listing of a plaintiff's deposition on the exhibit list.

Indeed, MetLife lists the deposition transcript on its pre-trial statement as exhibit ML-VV.

Plaintiff did not do any designations of the transcript since Plaintiff does not intend to have his deposition read at trial since Plaintiff will be testifying in person. However, depositions have been used to refresh recollections and/or to demonstrate prior consistent statements.

In any event, if MetLife wants to preclude Plaintiff's use of the deposition, then neither

should Defendants be permitted to use the deposition since "what is good for the goose should be good for the gander." In other words, all the reasons set forth in Defendants' motion should apply equally to all parties.

## ARGUMENT

**I.   PLAINTIFF DID NOT SUBMIT DESIGNATIONS OF HIS DEPOSITION.**

As stated above since Plaintiff has no intention to read the deposition into evidence at trial that there was no need to designate portions of the deposition.

**II.   THE DEPOSITION CONTAINS ADMISSIBLE HEARSAY.**

Since Plaintiff is going to testify in person there is no reason to read in the deposition. However, if between now and the trial some sudden illness should occur, the plaintiff is 80 years old, then it would be proper to use the deposition since he would not be available. However, absent some unforseen circumstance Plaintiff is in apparent good health and intends to appear in person to testify.

**III.   DISCUSSIONS BETWEEN COUNSEL ARE NOT EVIDENCE OF THE SALES MISREPRESENTATIONS.**

It is agreed that discussions between counsel on the record are not evidence in support of the claims for sales misrepresentations.

Respectfully Submitted,

\s\ Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Ernsberger, P.C.
Union Bank Building  - Suite 300
306 Fourth Ave.
Pittsburgh, PA 15222
(412) 391-2515   (phone)
(412) 391-2762   (Fax)

**CERTIFICATE OF SERVICE**

    I Kenneth R. Behrend certify that a true and correct copy of the foregoing document was served via the electronic filing service, on this 17th day of October, 2006, on the following counsel of record:

B. John Pendleton, Jr.
McCarter and English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

                                    \s\ Kenneth R. Behrend
                                    Kenneth R. Behrend
                                    PA I.D. # 37961
                                    Behrend and Emsberger, P.C.
                                    Union Bank Building  - Suite 300
                                    306 Fourth Ave.
                                    Pittsburgh, PA 15222
                                    (412) 391-2515   (phone)
                                    (412) 391-2762    (Fax)