IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY and KENNETH F. KACZMAREK, )<br>)<br>Defendants ) | Civil Action No. 00-2248<br><br><br><br>Chief Judge Donetta W. Ambrose |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE RIGHT TO A JURY TRIAL FOR A CAUSE OF ACTION FILED PURSUANT TO THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. §201-9.2. PRIVATE ACTIONS AND FIDUCIARY DUTY CLAIM RELATING TO HIS 1994 POLICY**

## PRELIMINARY STATEMENT

⎯⎯⎯⎯⎯This Court has previously rejected Defendant MetLife's argument that Plaintiffs in cases similar to the instant case are not entitled to a jury trial as to their UTPCPL claims, determining that the Seventh Amendment of the United States Constitution preserves the right to a jury trial as to Plaintiff's UTPCPL claims. For the reasons set forth by the Court, Defendants' Motion in Limine as it relates to Plaintiff's UTPCPL claims should be denied.

As to Plaintiff's ERISA claims, Plaintiff does not contest that Plaintiff is not entitled to a jury trial.

## ARGUMENT

**I.a.   A REVIEW OF THE FACTORS TO DETERMINE WHETHER A JURY TRIAL IS PERMITTED PURSUANT TO A STATUTE, RESULT IN THE CONCLUSION THAT A JURY TRIAL IS PERMITTED.**

The right to a jury trial is set forth in Section 6 Article I of the Pennsylvania Constitution.

The issue of whether a right to jury trial is permitted pursuant to a statutory claim was addressed at length by the Pennsylvania Supreme Court in <u>Blum v. Merrell Dow Pharmaceuticals</u>, 626 A.2d 537 (Pa. 1993).  The Supreme Court's set forth four factors for consideration:"1) text of the Pennsylvania Constitutional provision; 2) history of the provision, including Pennsylvania case law; 3) related case law from other states; 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence."  (See <u>Id.</u>, 626 A.2d at 541).

As set forth in <u>Blum</u>, the determination centers on whether the statute in question had a common law basis which existed at the time of the enactment of the Pennsylvania Constitution.  The <u>Blum</u> court in explaining this rationale, referenced the decision in <u>Rhines v. Clark</u>, 51 Pa. 96 (1866), where the plaintiff brought an action at common law that the trial court dismissed, "because a statutory mode of redress, which did not provide for a trial by jury, had been supplied for such injuries." (See <u>Blum</u>, 626 A.2d at 543).

The Supreme Court on appeal reversed this decision.

The Supreme Court found the statutory remedy inoperative and void and consequently no bar to the plaintiffs action. In so doing, the Court stated:

> In this respect we think the enactment [of the statute] was palpably unconstitutional. "Trial by jury shall be as heretofore, and the right thereof remain inviolate," has been the voice of all our constitutions and, long before any of them were made, the common law had defined the right of navigating navigable streams, and had provided a jury for assessing damages for the interruption of this right. . . . [F]or obstructing a navigable stream **the common law did "heretofore" furnish remedy by jury trials; and therefore, however these remedies may be modified by statute . . . trial by jury must be preserved as an ultimate resort.** . . .

[<u>Rhines v. Clark</u>, 51 Pa. 96 (1866)] Id. at 101. **Thus, the use of the word "heretofore" in Section 6 of Article I of our Constitution preserves the right to trial by jury in cases where that right existed at common law.**

Blum, 626 A.2d at 543 (Emphasis added).

In reaching its conclusion, the Supreme Court in the final analysis found that if the right to a jury trial existed at common law, when the Pennsylvania Constitution was enacted, then the right was preserved in a statute founded upon the common law. See Blum, 626 A.2d at 544 (The provision of the constitution is that "trial by jury shall be as heretofore, and the right thereof remain inviolate." . . . [I]n the constitution . . . the phrase "shall be as heretofore" refers to the method of trial itself, and means that it shall be preserved with its substantial elements, while the second phrase, **"the right thereof remain inviolate," refers to the right to a jury trial before the final decision in all cases where it would have existed at the time of the adoption of the constitution**. . . ." Citing Smith v. Times Publishing Co., 36 A. 296, 297 (Pa. 1897)). (Emphasis added).

Thus, the analysis turns to whether the Consumer Protection Law is a statute which either specifically provides for a jury trial, or is founded upon principles which existed at common law, and thus a right to jury trial is preserved.

## II. THE CONSUMER PROTECTION LAW IS A REMEDIAL STATUTE FOUNDED ON COMMON LAW CAUSES OF ACTION WHICH PERMIT JURY TRIALS.

The Consumer Protection Law has its roots and foundation in common law fraud, a cause of action that existed at the time of the Pennsylvania Constitution. See Crawford v. Pituch, 368 Pa. 489, 84 A.2d 204, 206 (1951)(" ... [A] common law action for deceit, – [is] an action recognized in this State for more than a century and a half. One who suffers damage by being deceived into action or inaction through another's intentional and calculated misstatements of material fact may recover at common law from his deceiver.").

The Supreme Court in Commonwealth v. Monumental Properties, 459 Pa. 450, 329 A.2d 812

(1974) explained the purpose of the Consumer Protection Law and set forth the appropriate standards for its construction, as a statute wherein: "**the Consumer Protection Law was in relevant part designed to thwart fraud in the statutory sense**", "**the statute's underlying foundation is fraud prevention**", **"[it is] a statute for the prevention of fraud",** and "**[n]o sweeping changes in legal relationships were occasioned by the Consumer Protection Law, since prevention of deception and the exploitation of unfair advantage has always been an object of remedial legislation**". See Monumental, 329 A.2d at 815-17. (Footnotes omitted) (Emphasis added); See also DiLucido v. Terminix Intern, Inc., 676 A.2d 1237 ( Pa. Super. 1996), citing Prime Meats, Inc. v. Yochim, 619 A.2d 769 (Pa. Super. 1993), allocatur denied, 646 A.2d 1180 (Pa. 1994)("However, this Court specifically addressed this argument in Prime Meats, Inc. v. Yochim, ... and held that to recover under section 201-2(4)(xvii) of the UTPCPL, the elements of common law fraud must be proven. Id., 619 A.2d at 773. **The [Supreme] Court explained that the above language was a reference to the legislative attempts to thwart fraud, not to redefine it**. Id. 619 A.2d at 774.").

In addition to existing common law claims and remedies, the Legislature, through the Consumer Protection Law, created new forms of remedies, not bound by traditional concepts of common law damages, and provided "the court" with broad discretionary powers, to "provide such additional relief as it deems necessary or proper", so "the court", and not a jury, would be able to fashion a remedy that is appropriate to the harm suffered, which is above and beyond[1] common law relief. When looking to the remedial nature of the statute, our Supreme Court stated in Monumental

---

[1] See Metz v. Quaker Highlands, Inc., 714 A.2d. 447 (Pa. Super. 1998) ("... In light of such outrageous conduct, to allow the recission merely of the sales agreement without imposing a corresponding penalty for fraudulent behavior in consumer-type cases would do violence to the intent and purpose of the law (UTPCPL) enacted specifically by the Legislature to curb and discourage such future behavior.")

4

Properties found:

> **We cannot presume that the Legislature when attempting to control unfair and deceptive practices in the conduct of trade or commerce intended to be strictly bound by common-law formalisms.** Rather the more natural inference is that the Legislature intended the Consumer Protection Law to be given a pragmatic reading — a reading consistent with modern day economic reality.

Monumental Properties, 329 A.2d at 822 (Emphasis added).

The remedies afforded by the Legislature in the UTPCPL are in addition to existing remedies. See Wallace v. Pastore, 742 A.2d 1090 (Pa. Super. 1999)("**[T]he remedies of the UTPCPL are not exclusive, but are in addition to other causes of action and remedies**. Gabriel v. O'Hara, 534 A.2d 488, 495 & 495 n. 22 (Pa. Super. 1987)."(Emphasis added)

In Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987) the Superior Court looked to the background of the Consumer Protection Law and the fact that it provides remedies for a number of deceptive acts and practices and found that the Consumer Protection Law does not replace the common law claims for breach of contract, negligence and/or fraud and deceit. See Gabriel, 534 A.2d at 491 ("The **UTPCPL supplements rather than supplants traditional common law remedies** with per se liability for a variety of unfair trade practices.")(Emphasis added).

The Superior Court in Gabriel in Footnotes 10 through 17 set forth the various enumerated violations of the Consumer Protection Law and the basis for that type of claim. They all sound in the common law for either claims of fraud and deceit, breach of contract or negligence. See Gabriel, 534 A.2d at 495 ("As we previously noted, the Unfair Trade Practices and Consumer Protection Law embraces actionable conduct which sounds in assumpsit as well as trespass and which parallel actions upon contracts as well as those arising in tort.[fn22]"). The Superior Court then explains in footnote 22 that "[fn22] See supra notes 10-17 and accompanying text. The remedies of the UTPCPL

are not exclusive but in addition to these other remedies." Gabriel, 534 A.2d at 495.

The Consumer Protection Law did not create a new cause of action, as it is a remedial statute, "[n]o sweeping changes in legal relationships were occasioned by the Consumer Protection Law, since prevention of deception and the exploitation of unfair advantage has always been an object of **remedial legislation**". Monumental, 329 A.2d at 816-817,(Emphasis added); See also Gabriel, 534 A.2d at 492 - 493 ("That sales of real property would be protected by the UTPCPL is consonant with **its broad remedial purposes**.")(Emphasis added).

Accordingly, since the Consumer Protection Law is based upon common law claims, a right to jury trial is permitted.

### III. THE APPELLATE DECISIONS IN *MISHOE* AND *WERTZ* WHERE A RIGHT TO JURY TRIAL WAS NOT PERMITTED ARE DISTINGUISHABLE FROM THE CONSUMER PROTECTION LAW.

The Defendants' reliance on Mishoe and Wertz for the proposition that the findings therein bar Plaintiffs' right to a jury trial under the Consumer Protection Law is misplaced. The Pennsylvania Superior Court in Mishoe v. Erie Insurance Co., 762 A.2d 369 (Pa. Super. 2002), in determining whether a party is entitled to demand a jury trial in an action for bad faith against an insurer pursuant to 42 Pa.C.S.A. § 8371, did a similar analysis to the Blum court. The Superior Court also looked to the Supreme Court's guidance as supplied in the case of Wertz v. Chapman Township, 741 A.2d 1272 (Pa. 1999), where the Pennsylvania Human Relations Act (PHRA) was determined to not provide a right to a jury trial. In Mishoe, a statutory construction analysis was made following the procedure set forth in Wertz, to determine whether the Legislature intended for a right to jury trial. The Court defined the use of the term "court" and determined its usage as set

forth in the Bad Faith statute to aid in determining the legislative intent[2].

In <u>Wertz</u> and <u>Mishoe</u>, both of the statutes therein vary greatly from the Consumer Protection Law in a significant manner. Both the Bad Faith Statute and the PHRA set forth that the "court" both is to make findings of whether violations of the statute occurred, and the court is to determine the appropriate relief to be provided.

The language of the Bad Faith statute, in relevant part, specifically sets forth: "... **if the court finds that the insurer has acted in bad faith** toward the insured , the court may take all of the following action." <u>See</u> 42 Pa.C.S.A. § 8371 (Emphasis added).

The language of the PHRA, in relevant part, provides as follows: **"If the court finds the respondent has engaged in such discriminatory practices** charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include . . . legal or equitable relief as the court deems appropriate. . . .". <u>See</u> 43 P. S. § 962(c)(3) (Emphasis added).

In contrast, the Consumer Protection Law does not provide any authority to the "court" either to make findings of violations of the statute, or to determine the amount of actual damages suffered under the statute. The Legislature only referred to "the court", and provided authority in the context of awarding treble damages, costs, counsel fees, "or such additional relief as necessary or proper." The Consumer Protection Law sets forth in §201- 9.2(a):

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or

---

[2]As shown in this memorandum of law, the Plaintiffs herein are not contesting the definition of the term "court," since the use of the term "court" is clear in application in the Consumer Protection Law. However, the use of the term "court" does not bar the right to a jury trial in a Consumer Protection Law claim.

7

property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), which ever is greater. **The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.**

73 P.S. § 201-9.2(a)(Emphasis added).

Unlike the Consumer Protection Law, the Supreme Court has found that neither the tort of "Bad Faith," nor claims for discrimination were causes of action which were recognized at common law. See D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 431 A.2d 966 (Pa. 1981)(The Supreme Court refused to recognize a "new tort" for a claim for bad faith against an insurer in this Commonwealth, as the Supreme Court found there exists no such common law remedy and it is up to the Legislature to create such a remedy[3].) See Wertz v. Chapman Township, 741 A.2d 1272 (Pa. 1999)("[W]e find that jury trials were not required for discrimination actions in 1790 because a cause of action for sexual harassment and discrimination was foreign and unknown at the common law at the time our constitution was adopted.").

A jury trial must be granted because it was the intent of the Legislature to permit a jury trial, since the Legislature did not provide authority to the "court" to determine liability and compensatory damages under the Consumer Protection Law. In the past, under the Bad Faith and HRC statutes the Legislature specifically used the word "court" when speaking of the fact finder and its deciding the case in chief. In the Consumer Protection Law the Legislature did not use the word "court" for determination of liability and compensatory damages under the statute. Indeed, the Legislature used the word "court" only in the context of assessing triple damages, counsel fees and to "provide such

---

[3] The Legislature did create a statutory claim for "bad faith" in 1990 when it enacted 42 Pa.C.S.A. § 8371.

**additional relief** as it deems necessary or proper." (Emphasis added).    Second, a right to jury trial for fraud claims existed at common law.  The Legislature can not abolish that right. (negligence actions were abolished by the workman's compensation statute, but only after a constitutional amendment).

The Legislature due to the absence of language specifically setting forth that a jury should determine liability in the Consumer Protection Law statute, did authorize a jury trial.  The Pennsylvania Supreme Court has previously found that the authorization of a jury trial in a statutory scheme may either be expressly stated or implied in the statutory language.  See Commonwealth v. One 1984 Z-28 Camaro Coupe, 610 A.2d 36, 38 (Pa. 1992)(jury trials are not available in a proceeding created by statute unless the statute expressly or impliedly so provides or the proceeding has a common law basis); See also Murphy v. Cartex Corp., 546 A.2d 1217, 1222 (Pa. Super. 1988).

Rather than attempting to analyze whether the Legislature implied that a jury trial should be granted under the Consumer Protection Law, Defendants instead relied upon the Pennsylvania Supreme Court's decisions in Mishoe v. Erie Ins. Co., supra, and Wertz v. Chapman Township, supra to find that the statute did not authorize a jury trial.[4]  In order to reach this conclusion, MetLife did not address the fact that the language of the Consumer Protection Law and, as such, the Legislature's intended reading of the Consumer Protection Law, differs significantly from the

---

[4] In his dissenting opinion in Mishoe, Chief Justice Cappy spoke to his concerns that the majorities opinion would cause courts to misapply the rules of statutory construction.  The Chief Justice stated "By limiting itself to the factors set forth in Wertz, the majority employs a "one-size fits all" approach that fails to take into account differences in statutes and unnecessarily limits the appropriate statutory construction analysis.  Even more importantly, adherence to the abbreviated Wertz analysis will handcuff our court with respect to future questions regarding the Legislature's intent concerning a statutory right to a jury trial, and it virtually eliminates the finding of an implied right to a jury trial."

language of the statutes interpreted in Mishoe and Wertz. As set forth, supra, the Consumer Protection Law contains no such legislative mandate, with respect toa finding of liability and compensatory damages, rather the Consumer Protection Law limits the role of the "court" to determinations regarding whether it is appropriate to award treble damages and attorneys' fees, and other appropriate relief.

Under the rules of statutory construction, the Legislature's decision to limit the role of the "court" in Consumer Protection Law claims to the determination of damages should be read to exclude the court from determining liability.[5] This reading of the Consumer Protection Law statute is consistent with the Superior Court's determination that:

> 'An intrinsic aid to statutory construction is found in the maxim *expressio unius est exclusio alterius*. The maxim establishes the inference that, where certain things are designated in a statute, "all omissions should be understood as exclusions." The maxim is one of long standing application, and it is essentially an application of common sense and logic.'" Commonwealth v. Charles, 270 Pa. Super. 280, 287, 411 A.2d 527, 530 (1979), quoting Puller v. Municipality of Anchorage, 574 P.2d 1285, 1287 (Alaska 1978) (footnotes omitted). Accord: Pane v. Commonwealth, Department of Highways, 422 Pa. 489, 493, 222 A.2d 913, 915 (1966); Cali v. City of Philadelphia, 406 Pa. 290, 305, 177 A.2d 824, 832 (1962); Samilo v. Commissioner, Insurance Department, 98 Pa. Commw. 232, 233, 510 A.2d 412, 413 (1986); Latella v. Commonwealth, Unemployment Compensation Board of Review, 74 Pa. Commw. 14, 29, 459 A.2d 464, 473 (1983).

---

[5] The legislature clearly understood its ability to limit a finding as to liability to the court during the drafting of the Consumer Protection Law. In Section 201-8(b) of the Consumer Protection Law, the Legislature specifically stated that "In any action brought under section 4 of this act, *if the **court** finds* that a person, firm or corporation is willfully using or has willfully used a method, act or practice declared unlawful by section 3 of this act . . ." See 73 Pa.C.S. § 201-8(b)). This Court should consider the fact the it is clear that where, under the Consumer Protection Law, the Legislature intended the "court" to make findings as to liability, the Legislature specifically set forth that it was the court's duty to make findings. This is consistent with the Pennsylvania Supreme Courts mandate that "It is well established that whenever a court construes one section of a statute, it must read that section not by itself, but with reference to, and in light of, the other sections." Commonwealth v. Mayhue, 639 A.2d 421, 439 (Pa. 1994).

Metropolitan Life Ins. Co. v. Bodge, 560 A.2d 175 (Pa. Super. 1989).

By interpreting the Legislature's silence on this issue to preclude a jury trial and place the finding of liability squarely in the hands of the court, MetLife has not only ignored the implied intent of the Legislature, whereby the Legislature purposely did not place the decision of liability in the hands of the "court," but also well settled theories of statutory construction whereby the court may not read into an omission of statutory language made by the legislature See Kusza v. Maximonis, 70 A.2d 329, 331 (Pa. 1950)("In construing a statute, the court must ascertain and give effect to the legislative intention, as expressed in the language of the statute, and cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted.'); See also Hodges v. Rodriguez, 645 A.2d 1340 (Pa. Super. 1994)(The objective of all statutory construction is to ascertain and effectuate the legislative intent).

Since the Legislature intentionally omitted from the Consumer Protection Law any language authorizing the "court" to determine liability under section 201-9.2, this Court, under the well established principles of statutory construction discussed above, should follow both the implied intent of the Legislature that the "court" should not be the sole determiner of liability under the Consumer Protection Law, and the mandate of the Pennsylvania Supreme Court whereby a court may not "supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted" and permit the Plaintiff's Consumer Protection Law claims to be heard by a jury.

**IV.  THE JURY IS TO DECIDE LIABILITY AND COMPENSATORY DAMAGES UNDER THE CONSUMER PROTECTION LAW, THE COURT DETERMINES WHETHER THE COMPENSATORY DAMAGES SHOULD BE TREBLED, COUNSEL FEES AND COSTS AND IF ANY OTHER RELIEF IS NECESSARY OR PROPER.**

In a consumer protection trial with a jury verdict, which was upheld by the Superior Court in Sewark v. Lockhart, 699 A.2d 755 (Pa. Super. 1997), the jury determined that Consumer Protection Law violations had occurred, determined the amount of actual damages, and recommended that the damages be trebled.

> [T]he jury returned a verdict in favor of Buyers, specifically finding ... 5) Sellers engaged in fraudulent conduct which either created a likelihood of confusion or misunderstanding ... or represented that their property was of a particular standard, quality or grade. [Both are violations listed in the UTPCPL found at 73 P.S. §201-2(4)(xvii) and (vii)]. The jury also recommended that the trial court award, under the UTPCPL, additional damages to a maximum of three times the actual damages sustained and recommended the amount to be $15,000.00."

Sewark, 699 A.2d at 758.

Thus, the recommended procedure to be followed by the court in a Consumer Protection Law case, is for the jury to determine whether Consumer Protection Law violations occurred[6]. If a violation is found, then the jury is to determine the ascertainable loss and to award the actual damages. Some courts have also had the jury provide guidance to the court as to whether the damages should be trebled, by the jury making a "recommendation" through special interrogatories, but the discretion is kept with the court to make the actual decision on trebling the damages.

## CONCLUSION

In conclusion, based upon the argument set forth herein, it is respectfully requested that Defendants' Motion in Limine to deny Plaintiffs' the right to a jury trial for the Consumer Protection Law Claims, be denied.

Respectfully Submitted,

---

[6] In this case there is a jury demand for the common law claims beside the Consumer Protection Law claims.

/s/ Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Emsberger, P.C.
Union Bank Building  - Suite 300
306 Fourth Ave.
Pittsburgh, PA 15222
(412) 391-2515   (phone)

## CERTIFICATE OF SERVICE

     I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the within Plaintiffs' Memorandum of Law in Response to Defendants' Motion In Limine was served upon the below listed counsel and parties by U.S. First Class mail, postage pre-paid on the 16th day of October, 2006.

B. John Pendleton, Jr., Esquire
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652

                                                  /s/Kenneth R. Behrend
                                                  Kenneth R. Behrend
                                                  PA I.D. # 37961
                                                  Behrend and Ernsberger, P.C.
                                                  Union Bank Building  - Suite 300
                                                  306 Fourth Ave.
                                                  Pittsburgh, PA 15222
                                                  (412) 391-2515   (phone)
                                                  (412) 391-2762   (Fax)