IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF | ) | Civil Action No. 00-2248 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK, | ) ) ) | |
| Defendants | ) | |

---

**BRIEF IN RESPONSE TO METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK''S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING THE RECOVERY OF PURPORTED EXPECTATIONS DAMAGES**

---

## PRELIMINARY STATEMENT

This Court in <u>Solarchick v. Metropolitan Life Ins. Co.</u>, __ F. Supp. 2d ___, 2006 WL 1312530 (W.D. Pa. 2006) previously addressed the legal arguments raised by defendants herein. This Court held "the Court will determine the proper measure of damages, and I will instruct the jury accordingly; the jury will then determine the appropriate amounts, if any. To the extent that the Motion seeks to prevent Plaintiffs from presenting testimony of all losses beyond premiums paid, however, it will be denied." In making this holding the Court reasoned that the plaintiff was not entitled to the benefit of the contract since the claims in the case are tort based. <u>Id.</u> Rather, this Court upon review of relevant Pennsylvania and Federal appellate decisions determined that "the jury may consider the actual and promised face amounts of the subject policies, as well as additional unexpected outlays that Plaintiffs are obligated to pay." The Court concluded " Mr. Carter will not, however, be permitted to testify that these numbers represent the benefit of Plaintiffs' bargain, or

otherwise testify regarding the appropriate measure of damages, either under the UTPCPL or the common law. Instead, the Court will instruct the jury as to the proper measure of damages, and the jury will determine the proper amount." It is believed and expected that the same rationale and ruling applies to the instant litigation.

## ARGUMENT

I. **THIS COURT DETERMINED IN <u>SOLARCHICK</u> THAT A PLAINTIFF MAY NOT RECOVER 'EXPECTATION' OF 'BENEFIT OF THE BARGAIN' DAMAGES.**

This Court determined in <u>Solarchick</u>, that in a tort action that tort remedies and not contract remedies are available. <u>supra</u>.

II. **THIS COURT DETERMINED IN <u>SOLARCHICK</u> THAT IN A FRAUD AND UTPCPL CLAIM A PLAINTIFF'S ACTUAL LOSS INCLUDES THE ADDITIONAL COST OF THE POLICY**.

This Court in <u>Solarchick</u>, <u>supra</u>, determined that defendants' interpretation of the term "actual loss" failed to comport with Pennsylvania appellate caselaw interpretation of the term and rejected the identical argument raised by defendants herein. In <u>Solarchick</u>, this Court interpreted properly the relevant Pennsylvania appellate decisions of <u>Agliori v. Metropolitan Life Ins. Co.</u>, 879 A.2d 315, 320 (Pa. Super. 2005), <u>Lesoon v. Metropolitan Life Insurance Company</u>, 2006 Pa Super 67, ___ A.2d ___, 2006 WL 771568 (Pa. Super 2006), reargument denied, __ A.2d __ (June 9, 2006). and <u>Metz v. Quaker Highlands</u>, 714 A.2d 447 (Pa. Super. 1998). Specifically, this Court held in rejecting MetLife's argument that, "Certainly, both <u>Agliori</u> and <u>Lesoon</u> make it clear that a UTPCPL plaintiff is not limited to out-of-pocket losses. Defendant's repeated mantra of 'actual loss' does not lead me to a different conclusion; the term is clearly more expansive than suggested." <u>Solarchick</u> at *5 - *6. (footnote omitted). MetLife presents no new authority in support of its argument and similarly it should be rejected herein.

MetLife also references various rulings of the trial courts in the Court of Common Pleas of Allegheny County, however, those rulings were all made prior to the Superior Court publishing the decision in <u>Lesoon</u>. Since the <u>Lesoon</u> opinion was published, the trial court's have been following the damages model as described by the Superior Court in <u>Lesoon</u>. To date there have not been any post-trial memorandum describing the revised conduct of the trial courts, but plaintiff's counsel has personally participated in two trials, <u>Ferguson v. Metropolitan Life</u>, GD 95-13198, tried the last week of May of 2006 and <u>Frampton v. Metropolitan Life</u>, GD 95-7543, tried the second week of June of 2006, where the trial court instructed the jury on damages in each case that "There are two damages amounts that are to be considered, they are: (1) the additional costs required to fulfill the contract that you find defendants promised to the defendants; and (2) all monetary losses otherwise suffered as a result of the misrepresentation."

Accordingly, MetLife's argument should be rejected in this case, just as it was rejected in <u>Solarchick</u>.

### III. THE <u>LESOON</u> DECISION IS APPLICABLE TO THE INSTANT CASE.

This identical argument of defendants was rejected by this Court in <u>Solarchick</u>. Defendants' attempt to narrowly construe the <u>Lesoon</u> decision improperly by limiting the decision to the identical factual pattern of the <u>Lesoon</u> case. When the appeal filed in <u>Lesoon</u> was initially decided by the Superior Court it was issued as an unpublished opinion. Plaintiffs specifically filed a petition with the Superior Court requesting that the opinion be published because the holding applies to all of the 200+ cases against MetLife filed in Allegheny County as well as to other life insurance sales practices cases. Based upon consideration of the reasons set forth in the plaintiffs' petition, the Superior Court withdrew the unpublished opinion and subsequently reissued it as a published opinion. When the opinion was published, the Superior Court did not alter the holding of the case

to restrict or limit it in any fashion to only the facts of the <u>Lesoon</u> case. See <u>Lesoon</u>, supra.

Again, MetLife on pages 6-7 of its brief references rulings made by the Court of Common Pleas of Allegheny County made prior to the Superior Court publishing the decision in <u>Lesoon</u> in support of its position. Similarly, MetLife's argument should be rejected in this case, just as it was rejected in <u>Solarchick</u>.

In both <u>Lesoon</u> and in the instant case, the same problem occurred, that is, the sales agent misrepresented the actual cost of the proposed policy in order to induce the sale and the plaintiffs upon learning of the actual cost of the policy stopped making premium payments.[1] Moreover, the legal premise for the measure of damages in a life insurance sales practices case announced in <u>Lesoon</u> was not limited by the <u>Superior</u> court and is applicable to all life insurance sales practices cases, not just the <u>Lesoon</u> case.

Next, MetLife engages in argument on page 8 of its brief regarding future damages are too speculative, baldly stating that "it is impossible to speculate how the 1992 policy would have performed in the future." This argument has been rejected repeatedly by this Court and every other court that has reviewed this argument. See <u>Solarchick</u>, supra.

Finally, to the extent, if any, that plaintiff's expert report varies from this Court's holdings on what damages are permissible, plaintiff's expert will be instructed at trial as to the Court's rulings and will abide thereby.

**IV.   PLAINTIFF IS ENTITLED TO HIS REASONABLE EXPECTATIONS UNDER ERISA**

Under ERISA, the appropriate redress of a fiduciary breach would enable plaintiff to obtain an equivalent benefit that he would have received but for the alleged breach of fiduciary duty. See

---

[1] MetLife in it footnote 2, on page 6 of its brief, fails to note that on June 9, 2006, the Superior Court denied its petition for reconsideration en banc.

Schaeffer v. Albert Einstein Health Care Network, 2004 WL 1012574 (E.D. Pa. 2004).

With regard to the 1994 Sale, Defendants represented that Plaintiff would have a fully funded $4,500 Life Insurance Policy if he made premium payments of $34.23 per month for a period of ten years.

This Court has the power to fashion an equitable remedy sufficient to award Plaintiff's his reasonable expectations under the 1994 insurance plan, i.e. reform the insurance plan so as to provide Plaintiff with a "paid up" $4,500 life insurance policy which will perform as represented at the time of sale. The reformation of the contract would be consistent with the equitable relief provided by ERISA.

> The relief provided in an action to recover benefits under ERISA is equitable, not legal. . .the consists of an order directing a person or entity having the necessary authority under the benefit plan to pay the participant the benefit that he seeks.

See Hunt v. Hawthorne Associates, Inc. 119 F.3d 888, 906-907 (11th Cir. 1997).

Indeed, equitable relief the recovery of benefits which a participant was or will be denied.

## CONCLUSION

For all the foregoing reasons, Defendants Motion in Limine should be denied
Respectfully Submitted,

/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Ernsberger, P.C.
306 Fourth Ave. - Suite 300
Pittsburgh, PA 15222
(412) 391-2515   (phone)
(412) 391-2762 (fax)

Case 2:00-cv-02248-DWA     Document 118     Filed 10/17/2006     Page 6 of 7

## CERTIFICATE OF SERVICE

     I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the within Plaintiffs' Memorandum of Law in Response to Defendants' Motion In Limine was served upon the below listed counsel on the 17th day of October, 2006.

B. John Pendleton, Jr., Esquire
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652

                                              /s/Kenneth R. Behrend
                                              Kenneth R. Behrend
                                              PA I.D. # 37961
                                              Behrend and Emsberger, P.C.
                                              Union Bank Building - Suite 300
                                              306 Fourth Ave.
                                              Pittsburgh, PA 15222
                                              (412) 391-2515   (phone)
                                              (412) 391-2762   (Fax)