UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF | ) | CIVIL ACTION NO. 00-2248 |
| | ) | |
| Plaintiff, | ) | DONETTA W. AMBROSE |
| | ) | |
| v. | ) | CHIEF JUDGE |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY AND KENNETH F. KACZMAREK | ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DESIGNATION OF DEPOSITION EXCERPTS OF DEPOSITION OF WILHELMENIA TAYLOR**

---

**AND NOW,** comes the Plaintiff, by and through his attorney, Kenneth R. Behrend and the law firm of Behrend and Ernsberger, P.C., and files the following Reply to Defendants' Objections to Plaintiff's Designation of Deposition Excerpts of Depositions of Wilhelmenia Taylor:

| Page of Transcript | Response to Defendant's Objections |
|---|---|
| | **TRANSCRIPT DATED SEPTEMBER 26, 2002** |
| 4:11-16 | The testimony demonstrates that Ms. Taylor was provided as a corporate designee for the purpose of setting forth the company's position regarding APP. The fact that she was deposed in a different case is immaterial. |
| 15:3-21, 16:11-22 | The testimony establishes that the terms "vanishing premium" and Accelerated Payment Plan were terms used to identify the same type of payment plan and is relevant to establishing this point |

| 20:12-23 | The testimony establishes that the company lacked any method of tracking the number of policies sold through the use of the APP program |
|---|---|
| 26:16-27:4 | The testimony establishes that MetLife made no effort to notify policyholders that a change in the dividend rate had occurred or that such change would effect the period of time a policyholder would pay premiums. This testimony is relevant to demonstrate MetLife disregard for its policyholders regarding APP sales which were directly effected by changing dividend rates |
| 31:19-32:2 | Plaintiff does not object to the inclusion of transcript lines 32:3-7 |
| | **TRANSCRIPT DATED OCTOBER 2, 2002** |
| 5:5-15 | Plaintiff does not object to the exclusion of this testimony |
| 12:3-13:12, 36:14-37:8 | The testimony establishes that MetLife's corporate designee to discuss issues regarding the APP program was unaware of any investigation performed by the company to determine how MetLife's customer's had come to believe that their policies would be "paid-up" after a certain period of out-of-pocket payments. As Plaintiff has alleged that he was told both his policies would become "paid-up" MetLife's failure to attempt to determine how this impression was given to policyholders is relevant both to their intent and knowledge regarding APP sales, as well as the issue of punitive damages |
| 27:19-29:6 | The testimony and related document are relevant to show that MetLife considered but did not implement a tracking system regarding the sale of policies through the APP Plan. This evidence goes to MetLife's knowledge of potential problems with APP sales and is relevant |
| 35:13-41:25 | The testimony at issue goes to MetLife's failure to insure that its policyholders were accurately made aware that the change in the dividend scale in 1992 would effect the APP date for their policies and is relevant to demonstrate both MetLife's knowledge of the problems associated with APP and disregard for policyholders including Mr. Wyckoff who policies would be effected by the dividend change. |
| 42:2-44:19 | The testimony at issue goes to MetLife's failure to insure that its policyholders were accurately made aware that the change in the dividend scale in 1992 would effect the APP date for their policies and is relevant to demonstrate both MetLife's knowledge of the problems associated with APP and disregard for policyholders including Mr. Wyckoff who policies would be effected by the dividend change. |

| 46:4-50:4, 50:24-51:3 | The testimony at issue goes to MetLife's knowledge that the APP Illustrations issued prior to a dividend scale reduction would not perform as illustrated and the company's failure to insure that its policyholders were accurately made aware that the change in the dividend scale would effect the APP date for their policies and is relevant to demonstrate both MetLife's knowledge of the problems associated with APP and disregard for policyholders including Mr. Wyckoff who policies would be effected by the dividend change. |
|---|---|
| 55:20-56:1 | This portion of the transcript goes to the identification of the document set forth in Plaintiff's Exhibit 21, which is relevant as set forth in Plaintiff's Breif in Opposition to MetLife's Motion in Limine regarding that exhibit |
| 59:3-60:15 | The testimony relates to whether the proposal by Mr. Rayl that those policyholders on APP be notified of the effect of dividend reductions. This testimony goes to MetLife's knowledge of the problem and failure to inform policyholders. |
| 67:5-18 | The testimony establishes that MetLife's corporate designee to discuss issues regarding the APP program was unaware of any investigation performed by the company to determine how MetLife's customer's had come to believe that their policies would be "paid-up" after a certain period of out-of-pocket payments. As Plaintiff has alleged that he was told both his policies would become "paid-up" MetLife's failure to attempt to determine how this impression was given to policyholders is relevant both to their intent and knowledge regarding APP sales, as well as the issue of punitive damages |
| 79:7-80:24 | Plaintiff does not object to the exclusion of this testimony |
| 83:5-87:22 | This testimony relates to Defendants' knowledge of the problems associated with APP and their failure to take affirmative steps to correct the problem. It is relevant to punitive damages |
| 87:23-91:5, 92:7-13, 93:16-95:14, 103:18-106:23 | This testimony relates to Defendants' knowledge of the problems associated with APP and their failure to take affirmative steps to correct the problem. It is relevant to punitive damages |
| 107:11-110:9 | The testimony relates to whether the proposal by Mr. Rayl that those policyholders on APP be notified of the effect of dividend reductions. This testimony goes to MetLife's knowledge of the problem and failure to inform policyholders. |
| 112:6-11 | This portion of the transcript only serves to identify the document discussed in transcript page 113:11-118:4 which was designated by Plaintiff and not objected to by Defendants. |

| 118:5-122:5 | The testimony is relevant to demonstrate MetLife's corporate knowledge of the effect the dividend scale would have on the number of out-of-pocket premium payments which would be required to be made by policyholders sold on the APP program |
|---|---|
| 129:14-130:6 | Testimony establishes that "vanishing premium" was a term used within MetLife. |
| 130:7-131:10 | The testimony relates to MetLife's knowledge as of 1995 that tens of thousands of policies on APP would not be properly funded as a result of the continuing reduction of the dividend scales. |
| 139:6 | Plaintiff does not object to the exclusion of this line of testimony. |
| 145:3-13 | The testimony is relevant to demonstrate MetLife's corporate knowledge of the effect the dividend scale would have on the number of out-of-pocket premium payments which would be required to be made by policyholders sold on the APP program |

Respectfully submitted,


/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Ernsberger, P.C.
306 Fourth Ave. - Suite 300
Pittsburgh, PA 15222
(412) 391-2515   (phone)
(412) 391-2762   (Fax)

## CERTIFICATE OF SERVICE

      I, Kenneth R. Behrend, hereby certify that a true and correct copy of the foregoing was served upon the all counsel of record on this 17th day of October 2006, as follows:

B. John Pendleton, Jr., Esquire
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652

                BEHREND AND ERNSBERGER, P.C.

                /s/Kenneth R. Behrend
                Kenneth R. Behrend
                PA I.D. # 37961
                Behrend and Emsberger, P.C.
                306 Fourth Ave. - Suite 300
                Pittsburgh, PA 15222
                (412) 391-2515   (Phone)
                (412) 391-2762   (Fax)