## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | : CIVIL ACTION NO. 00-2248 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK, | : |
| Defendants. | : |

### Proposed Verdict Sheet
### With Special Interrogatories

**AND NOW,** this ___ day of November, 2006, we the empaneled jurors in the above-captioned case find as follows:

**A.    Statute of Limitations**

**1.    Sale of the 1991 policy** - By what date, through the use of reasonable diligence, did the Plaintiff know or should he have known the facts upon which this lawsuit is based with respect to the sale of the 1991 policy:

_____    _____    _____
Month                     Date                        Year

If you answered with any date before **February 23, 1998,** then you have found that plaintiffs' negligence and fraud claims regarding the 1991 policy on the life of Robert Wyckoff are barred by the statute of limitations.  Proceed to Section E.

If you answered with any date after **February 23, 1998,** then you have found that plaintiff's claims regarding the 1991 policy are not barred by the statute of limitations.  Proceed to the next question.

**B.      Fraud Claim**

2.      Has the plaintiff proven, by clear and convincing evidence, that Kenneth Kaczmarek or MetLife made a misrepresentation to the plaintiff in connection with the sale of the 1991 policy:

Yes _____          No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

3.      Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation was fraudulent in connection with the sale of the 1991 policy:

Yes _____          No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

4.      Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation was of a material past or present fact in connection with the sale of the 1991 policy:

Yes _____          No _____

If you answered "No," then skip to Section D.

If you answered "Yes," proceed to the next question.

5.      Has the plaintiff proven, by clear and convincing evidence, that Kenneth Kaczmarek or MetLife intended that the plaintiffs rely on the misrepresentation in connection with the sale of the 1991 policy:

Yes _____          No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

6       Has the plaintiff proven, by clear and convincing evidence, that plaintiff did in fact, rely on the misrepresentation in connection with the sale of the 1991 policy:

Yes _____       No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

7.       Has the plaintiff proven, by clear and convincing evidence, that his reliance on the misrepresentation was justifiable as to the 1991 policy:

Yes _____       No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

8.       Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation caused any direct out-of-pocket loss to plaintiff as to the 1991 policy:

Yes _____       No _____

Proceed to the Section C

## C.    **Punitive Damages**

**Part C should only be answered if you answered "Yes" to Question 8 in Part B.**

9.       Has the plaintiff proven by a preponderance of the evidence that either Kenneth Kaczmarek's or MetLife's conduct was outrageous, that is, done with evil motive or with reckless indifference to the interests of other:

Yes _____       No _____

If you answered "No," skip to section D.

If you answered "Yes," proceed to the next question.

10.    State the amount of punitive damages, if any, you award as a result of Kenneth Kaczmarek's or MetLife's outrageous conduct in connection with the sale of the 1991 policy:

$ _____

Proceed to Section D.

**D.    Negligence Claim**

**You only need to answer the questions in Part D if you answered "No" to Question 8 in Part B.**

11.    Has the plaintiff proven by a preponderance of the evidence that Kenneth Kaczmarek or MetLife was negligent as to the sale of the 1991 policy?

Yes _____        No _____

If you answered "No," then skip to Section E.

If you answered "Yes," proceed to the next question.


12.    Was the act of Kenneth Kaczmarek or MetLife you have found to be negligent a factual cause of any harm to the plaintiff as to the 1991 policy?


Yes _____        No _____

If you answered "No," then skip to Section E.

If you answered "Yes," proceed to the next question.

13.    Have defendants shown, by a preponderance of the evidence, that the plaintiff was contributorily negligent with respect to the 1991 policy?

Yes _____        No _____

If you answered "No," then proceed to Section E.

If you answered "Yes," proceed to the next question.

14.    If you answered "yes" to question 14, was the plaintiff's contributory negligence a factual cause of any harm to him as the 1991 policy?

4

Yes _____          No _____

15.    Taking the combined negligence that was a factual cause of any harm to the plaintiffs as 100 percent, what percentage of that causal negligence was attributable to Kenneth Kaczmarek or MetLife you have found causally negligent and what percentage was attributable to the plaintiff for the 1991 policy?

Percentage of causal negligence attributable to Kenneth Kaczmarek or MetLife (answer only if you have answered "yes" to questions 12 and 13)

_____%

Percentage of causal negligence attributable to the plaintiff (answer only if you have answered "yes" to questions 14 and 15).

_____%

Total 100%

Proceed to Part E.

**E.    UTPCPL**

16.    Has plaintiff proven by clear and convincing evidence that either Kenneth Kaczmarek or MetLife represented that the 1991 policy had approval, characteristics, benefits or quantities that it did not have?

Yes _____          No _____

If you answered "No," then skip to Question 19.

If you answered "Yes," proceed to the next question.

17.    Has plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1991 policy?

Yes _____          No _____

If you answered "No," then skip to Question 19.

If you answered "Yes," proceed to the next question.

18.    Has plaintiff sustained damages as a result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL?

Yes _____        No _____

Proceed to the next Question.

19.    Has Plaintiff proven by clear and convincing evidence that either Kenneth Kaczmarek or MetLife made false and misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions in the sale of the 1991 policy?

Yes _____        No _____

If you answered "No," then skip to Question 22.

If you answered "Yes," proceed to the next question.

20.    Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1991 policy?

Yes _____        No _____

If you answered "No," then skip to Question 22.

If you answered "Yes," proceed to the next question.

21.    Has Plaintiff sustained damages as a result of his justifiable reliance on the above violation of the UTPCPL in connection with the sale of the 1991 policy?

Yes _____        No _____

Proceed to the next Question.

22.    Has Plaintiff proven by clear and convincing evidence that either Kenneth Kaczmarek or MetLife failed to comply with the terms of any written guarantee or warranty given to Plaintiff at, prior to, or after the contract for purchase of the 1991 policy?

Yes _____        No _____

If you answered "No," then skip to Question 25.

If you answered "Yes," proceed to the next question.

23.     Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1991 policy?

Yes _____          No _____

If you answered "No," then skip to Question 25.

If you answered "Yes," proceed to the next question.

24.     Has Plaintiff sustained damages as the result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL in relation to the 1991 policy?

Yes _____          No _____

Proceed to the next Question.

25.     Has Plaintiff proven by clear and convincing evidence that either Kenneth Kaczmarek or MetLife engaged in any other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding in the sale of the 1991 policy?

Yes _____          No _____

If you answered "No," then skip to Section F.

If you answered "Yes," proceed to the next question.

26.     Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1991 policy?

Yes _____          No _____

If you answered "No," then skip to Section F.

If you answered "Yes," proceed to the next question.

27.     Has Plaintiff sustained damages as a result of his justifiable reliance on the above violations of the UTPCPL in relation to the 1991 policy?

Yes _____          No _____

Proceed to Section F.

**F.     Damages**

28.     **You only need to answer Question 37 if you answered (i) "Yes" to Question 8 in Part B, OR (ii) if you answered "Yes" to Question 15 in Part D, OR (iii) if you answered "Yes" to Questions 18, 21, 24, or 27 in Part E.**

**If you did not answer "Yes" to Question 8 in Part B, OR Question 15 in Part D, OR Questions 18, 21, 24, or 27 in Part E, then you have reached a verdict.**

State the amount of out-of-pocket damages, if any, sustained by the plaintiff as a result of the actions of defendants as to the sale of the 1991 policy:

$_____

Please have the foreperson sign the verdict sheet and inform the court that you have reached a verdict.

_____
                                FOREPERSON

**Respectfully Submitted,**

s/ B. John Pendleton, Jr.
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendant
Metropolitan Life Insurance Company and
Kenneth M. Kaczmarek

Dated: October 19, 2006