## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROBERT G. WYCKOFF, | : CIVIL ACTION NO. 00-2248 |
| Plaintiff, | : |
| | : |
| v. | : CHIEF JUDGE AMBROSE |
| | : |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH KACZMAREK | : |
| Defendants. | : |

## PROPOSED JOINT JURY INSTRUCTIONS AS TO WHICH THERE IS AGREEMENT AND PROPOSED JURY INSTRUCTIONS AS TO WHICH THERE IS NO AGREEMENT

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek, hereby submit proposed joint jury instructions as to which the parties have reached agreement as well as the proposed jury instructions of each party as to which the parties have not reached agreement after meeting and conferring. The parties reserve the right to amend and supplement these proposed jury instructions as a result of the evidence presented at trial, any rulings on motions and/ or other events prior to or during trial.

## I.    PROPOSED JOINT JURY INSTRUCTIONS

### Defendants' Proposed Jury Instruction No. 6
### Objections by Attorneys

It is the duty of an attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney, or his or her client, because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the court has sustained an objection to a question addressed to a witness or to a document, the jury must disregard the question or document entirely and may draw no inference from the wording of it or speculate as to what the witness could have said if he or she had been permitted to answer the question.


**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____


**Authority:**    See Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.49 (5th ed. 2000); Pa. Proposed Points for Jury Instruction — Civil, Civil Procedure No. 4 at p. 358.

1

## Defendants' Proposed Jury Instruction No. 7

### Questions Asked by a Judge During Trial

During the course of the trial, I have had occasion to ask questions of some of the witnesses. The judge has the right, and, indeed, the duty to see that the facts are clearly presented; and my purpose in asking questions was to clarify certain matters in the case.

Again, and I emphasize this as strongly as I know how, you are not to draw any conclusion that, by my interrogation of the witnesses, I have intended to convey any point of view as to the witnesses' credibility or whether a verdict for either party is appropriate.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.30 (5th ed. 2000); Pa. Proposed Points for Jury Instruction — Civil, Civil Procedure No. 5 at p. 358.

2

## Defendants' Proposed Jury Instruction No. 9

### Conflicting Testimony

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.


**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____



**Authority:**     Pa. S.S.J.I. (Civ.) § 5.04; <u>See also</u> Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.01 (5th ed. 2000)

3

## Defendants' Proposed Jury Instruction No. 10

### Manner of Impeachment

A witness may be discredited or impeached by contradictory evidence, or by evidence that, at some other time, the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony. In determining the weight to be given to testimony, you can consider if the witness is receiving any pecuniary benefit for the testimony.

If you believe any witness has been impeached, and thus discredited, it is your exclusive right to give the testimony of that witness the credibility, if any, you may think it deserves.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other matters; and you may reject all the testimony of that witness or give it such credibility as you think it deserves. An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**   See Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.04 (5th ed. 2000); Pa. Proposed Points for Jury Instruction — Civil, Evidence No. 18 at p. 14.

4

## Defendants' Proposed Jury Instruction No. 11

### Willfully False Testimony

If you decide that a witness has deliberately falsified his or her testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his or her testimony; and you may refuse to believe the rest of his or her testimony, but you are not required to do so.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**    Pa. S.S.J.I. (Civ.) § 5.05; Lobozzo v. Adam Eidemiller, Inc., 437 Pa. 360, 263 A.2d 432 (1970); Universal Builders, Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, 244 A.2d 10 (1968).

**Defendants' Proposed Jury Instruction No. 12**

**Deposition Testimony**

During the trial of this case, certain deposition testimony has been shown and read to you by way of written transcripts, consisting of answers under oath to questions asked of the witness in advance of the trial, in the presence of a court reporter, by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition under oath by videotaped depositions shown to you or a written transcript read to you. Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, as if the witness otherwise had been present, and had testified from the witness stand.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.02 (5th ed. 2000); Pa. S.S.J.I. (Civ.) § 2.05.

6

## Defendants' Proposed Jury Instruction No. 14

### Experts' Opinions – Basis for Opinion Generally

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**ACCEPT**      _____

**DECLINE**    _____

**MODIFY**      _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.31.

7

## Defendants' Proposed Jury Instruction No. 16

### Hypothetical Questions

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. By material fact, we mean one that was important to the expert in forming his or her opinion.

Similarly, if the expert has made it clear that his or her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.32.

8

**Defendants' Proposed Jury Instruction No. 17**

**Weighing Conflicting Expert Testimony**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.33.

9

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**CORPORATE RESPONSIBILITY FOR ACTS OF EMPLOYEES**

At all times material to this case, the sales representative who made the sale to Mr. Wyckoff, was acting within the scope of his employment and was an employee and agent of Metropolitan Life Insurance Company.

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 56**
**EXPERT WITNESSES - GENERALLY**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is called an expert witness and is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

5TH CIR. CIVIL JURY INSTR. 2.19

Accepted: _____    Not Accepted: _____    Covered: _____

11

## II.    DEFENDANTS' PROPOSED JURY INSTRUCTIONS AS TO WHICH THERE IS NO AGREEMENT

### Defendants' Proposed Jury Instruction No. 1

#### Discretion to Determine Facts

You, as a jury, are the sole arbiters of the facts relating to plaintiff's fraud and negligence claims. You, and you alone, decide which witnesses are truthful and which are less than truthful. Any conflicts in the testimony in this case are to be resolved by you as the finder of the facts in this case.


**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____


**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.10 (5th ed. 2000);

## Defendants' Proposed Jury Instruction No. 2

### Decision Based on Facts Alone

You must decide this case on the facts only, with no guessing or conjecture on your part. You are not permitted to reach a verdict merely on the basis of speculation or conjecture. There must be evidence upon which your conclusions are logically based.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____



**Authority:**    Semet v. Andorra Nurseries, Inc., 219 A.2d 357 (Pa. 1966).

13

## Defendants' Proposed Jury Instruction No. 3

### Sympathy Not a Factor

Sympathy or a prejudice against any of the parties must not play any part in your decision-making process.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Murphy v. Pennsylvania R.R. Co., 140 A. 867 (Pa. 1928).

14

## Defendants' Proposed Jury Instruction No. 4

### All Persons Stand Equal Before the Law, Including Corporations

The fact that the plaintiff is an individual and MetLife is a corporation must not enter into or affect your verdict. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar standings in life. A corporation is entitled to the same fair trial as a private individual. All parties, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.12 (5th ed. 2000);

15

## Defendants' Proposed Jury Instruction No. 5

### Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.43 (5th ed. 2000).

16

## Defendants' Proposed Jury Instruction No. 8

### Number of Witnesses

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors that you should consider. Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested persons, are among the important factors that indicate the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance.

**ACCEPT**  _____

**DECLINE**  _____

**MODIFY**  _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.54 (5th ed. 2000); Pa. S.S.J.I. (Civ.) § 5.03.

**Defendants' Proposed Jury Instruction No. 13**

**Experts' Testimony**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.40 (5th ed. 2000).

<u>**Defendants' Proposed Jury Instruction No. 15**</u>

**Otherwise Inadmissible Evidence Must Be Limited**

When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, you must consider the facts and data <u>only</u> to explain the basis for the expert's opinion, and <u>not</u> as substantive evidence.

**ACCEPT**    _____

**DECLINE**   _____

**MODIFY**    _____

**Authority:**  1 West's Pa. Prac., Evidence R 703 (2d ed. 2003); <u>Horn v. General Motors Corp.</u>, 1986 WL 12506, *1 (E.D.Pa. Nov. 3, 1986).

19

## Defendants' Proposed Jury Instruction No. 18

### Negligence

The plaintiff claims that he sustained damages as a result of the negligent conduct of the defendants. The plaintiff has the burden of proving those claims.

The defendants deny the plaintiff's claims and assert as an affirmative defense that plaintiff was negligent and that such negligence was a factual cause in bringing about the plaintiff's damages. The defendants have the burden of proving this affirmative defense.

Based upon the evidence presented at this trial, the issues for you to decide in accordance with the law as I will give it to you:

> First, were the defendants negligent?
> Second, was the defendants' conduct a factual cause in bringing about damages to the plaintiff?
> Third, was the plaintiff negligent and was such negligence a factual cause in bringing about the plaintiff's damages?

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

A defendant's negligent conduct need only be a factual cause of the plaintiff's harm. It does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the harm. If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendants was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, a defendant's conduct need not be the only factor. The fact that some other cause concurs with the negligence of defendant in producing an injury does not relieve the defendant from liability as long as his or her own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of another defendant or the plaintiff. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances. [1]

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 3.00.

---

[1] In the event of a compensatory award to the plaintiff on another theory of liability, the defendants object to any instruction or award that would result in a duplicative recovery or windfall for the plaintiff.

21

## Defendants' Proposed Jury Instruction No. 19

### Burden of Proof - Negligence

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle the plaintiff to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think if you will of an ordinary balance scale, with a pan on each side. On one side of the scale, place all of the evidence favorable to the plaintiff; on the other, place all of the evidence favorable to the defendants. If, after considering the comparable weight of the evidence, you feel that the scales tip ever so slightly, or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff. If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

In this case, the plaintiff has the burden of proving the following propositions: that the defendants were negligent, and that the defendants' negligence was a factual cause in bringing about the plaintiff's claims. If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendants.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Pa.S.S.J.I. (Civ.) § 5.50.

22

## Defendants' Proposed Jury Instruction No. 20

### Negligence -- Definition

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**    Pa. S.S.J.I. (Civ.) § 3.01.

23

## Defendants' Proposed Jury Instruction No. 21

### Ordinary Care -- Definition

Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case. It is the duty of every person to use ordinary care not only for his or her own safety and the protection of his or her property, but also to avoid harm to others. What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there. The amount of care required by the law must be in keeping with the degree of danger involved.

**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 3.02.

24

## Defendants' Proposed Jury Instruction No. 22

### Contributory Negligence

The defendants claim that the plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the plaintiff to prove his freedom from contributory negligence. The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the defendant has proven that the plaintiff, under all the circumstances present, failed to use reasonable care.

The defendants claim that the plaintiff was negligent in their own conduct because he had the opportunity to, but did not, read the application before signing or the policy when received, or return the policy if the policy was not what the plaintiff wanted.

Even if you find that the plaintiff was negligent, you must also determine whether the defendants have proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's damages. If the defendants have not sustained that burden of proof, then the defense of contributory negligence has not been made. In determining legal cause, you will refer to my previous instruction.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**   Pa. S.S.J.I. (Civ.) § 3.03;  Pa. Proposed Points for Jury Instruction — Civil, Negligence No. 13 at p. 85.

25

## Defendants' Proposed Jury Instruction No. 23

### Contributory Negligence – Duty to See What is Obvious

One who fails to observe the cause of his injury, which is plainly visible, and proceeds without regard for his own best interest is guilty of negligence as a matter of law.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____


**Authority:**    <u>See</u> Pa. Proposed Points for Jury Instruction — Civil, Negligence No. 17 at p. 87.

26

## Defendants' Proposed Jury Instruction No. 24

### Proving Negligent Misrepresentation

Five elements must be established to find that a negligent misrepresentation occurred:
- (1) a misrepresentation;
- (2) an utterance of the misrepresentation by defendant;
- (3) an intention by defendant to induce the plaintiff to act by the utterance;
- (4) justifiable reliance by the plaintiff upon the misrepresentation; and
- (5) damages to the plaintiff as a result of his reliance on the misrepresentation.

To establish the second element, an utterance of the misrepresentation, you must find that:
- (1) the defendant's intent was knowing or reckless; and
- (2) he knew or believed the matter was not as represented, did not have confidence in the accuracy of the representation as stated or implied, or knew that there was no basis for the representation as stated or implied.

The elements of negligent misrepresentation differ from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of the words, coupled with a duty from one party to another.

All elements must be proven by a preponderance of the evidence.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

Authority: Pa. SSJI (Civ), § 15.34 (2003); Mele Construction Co. v. Crown American Corp., 618 A.2d 956 (Pa.Super. 1992); Brindle v. West Allegheny Hospital, 594 A.2d 766 (Pa.Super. 1991); Bortz v. Noon, 556 Pa. 489, 499, 729 A.2d 555, 561 (1999); Fiorentino v. Travelers Ins. Co., 448 F.Supp. 1364 (E.D.Pa. 1978); Avondale Cut Rate v. Associates Excess Indemnities, 406 Pa. 493, 178 A.2d 758 (1962); Arresto v. National-Ben Franklin F. Ins. Co., 184 Pa.Super. 114, 133 A.2d 304 (1957); Rempel v. Nationwide Life Ins. Co., Inc., 227 Pa.Super. 87, 323 A.2d 193 (1974), aff'd, 471 Pa. 404, 370 A.2d 366 (1977); Busy Bee, Inc. v. Wachovia Bank, N.A., 2006 WL 723487 (Pa.Com.Pl. Feb. 28, 2006).

27

**Defendants' Proposed Jury Instruction No. 25**

**Negligent Misrepresentation Cannot Constitute a Fraudulent Misrepresentation**

A single representation cannot serve as both a fraudulent misrepresentation and a negligent misrepresentation. In other words, the same representation cannot constitute a fraudulent misrepresentation as well as a negligent misrepresentation.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Busy Bee, Inc. v. Wachovia Bank, N.A., 2006 WL 723487 (Pa.Com.Pl. Feb, 28, 2006).

**Defendants' Proposed Jury Instruction No. 26**

**Comparative Negligence and Apportionment Among Joint Tortfeasors**

The court has already instructed you about what you may consider in determining whether the defendants were negligent, whether the plaintiff was contributorily negligent, and whether such negligence, if any, was a factual cause in bringing about the plaintiff's harm. If you find, in accordance with these instructions, that the defendants were negligent, and such negligence was a factual cause in bringing about the plaintiff's harm, you must then consider whether the plaintiff was contributorily negligent. If you find that the plaintiff was contributorily negligent and such contributory negligence was a factual cause in bringing about the harm, then you must apply the Comparative Negligence Act, which provides, in Section 1:

> The fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than that causal negligence of the defendant, or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

Under this act, if you find that the defendants were causally negligent, and you find that the plaintiff was also causally negligent, it is your duty to apportion the relative degree of causal negligence between the defendants and the plaintiff. In apportioning the causal negligence, you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this occurrence, as you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than the causal negligence of the defendant you find to have been negligent, then the plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiff's causal negligence was equal to or less than the causal negligence of the defendant you find to have been causally negligent, then you must set forth the percentages of causal negligence attributable to the plaintiff, and the percentage of causal negligence attributable to the defendant or the defendants you find to have been causally negligent. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if he had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff.

To further clarify these instructions, the court will now distribute to each of you a verdict form containing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the court clerk. The verdict form reads as follows:

29

Question 1:

Has the plaintiff proven by a preponderance of the evidence that Kenneth Kaczmarek or MetLife was negligent as to the sale of the 1991 policy?

Yes _____        No _____

If you answer question 1 "No" as to the defendants, the plaintiff cannot recover and you should not answer any further questions on this form.

Question 2:

Was the act of Kenneth Kaczmarek or MetLife you have found to be negligent a factual cause of any harm to the plaintiff as to the 1991 policy?

Yes _____        No _____

If you answer question 2 "No," the plaintiff cannot recover and you should not answer any further questions on this form.

Question 3:

Was the plaintiff contributorily negligent?

            Yes __        No __

If you answer question 3 "No," proceed to question 5.

Question 4:

If you answered question 3 "Yes," was the plaintiff's contributory negligence a factual cause of any harm to him?

            Yes __        No __

Question 5:

Taking the combined negligence that was a factual cause of any harm to the plaintiff as 100 percent, what percentage of that causal negligence was attributable to the defendants you have found causally negligent and what percentage was attributable to the plaintiff?

Percentage of causal negligence attributable to MetLife and Kenneth Kaczmarek (answer only if you have answered "yes" to questions 1 and 2) _____%

Percentage of causal negligence attributable to the plaintiff (answer only if you have answered "yes" to questions 3 and 4) ____%

Total 100%

If you found the plaintiff's causal negligence to be greater than 50 percent, then the plaintiff cannot recover and you should not answer Question 6.

Question 6:

State the amount of damages, if any, sustained by the plaintiff as a result of the transaction at issue, without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the plaintiff.          $_____

After you return your answers to these questions on the verdict form, signed by your foreman, the court will determine the amount to be awarded to the plaintiff, if any, by reducing the amount of damages found by you in proportion to the percentage of the plaintiff's causal contributory negligence, if any. I again caution you that you are not to make this reduction yourselves in reaching the amount of the plaintiff's damages, as set forth by you in answer to Question 6.


**ACCEPT**          _____

**DECLINE**          _____

**MODIFY**          _____


**Authority:**     Pa. S.S.J.I. (Civ.) § 3.03A;  Pa. Proposed Points for Jury Instruction — Civil, Negligence No. 19 at p. 88.

## Defendants' Proposed Jury Instruction No. 27

### Fraud

(1)    A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all harm resulting from that other person's reliance on the fraudulent misrepresentation. In order for plaintiff to recover against the defendants, you must find that (1) the defendants made a misrepresentation to plaintiff, (2) the misrepresentation made by the defendants to plaintiff was fraudulent, (3) the misrepresentation was of a material fact, (4) the defendants intended that the plaintiff would rely on the defendants' misrepresentation, (5) the plaintiff relied on the defendants' misrepresentation, (6) the reliance was justifiable, and (7) the plaintiff's reliance on the defendants' misrepresentation was a factual cause of the harm suffered by the plaintiff.

(2)    A misrepresentation is fraudulent when the person making the misrepresentation (a) knows that it is untrue or (b) does not believe it is true or is indifference as to whether it is true.

(3)    A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted (or would not have failed to act) as he or she did unless he or she considered the misrepresentation to be true. To be justifiable, the reliance on the misrepresentation must be reasonable.

In deciding whether there is justifiable reliance in a noncommercial insurance transaction, you are instructed that an insured is not necessarily required to read the insurance policy at the time it is delivered. Instead, you must consider the positions of the parties, their expertise and experience, and the circumstances of the transaction. If you find that, under the circumstances of the transaction that is the subject of this litigation, a reasonable person with the plaintiff's background and experience would rely on the agent's description of the material terms of the insurance policy, there is justifiable reliance even though the plaintiff did not read the policy when it was delivered.

On the other hand, a plaintiff cannot recover if he or she blindly relies upon a misrepresentation the falsity of which would be patent or obvious if he or she used the opportunity to make a cursory examination or investigation. You may consider plaintiff's background and experience, the relationship of the parties, and the circumstances of the transaction as to whether it was unreasonable for the plaintiff not to have read the policy when it was delivered.

In summary, policyholders are not always required to read their insurance policies. As to the contrary, an insured may, instead, rely on the representations of his or

her insurance agent unless, under the circumstances, it was unreasonable for that insured not to read the policy when it is delivered.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

Authority:    Pa. S.S.J.I. (Civ.) § 13.14.

Pa. Proposed Points for Jury Instruction — Fraud, No. 7.

See Gibbs v. Ernst, 647 A.2d 882, 889-90 (Pa. 1994); Equitable Life Assurance Soc'y. v. McCausland, 200 A. 85, 86 (Pa. 1938) (quoting Applebaum v. Empire State Life Assurance Soc'y, 166 A. 768, 769 (Pa. 1933)); Kilmore v. Erie Ins. Co., 595 A.2d 623, 626-27 (Pa. Super. 1991); Fasig v. Security-Connecticut Life Ins. Co., 41 Pa. D.&C. 4th 494, 504 (C.C.P. Wayne Cty. 1999); McGuire v. Schneider, Inc., 534 A.2d 115, 1991 (1987); Field v. Mans, 516 U.S. 59, 71 (1995); Rempel v. Nationwide Life Ins. Co., 370 A.2d 366, 369 (Pa. 1977); Emery v. Third Nat'l Bank, 162 A. 281, 283 (Pa. 1932); Bradley v. Ragheb, 633 A.2d. 192, 196 (Pa. Super. 1993); Noyes v. General Am. Life Ins. Co., 1998 WL 54347, *11 (E.D. Pa., Jan. 16, 1998); Toy v. Metropolitan Life Ins. Co., 2004 Pa. Super. 404 (2004).

## Defendants' Proposed Jury Instruction No. 28

### Intent Necessary to Prove Fraud

The intent necessary to prove fraud has been characterized as knowing or reckless, and applies when the maker of the statement knows or believes that the matter is not as he or she represents it to be, does not have the confidence in the accuracy of the representation that is stated or implied, or knows that there is no basis for the representation that is stated or implied.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____


**Authority:**   Pa. Proposed Points for Jury Instruction — Fraud, No. 4 at p. 294; see also Mele Constr. Co., Inc. v. Crown Am. Corp., 618 A.2d 956 (Pa. Super. 1986).

**Defendants' Proposed Jury Instruction No. 29**
**Justifiable Reliance Necessary to Prove Fraud**

To prevail on their fraud claim, plaintiff must establish that he justifiably relied on alleged misrepresentations at the time of the sale of the policies.

When you consider whether plaintiff "justifiably relied" on any oral representations at the time of the sale of the policies, you are not to consider whether plaintiff actually relied on the oral representations. Instead, you must consider whether, under the circumstances, it was justifiable that plaintiff relied on those representations.

**ACCEPT**     _____

**DECLINE**    _____

**MODIFY**     _____

Authority:    See Gibbs v. Ernst, 647 A.2d 882, 889-90 (Pa. 1994); Equitable Life Assurance
              Soc'y. v. McCausland, 200 A. 85, 86 (Pa. 1938) (quoting Applebaum v. Empire
              State Life Assurance Soc'y, 166 A. 768, 769 (Pa. 1933)); Kilmore v. Erie Ins.
              Co., 595 A.2d 623, 626-27 (Pa. Super. 1991); Fasig v. Security-Connecticut Life
              Ins. Co., 41 Pa. D.&C. 4th 494, 504 (C.C.P. Wayne Cty. 1999); McGuire v.
              Schneider, Inc., 534 A.2d 115, 1991 (1987).

35

## Defendants' Proposed Jury Instruction No. 30

### Knowledge of Content of Policy Imputed

Under Pennsylvania law, an insured is required and presumed to know the contents of his insurance policy. An insured is also deemed to know what he has signed. Therefore, even if plaintiff has not read the insurance policy or the applications for the policy, which was signed, you must assume that plaintiff knew what was contained in the applications and the policy.

**ACCEPT**    _____

**DECLINE**   _____

**MODIFY**    _____

**Authority:**    Equitable Life Assurance Soc'y. v. McCausland, 200 A. 85, 86 (Pa. 1938) (quoting Applebaum v. Empire State Life Assurance Soc'y, 166 A. 768, 769 (Pa. 1933)); Kilmore v. Erie Ins. Co., 595 A.2d 623, 626-27 (Pa. Super. 1991).

## Defendants' Proposed Jury Instruction No. 31

## Illustration of Future Dividends

At the time of the sale of the policy at issue, Pennsylvania Insurance Regulations required MetLife to use current dividend scales in illustrations.

**ACCEPT**     _____

**DECLINE**     _____

**MODIFY**     _____

**Authority:** 31 Pa. Code § 87.29

## Defendants' Proposed Jury Instruction No. 32

### Fraud – Misrepresentation Limited to Past or Present Material Fact

A cause of action for fraud must allege a false statement of a past or present material fact, and not a promise, predictor or opinion of what might happen in the future.  Representations of future performance are not actionable.

**ACCEPT**  _____

**DECLINE**  _____

**MODIFY**  _____

**Authority:**  Bruck v. Pennsylvania Nat'l Ins. Cos., 449 Pa. Super. 22, 672 A.2d 1335, 1338 (1996); Krause v. Great Lakes Holdings Inc., 563 A.2d 1182, 1187-88 (Pa. Super. 1989).

## Defendants' Proposed Jury Instruction No. 33

### Burden of Proof: Clear and Convincing Evidence

The plaintiff also contend that the defendants should be held liable for fraud. The plaintiff also has the burden of proof with respect to the fraud claim. The burden of proof for the plaintiff's fraud claim requires that the plaintiff's fraud claim must be established by clear and convincing evidence.

To satisfy the burden of proof as to these issues, the plaintiff must prove every element of these claims by clear and convincing evidence. For evidence to be clear and convincing, the witnesses must be found credible; the facts to which they testify must be distinctly remembered, and the testimony must be so clear, direct, and convincing that you can reach a clear conviction, without hesitancy, of the truth of the precise facts at issue.

In other words, plaintiff must present you with witnesses who both specifically remember facts to which they testify and carefully relate details of the alleged fraudulent misrepresentations. If plaintiff fails to do so, they have failed to carry the burden of persuasion and have not sufficiently established a claim for fraud or fraudulent misrepresentations by defendants. If plaintiff so fail, plaintiff is not entitled to damages for fraud or fraudulent misrepresentation.


**ACCEPT**     _____

**DECLINE**    _____

**MODIFY**     _____


**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.02 (5th ed. 2000); Pa. S.S.J.I. (Civ.) § 5.50A; Pa. Proposed Points for Jury Instruction — Fraud, No. 2 at p. 294; see also Laughlin v. McConnel, 191 A.2d 921, 923 (Pa. Super. Ct. 1963).

39

## Defendants' Proposed Jury Instruction No. 34

### Damages – Fraud

Provided plaintiff establish the fraud claim by clear and convincing evidence, the appropriate measure of damages for that claim is the "actual loss" incurred as a result of the fraud and not what plaintiff expected would be the benefit of the bargain. In other words, plaintiff's damages for the alleged fraud are limited to the losses that were immediately and proximately caused by the fraud. Such damages consist of out-of-pocket expenses incurred.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**   Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243 (Pa. Super. 1983); see also Savitz v. Weinstein, 149 A.2d 110 (Pa. 1959); see also Neuman v. Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759 (Pa. 1947); see also First Lehigh Bank v. North River Ins. Co., 1989 WL 146654 (E.D. Pa. Dec. 4, 1989).

## Defendants' Proposed Jury Instruction No. 35

### Damages -- Fraud

The plaintiff is entitled to be fairly and adequately compensated (1) in an amount measured by the difference between the value they gave and the value they received in the transaction; and (2) for all monetary losses otherwise suffered as a result of the fraud.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**    Pa. S.S. J.I. (Civ.) § 13.15.

41

## Defendants' Proposed Jury Instruction No. 36

### UTPCPL – Burden of Proof

Plaintiff claims that defendants violated Pennsylvania's Unfair Trade Practices Consumer Protection Law (the "UTPCPL"), which is a law enacted to outlaw unfair or deceptive business practices. As with a claim for fraud, plaintiff bears the burden of establishing a violation of the UTPCPL by clear and convincing evidence.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004);  see also Feeney v. Disston Manor, 849 A.2d 590, 597 (Pa. Super. 2004);  Sewak v. Lockhart, 699 A.2d 755, 759, 761 (Pa. Super. 1997);  Dawson v. Dovenmuehle Mtge., Inc., 2002 WL 501499, *6 (E.D. Pa. 2002).

42

## Defendants' Proposed Jury Instruction No. 37

### UTPCPL

Plaintiff claims that defendants violated the UTPCPL by:

1. Representing that good or services have approval, characteristics benefits or quantities that they do not have;

2. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

3. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

4. Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding

In order to prove any of the above claims, plaintiff must, by clear an convincing evidence, demonstrate: (1) a misrepresentation by defendants; (2) that plaintiff justifiably relied on this misrepresentation; (3) and that plaintiff suffered damages as a result of this reliance. If you find otherwise, you must find in favor of defendants.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**    Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004).

## Defendants' Proposed Jury Instruction No. 38

### Damages -- UTPCPL

If you find that defendants committed a violation of the UTPCPL, plaintiff is entitled to his "actual loss" as a result of that violation. As with fraud, the plaintiff is entitled to be fairly and adequately compensated (1) in an amount measured by the difference between the value they gave and the value they received in the transaction; and (2) for all monetary losses otherwise suffered as a result of the violation.


**ACCEPT**        _____

**DECLINE**      _____

**MODIFY**       _____


**Authority:**     Newman v. Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759, 766 (Pa. 1947); Agliori v. Metropolitan Life Ins. Co., No. 1579 WDA 2004, 2005 Pa. Super. 253 (July 8, 2005); Skurnowicz v. Lucci, 798 A.2d 788, 795 (Pa. Super. 2002); Young v. Dart, 428 Pa.Super. 43, 53-54 (1993).

## Defendants' Proposed Jury Instruction No. 39

### Damages Must Be Proven with Reasonable Certainty

Under the law of Pennsylvania, damages are not to be presumed, and they cannot be based upon guess or speculation. Therefore, each party has the burden of proving with reasonable certainty the damages which they allege to have sustained on each of their claims. If, after hearing all the evidence, you cannot determine the damages on a particular claim with any degree of certainty, you cannot award damages on that claim.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**   Pa. Proposed Points for Jury Instruction — Damages, No. 1 at p. 318;  Pratt v. Stein, 444 A.2d 674 (Pa. Super. 1982); Gordon v. Trovato, 338 A.2d 653 (Pa. Super. 1975).

45

## Defendants' Proposed Jury Instruction No. 40

### Mitigation of Damages

The law requires a person who is damaged by the conduct of another to take all reasonable steps to minimize his or her damages. The defendant has the burden to prove the plaintiff's failure in this regard. If you believe that the defendants have proven that the plaintiff could have taken such steps and did not do so, then you must not award damages for harm that could have been avoided. A person damaged by the actions of another is not entitled to recover damages for any harm that he or she could have avoided by the use of reasonable effort or expenditure after the damages.

In determining whether a person's damages should be reduced by his or her failure to take reasonable steps to minimize the damages, you must consider the amount of effort and the possible risk and expense that would have been involved in doing so.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 6.35; Pa. Proposed Points for Jury Instruction — Damages, No. 13 at p. 345.

## **Defendants' Proposed Jury Instruction No. 41**

### **Discovery Rule**

If you find for the plaintiff as to the fraud and/or negligence claims, there is another question that you must decide. This has to do with the defense of the defendants that the lawsuit was not timely filed.

If you find that the defendants committed fraud or negligence, you have decided that at the time the insurance policy was delivered, the plaintiff neither knew nor should have known of the defendants' fraud or negligence. In this situation, the plaintiff had to sue within two years after the plaintiff acquired additional information that would cause a reasonably diligent person in the plaintiff's position to no longer rely on the defendants' misrepresentations.

The question you need to decide is when it was no longer reasonable for the plaintiff to continue to rely on those representations of the agent that were inconsistent with the provisions in the insurance policy. The policyholder must employ those qualities of attention, knowledge, intelligence and judgment which society requires for its members for their protection and the protection of others. It is the plaintiff's burden to demonstrate that he could not have discovered the misrepresentation through the exercise of reasonable diligence. A party is not under an absolute duty to discover the cause of his injury; rather, he must exercise only that level of diligence that a reasonable person would employ under the facts and circumstances presented in the case.

In this case, the lawsuit was filed on February 23, 2000. Consequently, it was timely filed unless the plaintiff had by February 23, 1998, acquired information that would cause a reasonably diligent person in the plaintiff's position to no longer rely on the defendants' representations.

In answering the question asking – Was this lawsuit timely filed? – you shall answer "yes" if it was reasonable for the plaintiff to continue to rely on those representations of the insurance agent that were inconsistent with the provisions in the policy until on or after February 23, 1998. However, if some time before February 23, 1998 it was no longer reasonable for the plaintiff to rely on these misrepresentations, you shall answer "no" to the question of whether this lawsuit was timely filed.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Pa. S.S.J.I. (Civ.) § 3.33

47

**Defendants' Proposed Jury Instruction No. 42[2]**

**Punitive Damages – General Instructions**

You must decide whether any defendant is liable for punitive damages. Punitive damages may be awarded only for conduct that is outrageous. Conduct is outrageous when the defendant acts with evil motive or acts with reckless indifference to the rights of others.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

Authority:    Pa. S.S.J.I. (Civ.) § 14.00; <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 555 A.2d 800 (Pa. 1989).

---

[2] To the extent that punitive damages may be available to plaintiff, the punitive damages phase of the trial should be bifurcated. Accordingly, instructions pertaining to punitive damages should be read to the jury only if (i) the jury finds that any defendant is liable to plaintiff, (ii) the jury finds that plaintiff suffered actual loss, and (iii) this Court finds that the evidence in this case supports a punitive damage award.

## Defendants' Proposed Jury Instruction No. 43

### Punitive Damages – General Instructions

The conduct required to find a defendant liable for punitive damages is of a different kind than that required to find the defendant liable for compensatory damages. The conduct giving rise to the award of compensatory damages is not sufficient in and of itself, to base an award of punitive damages.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**    Pittsburgh Live, Inc. v. Servov, 615 A.2d 438 (Pa. Super. 1992).

49

## Defendants' Proposed Jury Instruction No. 44

### Punitive Damages – General Instructions

During the liability phase of the trial, you found plaintiff is entitled to compensatory damages. That finding does not mean, however, that you are required to award punitive damages against any defendant. The purpose of punitive damages is to punish a defendant for conduct that is outrageous, because of evil motive or reckless indifference to the rights of others and to ensure that the conduct does not occur again in the future. Punitive damages are not awarded as a matter of right and are not to be considered a form of compensation as plaintiff has already been compensated in the prior phase of the trial. You should award punitive damages only if you conclude that, even after the defendant has paid the compensatory award, further sanctions are necessary to accomplish the goals of punishment and deterrence.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

Authority:    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800 (Pa. 1989).

50

## Defendants' Proposed Jury Instruction No. 45

### Punitive Damages – General Instructions

Even if you find that the defendant's conduct was outrageous, because of evil motive or reckless indifference to the rights of others, you are not required to award punitive damages. Whether punitive damages should be imposed is left to your sound discretion, which must be exercised without passion or prejudice.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**    <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

51

## Defendants' Proposed Jury Instruction No. 46

### Punitive Damages – Amount of Award

If you determine that some amount of punitive damages should be imposed on any defendant, it will then be your task to set an amount that is appropriate. The amount should be a sum that you believe is sufficient, but no higher than necessary, to achieve the objectives of punishment and deterrence.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Viener v. Jacobs, 834 A.2d 546 (Pa Super. 2003); Pittsburgh Live, Inc. v. Servov, 615 A2d 438 (Pa. Super. 1992); Hollock v. Erie Ins. Exch., 842 A.2d 409 (Pa. Super. 2004).

## Defendants' Proposed Jury Instruction No. 47

### Punitive Damages – Amount of Award

The "size of a punitive damages award must be reasonably related to the State's interest in punishing and deterring the particular behavior of the defendant and not the product of arbitrariness or unfettered discretion."

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    Shiner v. Moriarty, 706 A.2d 1228, 1241 (Pa. Super. 1998); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

53

## Defendants' Proposed Jury Instruction No. 48

### Punitive Damages – Amount of Award

The amount of punitive damages, if any, must be proportionate to the wrongfulness of a defendant's conduct. In determining the degree of reprehensibility of a defendant's conduct, you should consider whether (i) the harm caused to plaintiff was physical as opposed to economic; (ii) the conduct evidenced an indifference to or reckless disregard of the health or safety of others; (iii) plaintiff was financially vulnerable; (iv) defendant's conduct involved repeated actions or instead was an isolated incident; and (v) whether the harm to plaintiff resulted from intentional malice, trickery, or deceit. Even if you find some of the factors weighing in favor of a finding of reprehensibility to be present in this case, that does not mean that a large (or indeed any) punitive damages award necessarily is warranted. If, however, you do not find any of these factors showing reprehensibility to be present, punitive damages are most likely not justified and you should decline to award them.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____


**Authority:**   BMW of North America Inc. v. Gore, 517 U.S. 559 (1996); State Farm Mut.
Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

54

**Defendants' Proposed Jury Instruction No. 49**

**Punitive Damages – Amount of Award**

The amount of punitive damages, if any, must be reasonable and proportionate to the amount of harm to the plaintiff and to the compensatory damages recovered. In any event, the punitive damages award may not exceed ten times the compensatory damages award.


**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____



Authority:    State Farm Mut. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003); Hollock v. Erie Ins. Exch., 842 A.2d 409 (Pa. Super. 2004).

55

## Defendants' Proposed Jury Instruction No. 50

### Punitive Damages – Amount of Award

The amount of punitive damages, if any, may be based solely on the defendant's wrongful conduct toward plaintiff and may not be based on a percentage of the wealth of the defendant.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

56

## Defendants' Proposed Jury Instruction No. 51

### Punitive Damages -- Amount of Award

A wealthy defendant may not be punished more severely than a less wealthy one. The fact that a defendant is wealthy is not a valid basis for imposing a large punitive damage award. No matter what the wealth of the defendant, you may not impose substantial punitive damages if you conclude that the defendant's conduct is not especially reprehensible or that the compensatory damages are sufficient to satisfy the goals of deterrence and punishment.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____


**Authority:**    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 427 (2003).

57

## Defendants' Proposed Jury Instruction No. 52

### Punitive Damages – Amount of Award

You may not impose punitive damages for hypothetical or alleged harms suffered by persons other than the plaintiff before you. Those individuals can bring their own lawsuits, in which other juries can resolve their claims.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 423 (2003).

## Defendants' Proposed Jury Instruction No. 53

In deciding whether to award punitive damages, you may not consider any conduct that occurred outside Pennsylvania.

Also, conduct or actions that are not similar to those specially at issue here may not serve as the basis for punitive damages. A punitive damage award can be based only on conduct that harmed the plaintiff; punitive damages cannot be based on allegations that a defendant is or was an unsavory individual or business.

You may also consider whether any fines or other penalties already imposed on a defendant have satisfied the purposes of a punitive damage award and that, as a result, punitive damages are not necessary here.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

59

### III.   PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AS TO WHICH THERE IS NO AGREEMENT

#### - INTRODUCTORY CHARGE -

[TO BE GIVEN AT THE END OF THE PRELIMINARY INSTRUCTION BY THE COURT]

At this time I will instruct you on several rules of law that you must follow in making your decision. In this case you will be asked to decide whether an insurance policy sold to Robert Wyckoff was sold through the use of a fraudulent misrepresentation and/or through a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Each of these claims requires Mr. Wyckoff to demonstrate the Defendants' conduct under a different standard of proof.

Mr. Wyckoff's fraud claim requires Mr. Wyckoff to demonstrate that Metropolitan Life Insurance Company and/or its sales representative made a material misrepresentation or omitted a material fact with either knowledge that the representation was false or in reckless disregard to the truth of the statement; that the misrepresentation or omission must have been done in the expectation that Mr. Wyckoff would rely on either the misrepresentation or omission and the misrepresentation or omission must be the cause of Mr. Wyckoff's injury/ In order to succeed in demonstrating the defendant's fraudulent conduct, Mr. Wyckoff must demonstrate the proof of fraud by clear and convincing evidence. Clear and convincing evidence is that amount evidence, which produces a firm belief that the allegations of wrongdoing made by Mr. Wyckoff are true.

The Pennsylvania Unfair Trade Practice and Consumer Protection law was enacted by the Pennsylvania legislature for the purpose of eradicating or eliminating the use of unfair and deceptive business practices in the Commonwealth of Pennsylvania. Pursuant to this statute, you will be asked at the end of this case to determine whether any unfair or deceptive business practices were used in the sale of a life insurance policy. The United States Supreme Court has

defined unfair or deceptive business practices as business practices that offend public policy, and are immoral, unethical, oppressive, unscrupulous, exploitative or inequitable. If, in addition to being morally objectionable, the business practice is seriously detrimental to consumers or others it is also considered an unfair and deceptive practice.

In the sale of life insurance, normal contract principals do not apply, because insurance contracts are not freely negotiated and the consumer must place a certain amount of trust in his or her agent. There are two steps to an insurance sale. The first step is when the insurance agent and the customer meet and the insurance agent makes a sales presentation. During the sales presentation the insurance salesman explains the material terms and conditions of the policy. This includes the amount of insurance protection provided, and how much it costs to purchase the insurance protection. The cost is also known as the premium payments and the insurance salesman is to explain the amount of premiums to be paid per year and the number of years that the premium payments are to be made. The second step is the delivery of the policy this occurs sometime after the sales presentation.

In making the aforementioned determinations you should also consider that, it is clear that Pennsylvania law does not allow an insurer to use the explicit language of its insurance policy to defeat the reasonable expectations of an insured, at least when the insured's expectations are based on the insurer's or its agent's representations, and it was not unreasonable for insureds to rely on the representations of the insurer's agent rather than on the contents of the insurance policy to understand the material terms of the policy they have purchased. This is because, at the time of delivery, the insurance agent has an affirmative obligation and duty to inform the customer that the terms of the policy differ materially from the terms as explained during the sales meeting, if the terms are materially different. Thus, if the insurance agent or

61

insurance company fails to make an explanation as to the material differences in the policy at the time of delivery, it is reasonable for the consumer not to read his or her insurance policy since the consumer has no obligation to read the policy to discover any misrepresentations and that the reasonable expectations of the consumer created by the sales presentation should prevail.

Ladies and gentlemen of the jury, as part of your role as jurors, you will be asked to decide based upon the evidence admitted in this case what were the reasonable expectations created in the plaintiff[s] at the time of sale, were the reasonable expectations matched by the material terms of the policy. If you determine that the reasonable expectations were not met by the terms of the policy, then you must determine whether the insurance agent or the insurance company at the time of delivery of the policy explained that the materials terms of the policy differed from the terms represented at the time of sale.

It is now time for opening statements.

**Federal Trade Commission v. Sperry & Hutchinson Co.**, 405 U.S. 233 at 244-245 fn. 5 (1972);**Rempel v. Nationwide Life Ins. Co., Inc.**, 323 A.2d 193, 196 (Pa. Super.1974), aff'd, 471 Pa. 404, 370 A.2d 366 (1977); **Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005); **Commonwealth v. Monumental Properties, Inc.**, 329 A.2d 812 (Pa. 1974)


Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1
## RELIANCE ON SALES REPRESENTATIONS

To determine whether the Plaintiff knew or should have known that the information supplied was false, you must consider the relationship of the parties involved and the nature of the transaction. Tran, 408 F.3d at 135.

In considering the relationship of the parties involved and the nature of the transaction, you should consider that consumers view an insurance agent as one possessing expertise in a complicated subject. It is therefore not unreasonable for consumers to rely on the representations of the expert rather than on the contents of the insurance policy itself since an insured must place a certain amount of trust in its agent. Tran, 408 F.3d at 135. The idea that people do not read or are under no duty to read a written insurance policy is not novel. Tran, 408 F.3d at 136. Accordingly, a policyholder has no duty to read the policy unless under the circumstances it is unreasonable not to read it. Tran, 408 F.3d at 136.

In certain situations the insured's reasonable expectations will be allowed to defeat the express language of an insurance policy. Tran, 408 F.3d at 135. Where the insurer or its agent creates in the insured a reasonable expectation of cost that is not supported by the terms of the policy, that expectation will prevail over the language of the policy. Tran, 408 F.3d at 136.

**Tran v. Metropolitan Life Ins. Co.,**408 F.3d 130 (3d. Cir. 2005)

Accepted:_____    Not Accepted:_____    Covered:_____

63

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**RELIANCE ON SALES REPRESENTATIONS**


The responsibility for any actions of the insurance agent is also on Metropolitan Life Insurance Company, regardless of the fact that the language used in the insurance policy disavows and rejects any representations made by the insurance agent to induce the sale. Evidence may be introduced for the purpose of proving that the policy was obtained by means of untrue statements. Under Pennsylvania law, the reasonable expectations created in the policyholder at the time of sale control the terms of the transaction and not the policy language. It is against the public policy of the Commonwealth of Pennsylvania for an insurance company to use clauses in the insurance policies related to the "Limitation on Sales Representative's or Other Persons Authority" and/or the "Ten Day Right to Examine Policy" to avoid any responsibility for negligent and/or fraudulent acts committed by its sales agent while acting within the scope of their employment. Therefore, the reasonable expectations of the policyholder created at the time of sale overcome the "free look" provision and the limitation of the agents' rights to make representations on behalf of MetLife.


**Rempel v. Nationwide Life Ins. Co., Inc.**, 323 A.2d 193, 196 (Pa. Super.1974), aff'd, 471 Pa. 404, 370 A.2d 366 (1977); **Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005).


Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
## RELIANCE ON SALES REPRESENTATIONS

The issue of Mr. Wyckoff's reliance cannot be considered in a vacuum. You must consider the relationship of the parties involved and the nature of the transaction while determining whether mr. Wyckoff justifiably relied on the sales presentation. In determining whether reliance was justifiable, the Supreme Court of Pennsylvania has held that a jury must consider the relationship of the parties involved and the nature of the transaction.

You should also consider that ordinary men are not usually acquainted with all the intricacies of insurance contracts and that consumers view an insurance agent and an insurance company such as Metropolitan Life as possessing expertise in a complicated subject.

It is a matter of common knowledge that the consumers are accustomed to rely largely on the insurer for information as to their rights and liabilities. It is, therefore, not unreasonable for consumers to rely on the representations of the life insurance expert salesman rather than on the contents of the insurance policy itself and to pass when it comes time to read the contents of the policy. Therefore, if you find, based upon the relative position and sophistication of Metropolitan Life and its agent as to their knowledge of life insurance products, compared to that of Mr. Wyckoff, and based upon the nature of the transactions, that the life insurance policy delivered to Mr. Wyckoff differed from the reasonable expectations created in Mr. Wyckoff to induce the sales of the policies, then you must find in favor of Mr. Wyckoff.

**Rempel v. Nationwide Life Ins. Co.,** 370 A.2d 366, 368 (Pa. 1977);**Pressley v. Travelers Property Casualty Corp.,** 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.,** 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.,** 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.,**408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.,** 418 F.3d 345 (3d. Cir. 2005).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
## DUTY TO READ

"Normal" contract principals do not apply to insurance transactions. Life insurance policies are contracts of adhesion and the adhesionary nature of life insurance documents is such that a non-commercial insured is under no duty to read the policy as issued and sent by the insurance company. The expectations of the buying public are in large measure created by the insurance industry itself.

There is no requirement that a non-commercial life insurance customer must scrutinize an insurance policy to ascertain its provisions and thereby determine whether the policy accords with the insurance agent's representations and meets the insured's expectations.

The Superior Court has held that an insurance agent's expertise in the field of life insurance vests his or her representations with authority and tends to induce the insured to believe that reading the policy would be superfluous.

**Collister v. Nationwide Life Insurance Company**, 479 Pa. 579, 589-90, 388 A.2d 1346, 1351 (1978); **Tonkovic v. State Farm Mutual Automobile Insurance Company**, 513 Pa. 445, 456, 521 A.2d 920, 926 (1987); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005)

Accepted: _____    Not Accepted: _____    Covered: _____

66

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
## RELIANCE ON SALES REPRESENTATIONS

When an insurance company elects to issue a policy differing from what the insured requested and paid for, there is clearly a duty to advise the insured of the changes so made. The burden is not on the insured to read the policy to discover such changes. Thus, if you find that either Metropolitan Life Insurance Company or its sales agent failed to inform Mr. Wyckoff that the policy delivered to him had material terms that were different than those represented to induce the sale, then Mr. Wyckoff had no obligation or duty to read the policy to discover that the policy differed from the material terms and conditions represented at the time of sale.

**Tonkovic v. State Farm Mutual Auto Ins. Co.,** 521 A.2d 920 (Pa. 1987); **Pressley v. Travelers Property Casualty Corp.,** 817 A.2d 1131, 1140-1141 (Pa. Super. 2003);**Toy v. Metropolitan Life Ins. Co.,** 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.,** 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.,**408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.,** 418 F.3d 345 (3d. Cir. 2005).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7
## AGENT DEFINED

An agent is a person authorized by another to act for him, one entrusted with another's business. One who deals not only with things, as does a servant, but with persons using his own discretion as to means, and frequently establishing contractual relations between his principal and third persons.

**BLACK'S LAW DICTIONARY**, Revised Fourth Ed. (1968); **Turley v. Kotter**, 398 A.2d 699 (Pa. Super. 1979)


Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
## CORPORATION -AGENTS ABILITY TO BIND

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of [his/her] duties as an employee of the corporation.

**8th CIR. CIVIL JURY INSTR. 8.01(2001)**

Accepted: _____    Not Accepted: _____    Covered: _____

69

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**
**AGENCY - DEFINITIONS (VICARIOUS LIABILITY)**

Agency is a relationship that exists when one person, called a principal (employer, master), obtains another person, called an agent (employee, servant) to perform services for him and to act on his behalf, but subject to the principal's (employer's, master's) right of control, and the agent (employee, servant) consents so to act. It is the right to control, which is conclusive, and if such right exists even though not exercised, the relation of principal and agent may be found to be present.

The principal (employer, master) is liable to third persons for the wrongful conduct of his agent (employee, servant) performed in furthering the interests, activities, affairs or business of the principal (employer, master), if the agent (employee, servant) himself is liable.

The plaintiff claims that the defendant sales representative was the agent of MetLife, which the latter denies. It is for you to determine from all of the evidence received in this case the nature of the relationship then and there existing between the defendants.

**Pa. SSJI (Civ) 4.00**


Accepted: _____    Not Accepted: _____    Covered: _____

70

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**CORPORATE LIABILITY**

Pennsylvania law holds a corporation such as Metropolitan Life Insurance Company responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

Authority to act for a corporation in a particular matter, or in a particular way or manner, may be inferred from the surrounding facts and circumstances shown by the evidence in the case.

Every act of every director, or officer, or employee, or other agent, on behalf of, or in the name of a corporation, if done within the scope of his authority, is in law the act of the corporation itself.

**Lokay v. Lehigh Valley Cooperative Farmers, Inc.**, 492 A.2d 405 (Pa.Super. 1985); **Todd v. Skelly**, 120 A.2d 906 (Pa. 1956).

Accepted: _____    Not Accepted: _____    Covered: _____

71

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**AGENCY - DEFINITIONS (VICARIOUS LIABILITY)**

A corporation such as Metropolitan Life Insurance Company is liable to innocent third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of its employee sales agents committed in the course of their employment, although Metropolitan Life did not authorize, justify or participate in, or indeed know of, such misconduct, or even if Metropolitan Life forbade the acts or disapproved of them. Thus, where one of two innocent persons must suffer, the loss should be borne by him who put the wrongdoer in a position of trust and confidence and thus enabled the wrongdoer to do the wrong.

**Aiello v. Ed Saxe Real Estate, Inc.**, 499 A.2d 282, 287 (Pa. 1985); **Artkraft Strauss Sign Corp. v. Dimeling**, 631 A.2d 1058, 1061 (Pa.Super. 1993).

Accepted: _____    Not Accepted: _____    Covered: _____

72

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12
## AGENCY - CORPORATE LIABILITY

The defendant, Metropolitan Life Insurance Company, may be held liable for the negligent misrepresentation on the part of one of its employees, providing the plaintiffs prove a detrimental reliance on such representation; The reason for this rule of law is that a corporation can act only through its officers and employees, and any act or omission of an employee made within the scope of his employment is considered by law to be the act or omission on the corporation for which he was acting.

**Aiello v. Ed Saxe Real Estate, Inc.**, 499 A.2d 282, 287 (Pa. 1985).


Accepted: _____     Not Accepted: _____     Covered: _____

73

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13
## NEGLIGENCE - DEFINED

The defendants in this case are Metropolitan Life Insurance Company, an insurance company licensed to do business in the Commonwealth of Pennsylvania by the Pennsylvania Department of Insurance and Kenneth Kaczmarek, an employee of Metropolitan Life Insurance Company who at the time of sale were also licensed by the Pennsylvania Department of Insurance to sell life insurance policies in the Commonwealth of Pennsylvania. By virtue of their licensure, both defendants are required by law to use a higher degree of care than that ordinarily imposed on others and must be judged by a stricter standard. Although legal duty does not make them absolutely responsible for the plaintiff's purchase of the policy in all cases, it does obligate this these defendants to exercise that degree of diligence and care as required by the Pennsylvania Department of Insurance in the sale of life insurance policies. Any failure of the defendants to use such care under all circumstances of the particular situation in this case is negligence.

Under Pennsylvania law neither an insurance agent nor an insurance company shall:

... issue, circulate, or use, or cause or permit to be issued, circulated or used, any written or oral statement or circular misrepresenting the terms of any policy issued or to be issued by such company, ... or make an estimate, with the intent to deceive, of the future dividends payable under such policy.

Pennsylvania law requires the full and proper disclosure of the material terms of a policy at the time of sale and at the time of delivery, anything to the contrary is prohibited. Therefore, under Pennsylvania law neither an insurance agent nor an insurance company may engage in any of the following:

(a)(1)   Making, publishing, issuing or circulating any estimate, illustration, circular, statement, sales presentation, omission comparison which:

(i)   Misrepresents the benefits, advantages, conditions or terms of any insurance policy.

(12)   Making false or fraudulent statements or representations on or relative to an application for an insurance policy, for the purpose of obtaining a fee, commission, money or other benefit from any insurers, agent, broker or individual.

Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful licensed insurance company and licensed insurance agent would do, or doing something that a reasonably careful

licensed insurance company and licensed insurance agent would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful licensed insurance company and licensed insurance agent  would act in those circumstances.

**Pa. S.S.J.I. (Civ.) § 3.01, 40 P.S. § 277, 40 P.S. § 472. 40 P.S. §1171.5, Al's Café v. Sanders Ins. Agency**, 820 A.2d 745, 750 (Pa. Super. 2003), **Toy v Metropolitan Life**, 863 A.2d 1 (Pa. Super. 2004), **Drelles v. Metropolitan Life Insurance Company,** 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05), **Moser  v. DeSetta**, 589 A.2d 679 (Pa. 1991).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14
## NEGLIGENCE - BUSINESS TRANSACTION

A person who, in the course of his business, profession or employment, supplies false information for the guidance of others in their business transactions will be liable to those persons if he fails to exercise reasonable care in obtaining or communicating that information.

**Neuman v. Corn Exchange National Bank & Trust Co.**, 51 A.2d 759, 764 (Pa. 1947).

Accepted: _____    Not Accepted: _____    Covered: _____

76

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15
## NEGLIGENCE - DEFENDANTS' DUTIES

The Commonwealth of Pennsylvania imposes a duty on anyone or any company who sells products. That duty requires the seller to avoid any material misrepresentation that could induce purchasers to buy its product in the first instance.

**Michael v. Shiley, Inc.**, 46 F.3d 1316 (3rd Cir. 1995); **Moser v. DeSetta**, 589 A.2d 679 (Pa. 1991).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16
### NEGLIGENCE - DEFENDANTS' DUTIES

There exist both statutory and common-law duties of an insurance agent and an insurance company to not misrepresent material terms and conditions of an insurance policy in order to induce the sale of an insurance policy.

**Al's Café v. Sanders Ins. Agency,** 820 A.2d 745, 750 (Pa. Super. 2003).


Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17
## DUTIES OF A LICENSED INSURANCE AGENT

The licensed insurance agents were required to exercise the skill and knowledge normally possessed by members of that profession and if you find that they failed to do so, then the Defendants are liable to Mr. Wyckoff.

**Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1141 (Pa. Super. 2003); **Restatement (Second) of Torts, § 299A** (1965).


Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**
**NEGLIGENCE - INTENT NOT NECESSARY**

In proving a negligent misrepresentation, it is not necessary for Mr. Wyckoff to prove that the agents intentionally or willfully misrepresented the insurance policy; it is sufficient if the testimony convinces you, by a preponderance of the evidence, that the Metropolitan Life Insurance Company's sales representative in fact made representations to Mr. Wyckoff about the insurance policies which were false, and were made without sufficient knowledge or information on the subject and with the intention that Mr. Wyckoff should believe and rely upon them.

**Al's Café v. Sanders Ins. Agency**, 820 A.2d 745 (Pa. Super. 2003); **Rempel v. Nationwide Insurance Co.**, 370 A.2d 366 (Pa. 1977).


Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19
## BURDEN OF PROOF - NEGLIGENCE

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him or her to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think if you will of an ordinary balance scale, with a pan on each side. On one side of the scale, place all of the evidence favorable to the plaintiffs; on the other, place all of the evidence favorable to the defendants. If, after considering the comparable weight of the evidence, you feel that the scales tip ever so slightly, or to the slightest degree, in favor of the plaintiffs, your verdict must be for the plaintiffs. If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

In this case, Mr. Wyckoff has the burden of proving the following propositions: that the defendants were negligent, and that the defendants' negligence was a factual cause in bringing about Mr. Wyckoff's injuries. Defendants have the burden of proving the following propositions: that the material terms of the policies were explained to Mr. Wyckoff, that defendants made sure Mr. Wyckoff understood the material terms of the policy, and that there was in fact a real and voluntary meeting of the minds. If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for Mr. Wyckoff. Otherwise, your verdict should be for the defendants.

**Pa.S.S.J.I. (Civ.) § 5.50, <u>Commonwealth v. Monumental Properties.</u>,**329 A.2d 812, 830 (Pa. 1974).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20
## FRAUDULENT MISREPRESENTATIONS AND NONDISCLOSURE

A person must use reasonable care to disclose a material fact if (1) he knows he is making or subsequently learns he has made a misrepresentation or (2) he knows he is making or subsequently learns he has made a misleading representation or (3) he knows he is making or subsequently learns that another is about to act in reliance upon the misrepresentation or misleading representation. If he fails to do so, he is responsible for all harm resulting from that others person's reliance on the misrepresentation or misleading representation.

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.

A misleading representation is an assertion by words or conduct that is likely to mislead another regarding the facts.

An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or course of dealing. A usage of trade is any practice or method of dealing which has been regularly observed among persons in a particular place, trade or vocation. Because a usage of trade is so regularly observed a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the person who fails to disclose it knows the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

Reliance means a person would not have acted as he did or would not have failed to act unless he considered the misrepresentation or misleading representation to be true.

**Pa. SSJI (Civ) § 13.16.**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**
**FRAUDULENT MISREPRESENTATIONS AND INTENT**

The key inquiry to be made by you the members of the jury in this case to determine whether a fraudulent misrepresentation took place is not whether there was intent to injure, but whether there was intent to deceive. You as a jury must determine whether any of the defendants intended to deceive Mr. Wyckoff in order for any of the defendants to receive a financial gain from the sale of life insurance.

**Skurnowicz v. Lucci**, 798 A.2d 788, 794 (Pa. Super 2002).

Accepted: _____    Not Accepted: _____    Covered: _____

83

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**
**FRAUDULENT MISREPRESENTATIONS AND INTENT**

Establishing the intent requirement of fraud can be done through either the defendants making an affirmative misrepresentation of a material fact or where the defendants conceal a material fact. In this case, you are asked to determine if Metropolitan Life Insurance Company and/or its sales representatives intended to deceive Mr. Wyckoff into relying on the misrepresentations of material facts through either affirmative misrepresentations or the withholding of material information made to induce the sales.

**Skurnowicz v. Lucci**, 798 A.2d 788, 794 (Pa. Super 2002 ).


Accepted: _____    Not Accepted: _____    Covered: _____


84

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23
## INTENT AND EVIDENCE

You, the jury, properly may infer the intent of the Defendants from their conduct and the circumstances surrounding the sale of the policy at issue in this case.

**Commonwealth v. Odom,** 764 A.2d 53 (Pa. Super. 2000); **Com. v. Thorton**, 430 A.2d 1168 (Pa. 1981).

Accepted: _____    Not Accepted: _____    Covered: _____

85

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**
**FRAUDULENT MISREPRESENTATION THROUGH OMISSION**

It is well-established that fraud consists of anything calculated to deceive, whether by single act or combination, or by suspension of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. Proof of a misrepresentation clearly envisions that the omission of a material fact may be actionable. The suppression of material fact or the willful concealment of a material fact by the sales agent or Metropolitan Life Insurance Company constitutes a fraud and under certain circumstances, even silence will be deemed a fraud. The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement.

**Commonwealth v. Monumental Properties, Inc.**, 329 A.2d 812, 829 (Pa. 1974); **Moser v. Desetta**, 589 A.2d 679, 682 (Pa. 1991)

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**
**FRAUDULENT MISREPRESENTATION THROUGH OMISSION**

When a defendant actively conceals defects known to be material to the purchaser, this is legally equivalent to an affirmative misrepresentation.

**Restatement (Second) of Torts § 550** (1965); **National Building Leasing, Inc. v. Byler**, 381 A.2d 963, 966 (Pa. Super.1977).

Accepted: _____     Not Accepted: _____     Covered: _____

87

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**
**AMBIGUOUS POLICY LANGUAGE**

When the language of an insurance policy is ambiguous, the ambiguity must be resolved against the insurer, Metropolitan Life Insurance Company as the drafter of the contract, and in favor of the insured.

**Pennsylvania Nat. Mutual Casualty Insurance Co. v. Traveler's Insurance Co.**, 592 A.2d 51 (Pa. Super. 1991), **DiFabio v. Centaur Ins. Co.**, 531 A..2d 1141 (Pa. Super. 1987).

Accepted: _____    Not Accepted: _____    Covered: _____

88

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26
## BURDEN OF PROOF - FRAUDULENT MISREPRESENTATION

In order to succeed in demonstrating the Defendants' fraudulent conduct, Mr. Wyckoff must demonstrate the proof of fraud by clear and convincing evidence. Clear and convincing evidence is that amount of evidence which produces a firm belief that the allegations of wrongdoing made by Mr. Wyckoff are true.

What is meant by the statement that the evidence must be clear, precise and indubitable? It means that the witnesses must be credible, distinctly remember the facts to which they testify, and narrate the details exactly, that the evidence is not only found to be credible, but of such weight and directness as to make out the facts alleged beyond a reasonable doubt; that the witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction without hesitancy, of the truth of the precise facts in issue.

**Gerfin v. Colonial Smelting & Refining Co.**, 97 A.2d 71, 72 (1953); **Stafford v. Reed**, 70 A.2d 345, 346 (1950).

Accepted: _____    Not Accepted: _____    Covered: _____

89

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**
**BURDEN OF PROOF - MASS FORM CONTRACTS**

The burden is on the party submitting a standardized mass contract to show that the other party had knowledge of any unusual or unconscionable terms contained therein. The party seeking to enforce such a contract has the burden of showing that the provisions were explained to the other party and came to his knowledge and there was in fact a real and voluntary meeting of the minds and not merely an objective meeting.

**Commonwealth v. Monumental Prop., Inc.**, 329 A.2d 812 (Pa. 1974)

Accepted: _____     Not Accepted: _____     Covered: _____

90

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28
## INSURANCE POLICIES COVERED UNDER UTPCPL

Ladies and gentlemen of the jury, the sale of insurance in Pennsylvania is subject to the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**Sabo v. Metropolitan Life Insurance Company**, 137 F.3d 185, 192 fn4 (3rd Cir. 1998); **Pekular v. Eich**, 513 A.2d 427, 432-41 (Pa. Super. 1986); **73 P.S. § 201-9.2**

Accepted: _____    Not Accepted: _____    Covered: _____

91

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29
## CLAIMS UNDER THE UTPCPL

Pursuant to the Unfair Trade Practices and Consumer Protection Law a claim may be brought for the use of unfair methods of competition and unfair or deceptive acts or practices including any one or more of the following business practices:

(ii) causing a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(v) representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they did not have;

(vii) representing the goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are another;

(ix) advertising goods or services with intent not to sell them as advertised;

(xi) making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(xiv) failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of good or services is made;

(xv) knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

(xxi) engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

**73 P.S. § 201-2(4)**

Accepted: _____    Not Accepted: _____    Covered: _____

92

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**
**DEFINITION OF UNFAIR AND DECEPTIVE**

The United States Supreme Court has defined "unfair" and "deceptive" business practices as business practices that offend public policy and are immoral, unethical, oppressive, unscrupulous, exploitive or inequitable. If, in addition to being morally objectionable, the business practice is seriously detrimental to consumers or others it is also considered an "unfair" and "deceptive" practice.

**F.T.C. v. Sperry & Hutchinson Co.**, 405 U.S. 233, 244-245 fn 5. (1972)

Accepted: _____    Not Accepted: _____    Covered: _____

93

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or its sales representatives, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification in the sale of the life insurance policy to Mr. Wyckoff then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(ii).**

Accepted: _____    Not Accepted: _____    Covered: _____

94

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life and/or its sales representatives caused a likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by another, in the sale of the life insurance policy to Mr. Wyckoff then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(iii).**

Accepted: _____    Not Accepted: _____    Covered: _____

95

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or its sales representatives represented that the life insurance policy sold to Mr. Wyckoff had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that it did not have then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(v).**

Accepted: _____    Not Accepted: _____    Covered: _____

96

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life and/or its sales representatives represented that the life insurance policy sold to Mr. Wyckoff was of a particular standard, quality or grade, or that goods are of a particular style or model, when they were not then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(vii).**

Accepted: _____    Not Accepted: _____    Covered: _____

97

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or its sales representatives advertised the life insurance policy purchased by Mr. Wyckoff with the intent not to sell the policy as advertised then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(ix).**


Accepted: _____     Not Accepted: _____     Covered: _____


98

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or its sales representatives made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions regarding the policy sold to Mr. Wyckoff then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xi).**

Accepted: _____    Not Accepted: _____    Covered: _____

99

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan and/or its sales representatives failed to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of good or services was made then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xiv).**

Accepted: _____    Not Accepted: _____    Covered: _____

100

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life and/or its sales representatives knowingly misrepresented that services, replacements or repairs were needed when they were not needed then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xv).**

Accepted: _____    Not Accepted: _____    Covered: _____

101

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life Defendant and/or its sales representatives engaged in any other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding on the part of Mr. Wyckoff then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Wyckoff and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xxi).**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39**
**DAMAGES - FRAUD**

The law does not permit a person to benefit from a fraudulent act.   If you find that the financial harm to Mr. Wyckoff was caused through deception and fraud, then you must award an amount sufficient to compensate Mr. Wyckoff for the value of the use of the Mr. Wyckoff's' money by Metropolitan Life and/or its sales representatives.  Furthermore, Defendants are not permitted to earn any profit on Mr. Wyckoff's money that was unlawfully held.

**Rizzo v. Haines,** 357 Pa. Super. 57, 515 A.2d 321, (1986), aff'd, 520 Pa. 484, 555 A.2d 58 (1989).


Accepted: _____    Not Accepted: _____    Covered: _____

103

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40**
**DAMAGES - FRAUD**

The law of Pennsylvania does not permit a person guilty of fraudulently withholding the funds of another to profit therefrom. Accordingly, where funds are wrongfully and intentionally procured or withheld from one who seeks their restoration, the interest on these monies should be calculated at the market rate of interest. The rate of interest in fraud cases is based upon a market rate of interest, but never less than the legal rate of interest of 6%. Consequently, a market rate of interest that is never less than the legal rate of interest of 6% should be used to calculate the increase in the out-of-pocket loss from the time of the sales to the present.

**Rizzo v. Haines**, 515 A.2d 321, (Pa. Super. 1986), aff'd, 555 A.2d 58 (Pa. 1989); **Gregorius v. Safeway Steel Scaffolds Co.**, 187 A.2d 646, 649 (Pa. 1963).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41**
**DAMAGES - AFFIRMANCE OF CONTRACT**

Rescission of the life insurance policy is not the only remedy available to Mr. Wyckoff. Where it is determined that rescission is not appropriate, or where Mr. Wyckoff elects to affirm the contract, damages at law may be awarded. Such damages include "(a) the difference between the actual cost of the policies purchased by Mr. Wyckoff and the cost as represented by the defendants at the time of sale; and (2) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation."

**Restatement (Second) of Torts § 549; Lesoon v. Metropolitan Life Insurance Company**

Accepted: _____    Not Accepted: _____    Covered: _____

105

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42**
**AFFIRMANCE OF CONTRACT NOT BAR TO FRAUD CLAIM**

The affirmance of a contract induced by fraud of the seller does not extinguish the right of the purchaser, and it is not a waiver of the fraud, nor does it bar the right of the purchaser to recover damages for the fraud. "Affirmance of the contract is not a waiver of the fraud; nor does it bar the right to recover; it does bar a subsequent rescission." Accordingly, Mr. Wyckoff could affirm the contract and yet maintain this action for fraud.

**Tilghman v. Dollenberg**, 418 Pa. 604, 610, 213 A.2d 324, 327 (1965). **Miller v. Central Trust & Savings Co.**, 285 Pa. 472, 486, 132 A. 579, 584 (1926); **Emery v. Third Nat'l Bank**, 314 Pa. 544, 171 A. 881 (1934).

Accepted: _____    Not Accepted: _____    Covered: _____

106

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.43
### DAMAGES - FRAUDULENT MISREPRESENTATION OR NONDISCLOSURE

The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of fraudulent misrepresentation against the party found to have acted fraudulently the monetary loss which the misrepresentation caused to him. This recovery should include:

    (a)    the difference between the actual cost of the policy purchased by Mr. Wyckoff and the cost as represented by the defendants at the time of sale ; and

    (b)    pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation

Where there is no fair market value or special circumstances exist, value may be determined otherwise in accordance with the dictate of fair and just compensation. Although the value may be measured by a combination of factors particularized to fit the facts of the case, the value must be 'actual' or 'real' or 'intrinsic.'

The recipient of a fraudulent misrepresentation is entitled to recover from its maker in all cases the actual out-of-pocket loss, which, because of its falsity, he sustains through his action or inaction in reliance on it.

Then, where a fraudulent misrepresentation has caused Mr. Wyckoff to suffer a financial loss, Mr. Wyckoff has the option to recover benefit-of-the-bargain damages, and then to select the remedy that provides the greatest relief where more than one method of calculating the damages exists.

**Neuman v. Corn Exchange National Bank & Trust Co.**, 51 A.2d 759, 766 (Pa. 1947); **Silverman v Bell Sav. & Loan Ass'n**, 533 A.2d 110 (Pa. Super.1987); **Pa. SSJI (Civ) Damages- Fraud § 13.17**; **Scaife v. Rockwell**, 285 A.2d 451 (Pa. 1971); **Restatement of the Law Second Torts, Second, § 549**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 44
## DAMAGES - UNCERTAINTY AS TO AMOUNT

Recovery will not be precluded simply because there is some uncertainty as to the precise amount of damages incurred. Damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. It is well established that mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct. The basis for this rule is that Metropolitan Life and the Defendant agents are not allowed to shift the loss to Mr. Wyckoff when damages, even if uncertain in amount, were certainly the responsibility of Metropolitan Life and/or its sales representatives.

**Pugh v. Holmes**, 405 A.2d 897, 909-910 (Pa. 1979); **Delahanty v. First Pennsylvania Bank, N.A.,** 464 A.2d 1243, 1257 (Pa. Super. 1983).

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 45
## DAMAGES - BURDEN OF PROOF

Mr. Wyckoff bears the burden of proving damages only by a preponderance of the evidence. Mr. Wyckoff is required only to provide you the members of the jury with a reasonable amount of information so as to enable you to fairly estimate the amount of damages without engaging in speculation. Damages need not be proven with mathematical certainty. If there is uncertainty as to the amount of damages, this shall not hinder recovery where it is clear that damages and a loss of money to Mr. Wyckoff resulted from the sale of the life insurance policy.

**Com. v. U.S. Mineral Prod. Co.**, 809 A.2d 1000, 1016 (Pa.Cmwlth.2002); **Bolus v. United Penn Bank**, 525 A.2d 1215 (Pa.Super. 1987); **Scullion v. Emeco Industries, Inc.**, 580 A.2d 1356 (Pa.Super. 1990).

Accepted: _____    Not Accepted: _____    Covered: _____

109

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 46**
**DAMAGES - REDUCTION**

If the defendant wishes to argue for a reduction in damages or to rebut the adequacy of plaintiff's evidence, the burden of such a showing is on the defendant.

**Penn Elec. Sup. v. Billows Elec. Sup.**, 528 A.2d 643 (Pa. Super. 1987).

Accepted: _____    Not Accepted: _____    Covered: _____

110

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 47**
**PUNITIVE DAMAGES**

There are three Defendants in this case and punitive damages may be assessed against one, two or all of the Defendants. If you find that Metropolitan Life Insurance Company's, and/or its sales representatives' conduct was a substantial factor in bringing about the harm Mr. Wyckoff suffered and if you find that the conduct of the Metropolitan Life Insurance Company and/or its sales representatives was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the Defendants for their conduct and to deter them and others from the commission of like acts in the future.

A corporation's conduct is outrageous when it, through its agents, servants and/or employees, acts with a bad motive or when it acts with reckless indifference to the interests of others.

**Pa. SSJI (Civ) 14.00.**


Accepted: _____    Not Accepted: _____    Covered: _____

111

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 48**
**PUNITIVE DAMAGES**

If the conduct of the MetLife sales representatives. was outrageous, punitive damages may be awarded against Metropolitan Life if you find that any of the following occurred:

(a)     Metropolitan Life authorized the doing and the manner of the act, or

(b)     the sales representatives were unfit and Metropolitan Life was reckless in employing either of them, or

(c)     the sales representatives were acting within the scope of their employment, or

(d)     Metropolitan Life or another agent of Metropolitan Life employed in a managerial capacity ratified or approved of the acts, or

(e)     The acts were foreseeable.

**Pa. SSJI (Civ) 14.01.**


Accepted: _____     Not Accepted: _____     Covered: _____

112

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 49**
**PUNITIVE DAMAGES**

If you decide that Mr. Wyckoff is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so you may consider any or all of the following factors: (1) the character of Metropolitan Life Insurance Company's and/or its agents acts as against Mr. Wyckoff (2) the nature and extent of the harm to Mr. Wyckoff which Metropolitan Life Insurance Company and/or its agents caused or intended to cause including Mr. Wyckoff's trouble and expense in seeking to protect his interests in legal proceedings and in this suit, (3) similar deceptive conduct and/or actions engaged in by Metropolitan Life and/or its sales representatives insofar as it is relevant in fixing an amount which will punish them for their actions in this case, and to deter them and others from like conduct in the future. The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages.

You must determine whether punitive damages are to be assessed against each defendant by that defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors, which I have enumerated, as they apply to each particular defendant. While you return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

The amount of punitive damages awarded must not be the result of passion or prejudice against the Defendants on the part of the jury. The sole purposes of punitive damages and the only purpose for which you may make an award and set an amount of punitive damages is to punish Metropolitan Life Insurance Company's and/or its agents outrageous conduct and to deter Metropolitan Life Insurance Company and/or its agents and others from the commission of like acts.

**Pa. SSJI (Civ) § 14.02.**

Accepted: _____    Not Accepted: _____    Covered: _____

113

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50
## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence that is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## 5TH CIR. CIVIL JURY INSTR. 2.18


Accepted: _____     Not Accepted: _____     Covered:_____

114

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 51
## TESTIMONY OF PARTIES

During the course of the trial, Mr. Wyckoff and the Defendants testified in their own behalf. You should not disregard such testimony merely because the person giving it is a party to the action and interested in the verdict, but you should consider such testimony in connection with all the evidence in the case and give it such weight and credit as you believe it is entitled to.

Accepted: _____     Not Accepted: _____     Covered: _____

115

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 52
## CONFLICTING TESTIMONY

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**Pa SSJI (Civ) § 5.04**

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 53**
**NUMBER OF WITNESSES**

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses or evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to be of the same quality, the weight of numbers assumes particular significance.

**Pa. SSJI (Civ) § 5.03**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 54
## WILFULLY FALSE TESTIMONY

If you decide that a witness has deliberately falsified his testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his testimony; and you may refuse to believe the rest of his testimony, but you are not required to do so.

**Pa. SSJI (Civ) § 5.05**

Accepted: _____    Not Accepted: _____    Covered: _____

118

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 55
## DEPOSITION TESTIMONY

During the trial of this case, certain deposition testimony has been shown and read to you by way of written transcripts, consisting of answers under oath to questions asked of the witness in advance of the trial, in the presence of a court reporter, by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition under oath by videotaped depositions shown to you or a written transcript read to you. Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, as if the witness otherwise had been present, and had testified from the witness stand.

**Pa. SSJI (Civ) § 2.05**

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 57**
**EXPERTS' TESTIMONY - CREDIBILITY GENERALLY**

You may recall that [INSERT EXPERTS NAMES] gave testimony of their qualifications as an expert in their fields.

A witness who has specific knowledge, skill, experience, training, or education in a particular science, profession, or occupations may give an opinion as an expert as to any matter in which he or she is skilled. In determining the weight to be given to the expert's opinion, you should consider the qualifications and reliability of the expert and the reasons and facts given for the opinion. You are not bound by an expert's opinion merely because he or she is an expert; you may accept or reject it, as in the case of other witnesses. Give it the weight, if any, to which you deem it is entitled.

**Pa. SSJI (Civ) § 5.30**

Accepted: _____    Not Accepted: _____    Covered: _____

120

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 58
## EXPERTS' OPINIONS - BASIS FOR OPINION GENERALLY

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**Pa. SSJI (Civ) 5.31**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 59**
**HYPOTHETICAL QUESTIONS**

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. By material fact, we mean one that was important to the expert in forming his or her opinion.

Similarly, if the expert has made it clear that his or her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**Pa. SSJI (Civ) 5.32**

Accepted: _____     Not Accepted: _____     Covered: _____

122

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 60**
**WEIGHING CONFLICTING EXPERT TESTIMONY**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witness, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**Pa. SSJI (Civ) 5.33**

Accepted: _____     Not Accepted: _____     Covered: _____

123

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 61
### MISLEADING PROJECTIONS

Projections and financial forecasts made with a reasonable basis are not made misleading merely because they may ultimately be proven incorrect. However, a projection or a forecast may constitute a basis for a verdict in Mr. Wyckoff's favor if, but only if, it is proved by a preponderance of the evidence that at the time the forecast or projection was made, the defendants either:

(1) did not believe that the forecast or projection was reliable, or

(2) had reason to believe that the forecast or projections were not reliable.

If you find defendants had reason to believe that the projection was not reliable, you should find that they issued a misleading statement.

**Eisenberg v. Gagnon**, 766 F.2d 770 (3rd Cir. 1985)

Accepted: _____    Not Accepted: _____    Covered: _____

124

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 62
## DUTIES OF PROFESSIONAL

One who in the course of his business or profession supplied information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if:

      (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

      (b) the harm is suffered;

           (i) by the person or one of the class of persons for whose guidance the information was supplied, and

           (ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith.

**Rempel v. Nationwide Insurance Co.,** 471 Pa. 404, 370 A.2d 366 (1977); **Restatement of Torts § 522**

Accepted: _____     Not Accepted: _____     Covered: _____

125