**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 63**
**STATUTE OF LIMITATIONS - DISCOVERY RULE - FRAUDULENT CONCEALMENT.**

The general rule is that a claim for a negligent or fraudulent misrepresentation must be brought within two years of the misrepresentation. Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute. Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action. There are, however, exceptions that act to toll the running of a statute of limitations. The discovery rule and the doctrine of fraudulent concealment are such exceptions. In this case, Mr. Wyckoff seeks to apply the discovery rule to avoid the limitations bar.

The discovery rule originated in cases in which the injury or its cause was neither known nor reasonably knowable. The purpose of the rule is to exclude from consideration that period of time during which a party who has not suffered an immediately ascertainable injury remains "reasonably unaware" so that he has essentially the same rights as those who have suffered an immediately ascertainable injury. As the discovery rule has developed, the key point that gives rise to its application is the inability of the injured party, despite the exercise of reasonable diligence, to know that he has been injured and by what cause.

Our Supreme Court has explained that reasonable diligence is not an absolute standard. Rather, it is "what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence. Put another way, the question in any given case is not, what did Mr. Wyckoff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?

Although "reasonable diligence" is an objective test, it must remain sufficiently flexible to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question. A party's actions must be evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.

When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arose. Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.

**Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05)

Accepted: _____    Not Accepted: _____    Covered: _____

## PROPOSED JURY INSTRUCTION NO. 65
## NEGLIGENCE - DEFINED

The term "negligent" or "negligence" as used in these Instructions means the failure to use that degree of care which an ordinarily careful person would use under the same or similar circumstances. The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent you must determine what that person knew or should have known and the harm that should reasonably have been foreseen.

**8TH CIR. CIVIL JURY INSTR. 7.09**

Accepted: _____   Not Accepted: _____   Covered: _____

## PROPOSED JURY INSTRUCTION NO. 66
## DUTIES OF AN INSURER AT DELIVERY

At the time of delivery, the insurance agent has an affirmative obligation and duty to inform the customer that the terms of the insurance policy differ materially form the terms as explained during the sales presentation. Thus if the insurance agent or insurance company fails to make an explanation as to the material differences in the policy at the time of delivery, it is reasonable for the consumer to not read his or her insurance policy to discover any misrepresentations and the reasonable expectations of the consumer created at the sales presentation should prevail

**Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.**, 408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005)

Accepted: _____    Not Accepted: _____    Covered: _____

**PROPOSED JURY INSTRUCTION NO. 67**
**FRAUDULENT OMISSION OF MATERIAL INFORMATION**

It is a "well-settled" principle of law that the deliberate nondiclosure of a material fact amounts to a misrepresentation no less than does an intentional false statement of a material fact.

The continuing development of modern business ethics has limited to some extent the privilege to take advantage of ignorance. There are situations in which the defendant not only knows that his bargaining adversary, the plaintiff, is acting under a mistake basic to the transaction, but also knows that the plaintiff, by reason of the relationship between the two parties, the custom of the trade, and/or other objective circumstances, is reasonably relying upon a disclosure of the unrevealed fact if it exists. In this type of case good faith and fair dealing may require disclosure.

This means that the defendant has a duty to disclose information basic to the transaction, if he knows that the plaintiff is about to enter into the purchase of the policy under a mistake as to the undisclosed information and that the plaintiff, as a result of the relationship between the defendant and the plaintiff and the customs of the trade or other objective circumstances, would reasonably expect the defendant to disclose this information.

It is alleged that the salesperson in the instant case, Defendant William Friedt, Jr., kept from Mr. Wyckoff material information which Defendant William Friedt, Jr. possessed by reason of their superior knowledge, training and/or education. If you find that a deliberate nondisclosure of material information occurred, that Mr. Wyckoff could have reasonably expected disclosure of this information, and that Mr. Wyckoff was prevented from knowingly balancing the positive and negative aspects of the proposed new policy in making his decision to purchase the policy, then you must find that a fraudulent misrepresentation occurred and that the elements of justifiable reliance is satisfied.

**Slaybaugh v. Newman**, 479 A.2d 517, 520-521 (Pa. Super. 1984); **Restatement (Second) of Torts § 551**; **Agliori v. Metropolitan Life Insurance Company**, 2005 PA. Super 253, ¶15, 2005 Pa. Super. LEXIS 2221 (Pa. Super. 2005)

Accepted: _____   Not Accepted: _____   Covered: _____

## PROPOSED JURY INSTRUCTION NO. 68
## DAMAGES – DEGREE OF CERTAINTY

There are cases in which the experience of mankind is convincing that a substantial pecuniary loss has occurred, while at the same time it is of such a character that the amount in money is incapable of proof. In these cases the defendant usually has reason to foresee this difficulty of proof and should not be allowed to profit by it. In such cases, it is reasonable to require a lesser degree of certainty as to the amount of loss.

**Stentor Electric Mfg. Co. v. Klaxon Co.**, 115 F.2d 268, 273-274 (3rd Cir. 1940); **Pugh v. Holmes**, 405 A.2d 897, 909-910 (Pa. 1979)

Accepted: _____    Not Accepted: _____    Covered: _____

# PROPOSED JURY INSTRUCTION NO. 69
# DAMAGES – BENEFIT OF BARGAIN

      The recipient of a fraudulent misrepresentation in a business transaction is entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty.

**Restatement (Second) of Torts § 549 (2)**

Accepted: _____   Not Accepted: _____   Covered: _____

Respectfully Submitted,

s/ B. John Pendleton, Jr.

B. John Pendleton, Jr., Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendants
Metropolitan Life Insurance Company
and Kenneth F. Kaczmarek

s/ Kenneth R. Behrend

Kenneth R. Behrend, Esq.
BEHREND & ERNSBERGER, P.C.
Union Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, PA 15222
(412) 391-2515

Attorneys for Plaintiff
Robert G. Wyckoff

Dated:   October 19, 2006