IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek ("Kaczmarek") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 60) seeking to exclude at trial evidence regarding the Florida Report of Investigation into Sales Practices of MetLife ("Florida Report").  Plaintiff opposes Defendants' Motion.  (Docket No. 107).  Defendants' Motion is granted.

The Florida Report was prepared by Thomas Tew, a Miami attorney who was named by the Florida Insurance Commissioner and Treasurer and the Florida Attorney General to head a joint-agency investigation into certain sales practices of MetLife.  Florida Report at 1.[1]  The Report, dated March 6, 1994, was prepared in response to a Notice and Order to Show Cause filed by the Florida Department of

---

[1] The Florida Report is attached as Exhibit A to Defendants' Motion in Limine.  Plaintiff lists the Florida Report as Exhibit 33 in his Proposed Trial Exhibit List dated September 27, 2006.  See Docket No. 49.

1

Insurance, alleging that Met Life violated various Florida insurance statutes. Id.

With respect to the Florida Report, Defendants argue that it centered largely on the conduct of Rick Urso, Manager of the District Sales Office for the Southeastern Head Office Branch of MetLife. Urso's scheme to sell insurance policies as "Nurses Retirement Savings Plans" is detailed in the report, and complaints about that program were the genesis for the report. See Florida Report at 1-2. The deceptive marketing is alleged to have occurred nationwide. Id. at 2. There is, however, no indication that the report addresses conduct in Pennsylvania similar to that which is alleged in this case. Indeed, the focus of the Florida Report was the marketing of insurance policies to nurses as retirement accounts, a situation in which the very nature of the transaction was misrepresented. Moreover, although Urso's territory included Pennsylvania, MetLife represents that the agent who sold the policy in this case did not work in Urso's branch and did not sell the policies at issue in the Florida Report as "Nurses Retirement Savings Plan[s]."

I conclude that the Florida Report, which addresses almost exclusively the "Nurses Retirement Savings Plan" marketed by Urso has some limited relevance, particularly since it concludes that MetLife's supervision of its agents led to improper sales tactics on a national level. However, the specific types of misrepresentation alleged by Plaintiff here do not appear to have been included in the Florida report. Thus, there is potential to confuse the jury.

Because the Florida Report has limited relevance, yet great potential to confuse the jury, I find that the report is inadmissible as it will be unfairly prejudicial

2

to Defendants under Federal Rule of Evidence 403.  An appropriate Order follows.

THEREFORE, this **24th** day of October, 2006, after careful consideration, it is Ordered that the Defendants' Motion in Limine to Exclude Evidence Regarding the Florida Market Conduct Examinations of Metropolitan Life Insurance Company (Docket No. 60) is granted.  Plaintiff is barred from introducing evidence of the Florida Market Conduct Report, Plaintiff's Exhibit No. 33, at trial.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge