IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendants Metropolitan Life Insurance Company and Kenneth Kaczmarek (collectively referred to as "MetLife") filed a Motion to Bifurcate Plaintiff's ERISA Claim and Claim for Punitive Damages. (Docket No. 90). MetLife's request is twofold: (1) to bifurcate the trial into liability and punitive damages phases; and (2) to further bifurcate the trial into jury and nonjury phases. For the reasons set forth below, the Motion is granted in part and denied in part.

The Motion is denied insofar as it seeks bifurcating the trial into liability and damages phases. MetLife urges that the bifurcating the trial in this manner would promote judicial economy and avoid inflaming and confusing the jury. I disagree. Much of the evidence Plaintiff will undoubtedly offer regarding the deceptive sales practices he fell victim to with respect to the 1991 policy will be relevant to both compensatory and punitive damages. For this reason, judicial economy is better

1

served if the evidence is presented and reviewed only once.  MetLife is permitted to submit a limiting instruction to avoid inflaming or confusing the jury.

The Motion is granted, however, insofar as the trial will be bifurcated into jury and nonjury phases.  Plaintiff is entitled to a jury trial with respect to the claims based upon the 1991 policy.  He is not entitled to a jury trial with respect to the 1994 policy.  The evidence relating to the claims is entirely separable.  They were sold through different agents.  They were purchased years apart.  A jury would be entitled to award punitive damages in connection with the 1991 policy.  Punitive damages could not be awarded in connection with the 1994 policy.  For these reasons, I think judicial economy would better be served, and confusing the jury could be avoided, if the trial were bifurcated into jury and nonjury phases.

Accordingly,  this **26**[th] day of October, it is Ordered that the Motion (Docket No. 90) is Granted in Part and Denied in Part as follows:  the trial will commence with the jury portion of Plaintiff's case.  Once the jury begins deliberating, the case will move immediately into consideration of the nonjury portion of the case.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge