IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK, | ) ) |
| | ) |
|     Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendants Metropolitan Life Insurance Company and Kenneth F. Kaczmarek (collectively referred to as "MetLife") have filed a Motion in Limine to Exclude Exhibits 99 and 100. See Docket No. 68. The exhibits consist of videotapes of news magazine segments. Although neither party provided the Court with the actual videotapes themselves, MetLife did provide the Court with what it represents to be transcripts of the videotapes. The news segments appear to have aired in 1985 and in 1988.

The 1985 "MetLife News" videotape reports on a decision rendered in a court proceeding which could mean $2.3 billion in new assets for MetLife and a $6.5 billion group life insurance sale. The 1988 "MetroNews" videotape reports on Congressional action to change the tax status on certain life insurance plans, MetLife sales strategies, new sales software, and target marketing campaigns. MetLife urges that the tapes, which were created long before the policies at issue were sold, are

1

irrelevant to the matters at issue in this case, and even if relevant are inadmissible hearsay and excludable because of the danger of unfair prejudice, confusion of the issues and / or misleading the jury.

I agree with MetLife. Plaintiff argues that he "intends to use this information to establish that MetLife as [sic] a large insurance company with significant assets in support of a punitive damages award." See Docket No. 106, p. 1. First, the vast majority of the videotapes deal with subjects other than MetLife's net worth and is thus not relevant to the matters at bar. Second, while evidence of net worth can be relevant to the issue of punitive damages, the relevance here of the proposed evidence would be minimal. The videotapes speak of MetLife's net worth in 1985 and 1988. MetLife's net worth in 2006, not in 1985 or 1988, would be relevant should the jury reach the issue of punitive damages. This Court has already permitted Plaintiff to introduce evidence of MetLife's net worth in this time frame. Accordingly, the videotapes are not relevant, or, even if relevant, the probative value of such evidence is greatly outweighed by their prejudicial effect.

Consequently, this **26th** day of October, 2006, it is Ordered that the Motion in Limine to Exclude Exhibits 99 and 100 (Docket No. 68) is GRANTED as set forth above.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge