IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendants Metropolitan Life Insurance Company and Kenneth F. Kaczmarek (collectively referred to as "MetLife") have filed a Motion to Exclude Exhibits 107 and 108. See Docket No. 57. Exhibit 107 is a copy of a July 19, 1996 MetLife Corporate Internal Audit ("the 1996 Audit"). Exhibit 108 is a copy of a December 4, 1998 MetLife Corporate Internal Audit ("the 1998 Audit"). MetLife urges that the Audit Reports are excludable as irrelevant, as inadmissible character evidence, as evidence of subsequent remedial measures, as hearsay and as unfairly prejudicial. Plaintiff counters that he intends to offer the exhibits "in rebuttal of MetLife's defense that because an enhanced compliance program was instituted in 1994 the sales practices problems were eliminated and no liability should be found as well as no punishment damages should be awarded." See Docket No. 113.

While I may have found this argument persuasive in other cases against

MetLife, I do not find it persuasive in this case. Plaintiff purchased his policies in 1991 and in 1994. The 1996 Audit was completed five years after the purchase of Plaintiff's first policy and two years after the purchase of his second policy. To the extent that MetLife learned via the 1996 Audit that the compliance program was not working, such knowledge came long after the policies were sold. As such, I do not find the 1996 Audit to be relevant either to the issue of liability or to the issue of punitive damages. Further, the 1998 Internal Audit Report relates to a NAIC Model Regulation which was not enacted until 1997, well after Plaintiff purchased his policies. As such, it is not relevant to any of the matters at hand.

THEREFORE, this **26th** day of October, 2006, after careful consideration, it is Ordered that the Motion in Limine to Exclude Audits, Exhibits 107 and 108 (Docket No. 57) is GRANTED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge