IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Defendants Metropolitan Life Insurance Company and Kenneth F. Kaczmarek (collectively referred to as "MetLife") have filed a Motion to Strike Jury Demand. See Docket No. 82. Essentially, MetLife urges that Plaintiff is not entitled to a jury trial either on his claims under ERISA relating to the 1994 Policy or his claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 01-1 et seq. relating to the 1991 Policy. Plaintiff concedes that he is not entitled to a jury trial on his ERISA claim. Consequently, the Motion is GRANTED in this regard. Plaintiff does, however, dispute MetLife's argument with respect to his UTPCPL claims.

MetLife contends that the UTPCPL does not expressly provide for the right to a trial by jury. As such, it reasons, Plaintiff's entitlement to a jury trial depends upon whether the right to a jury trial exists under Article I, Section 6 of the Pennsylvania

1

Constitution.  MetLife cites to a series of cases from state courts for the proposition that in state proceedings, there is no right to a jury trial under the UTPCPL.

MetLife raised this same issue and indeed filed virtually the identical brief, in Solarchick v. MetLife, Civ. No. 1-444 (W.D. Pa.).  I denied MetLife's Motion to Strike Plaintiffs' jury demand on the basis that MetLife had argued the wrong standard. In federal court, when that court sits in diversity, the Seventh Amendment governs the right to a jury trial. See Simler v. Conner, 372 U.S. 221, 83 S. Ct. 604 (1963) (stating that "federal law governs in determining the right to a jury trial in the federal courts").  Though I expressly declined to offer an opinion as to whether the Seventh Amendment would guarantee the right to a jury trial on a claim under Pennsylvania's UTPCPL,[1] I did direct MetLife's attention to the court's decision in Cellular Dynamics Inc. v. MCI Telecommunications Corp., Civ. No. 94-3126, 1997 WL 285830 (N.D. Ill. May 23, 1997) (concluding that, even where state law decisions interpreting the Illinois Consumer Fraud Act made clear that there was no statutory right to a trial by jury, the Seventh Amendment nevertheless preserves the right to a trial by jury in diversity cases). Despite this clear direction, MetLife has failed to address the Seventh Amendment in its analysis of Plaintiff's right to a jury trial.  Nor has MetLife argued that this Court's ruling in Solarchick that the Seventh

---

[1] For this reason, I am equally unhappy with Plaintiff's counsel's failure to closely read the Solarchick Opinion and Order.  In his Brief in Opposition to Strike the Jury Demand in this case, counsel for Wyckoff states "[t]his Court has previously rejected Defendant MetLife's argument that Plaintiffs in cases similar to the instant case are not entitled to a jury trial as to their UTPCPL claims, determining that the Seventh Amendment of the United States Constitution preserves the right to a jury trial as to Plaintiff's UTPCPL claims." See Docket No. 117, p. 1.  I expressly declined to make such a bold statement, especially given that neither party had actually briefed the issue.

Amendment governs is incorrect.

Accordingly, this **26th** day of October, 2006, because MetLife has once again failed to provide the proper analysis, it is Ordered that the Motion to Strike Jury Demand (Docket No. 82) is DENIED as to the UTPCPL claim.

BY THE COURT:

_____/S/   Donetta W. Ambrose_

Donetta W. Ambrose,
Chief U.S. District Judge

3