IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Before the Court is Defendants' Motion in Limine to Exclude Evidence Regarding the Recovery of Purported Expectation Damages. For the reasons set forth in Solarchick v. Met. Life Ins. Co., 430 F. Supp. 2d 511 (W.D. Pa. 2006), I reach the same conclusions here.

This matter, however, unlike Solarchick, involves a claim under ERISA. In addition to the arguments raised in Solarchick, therefore, Defendants also argue that Plaintiff cannot recover monetary damages or expectation damages under ERISA. Certainly, money damages as compensation for losses suffered are impermissible under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132. E.g., Skretvedt v. E.I. Dupont de Nemours, 372 F.3d 193, 204 (3d Cir. 2004). An award of money itself, however, if part of a permissible equitable remedy, is not necessarily prohibited under that Section. See, e.g., id. at 205 (restitution); DePace v. Matsushita Elec. Corp. of Am., 257 F. Supp. 2d 543, 565 (E.D.N.Y. 2003) (reformation).

I will not preclude Plaintiff from presenting evidence regarding money to which he is, allegedly, entitled as a result of Defendants' wrongful conduct. The matter has been bifurcated such that the ERISA claim will be tried non-jury; therefore, no prejudice will result from the admission of such evidence. At the close of that trial, I will, if necessary, fashion an appropriate remedy.

Therefore, this _**26**$^{th}$ day of October, 2006, it is ORDEREDthat Defendants' Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages (Docket No. 84) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge