IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2248 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER

### SYNOPSIS

Before the Court is Defendants' Motion in Limine to Exclude Evidence of Prior "Bad Acts" of agent Kenneth F. Kaczmarek.

This action involves two insurance policies, issued in 1991 and 1994. Mr. Kaczmarek is alleged to be involved only in Plaintiff's claim regarding the 1994 policy. As discussed in my Order of Court dated March 18, 2003, that claim is in the nature of one for deception by a fiduciary under § 502(a)(3) of ERISA. This matter has been bifurcated, and the ERISA claim is to be tried before the Court without a jury. Plaintiffs do not appear to argue that the challenged evidence should be admitted at the jury trial regarding the 1991 policy, as their arguments relate primarily to Mr. Kaczmarek. Therefore, I will address the evidence only in the context of the non-jury proceeding.

As a preliminary matter, I note that Defendants' Motion refers to a different matter involving Metropolitan Life Insurance Company, and exhibits and parties not involved in this case. In addition, the <u>ad damnum</u> clause of the Motion neglects to fill in the blank provided for identifying the Exhibits that the Motion seeks to strike. I caution counsel to take care with their submissions to the Court, as wholly irrelevant motions may be denied on grounds of inapplicability alone. Nevertheless, in the interest of expediency, and because Defendants' proposed Order and supporting Brief identify and discuss case-appropriate Exhibits, I will consider the Motion as represented in those papers, rather than as filed.

In those papers, Defendants argue that the evidence, Exhibits 15, 16, and 17, are inadmissible as irrelevant, unfairly prejudicial under Fed. R. Evid. 403, or as "bad act" evidence impermissible under Fed. R. Evid. 404(b).[1]

For the following reasons, the Motion in Limine will be granted in part and denied in part.

## **OPINION**

### A. **Applicable Standards**

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. This definition of relevance is very broad, and does not raise a high standard. <u>Gibson v. Mayor & Council of Wilmington</u>, 355 F. 3d 215, 232 (3d Cir. 2004).

---

[1] In the "Preliminary Statement" portion of their Brief, Defendants make mention of the fact that Exhibit 15 was produced in a different lawsuit. They do not, however, develop this fact into an argument against the admission of the Exhibit; nor will I.

Fed. R. Evid. 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. In this case, the lack of a jury significantly ameliorates the dangers of the negative factors enumerated in the Rule, and I will consider Defendants' arguments accordingly.

Fed. R. Evid. 404(b) prohibits evidence of other wrongs or acts to prove character and action in conformity therewith; the Rule permits, however, the admission of such evidence for other purposes, such as proof of intent, knowledge, or absence of mistake or accident. The list of permissible purposes set forth in the Rule is not exhaustive. Moreover, our Court of Appeals has recognized that Rule 404(b) is a rule of "inclusion, rather than exclusion," and that the admission of evidence is favored when offered for any purpose other than propensity. United States v. Daraio, 445 F. 3d 253, 263 (3d Cir. 2006).

The proponent of evidence bears the burden of establishing its admissibility and relevance. See, e.g., Yibulayin v. Yellow Freight Sys., No. 04-3690, 2005 U.S. Dist. LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005).

**B. Exhibits 15 and 16**

Two of the Exhibits at issue, Nos. 15 and 16, relate to customer complaints against Met Life agent Kenneth Kaczmarek. Defendants' intent, for example, is relevant to a claim of deception; prior wrongs may be relevant to demonstrate intentional conduct, and, similarly, lack of mistake or accident. Therefore, under the broad definition of relevance applicable here, Exhibits 15 and 16 will not be excluded. Defendant now contends that several of the complaints listed in the

Exhibits relate to Mr. Kaczmarek's son, Kenneth F. Kaczmarek, Jr., rather than the present Defendant.  Certainly, complaints about Defendant's son are not relevant here; however, as Plaintiff asserts, it is not facially evident whether some of the complaints refer to Mr. Kaczmarek senior or junior.  Plaintiff will be permitted to establish admissibility through questioning at trial.

Furthermore, Plaintiff argues that the evidence goes to one of the permissible purposes outlined in Rule 404(b), such as knowledge and the absence of mistake or accident.  Notably, Plaintiff relies primarily on the Pennsylvania Rules of Evidence and state law and practice, which are not applicable in this Court or in an ERISA case.  Nevertheless, I will not exclude the evidence under Rule 404(b).  As discussed above, it appears that the evidence may be proffered for a permissible purpose under Rule 404(b).

Finally, I decline to exclude Exhibits 15 and 16 under Rule 403, as I see no concerns regarding the negative factors outlined in that Rule.

C. **Exhibit 17**

I reach a different conclusion, however, with respect to Exhibit 17.   Exhibit 17 relates to an August 13, 1993 audit of the branch office where Defendant Kaczmarek worked. Plaintiff's entire argument in favor of the admissibility of this exhibit is that the report details irregularities "related to the timely delivery of policies issued from" that branch office, as well as "supervision of account representatives", and that the failure to supervise goes to Met Life's "corporate knowledge of the failings of the [] branch in this area."   Plaintiff does not explain how the timeliness of policy delivery is relevant to his claim for deception under

ERISA; nor does he explain the relevance of corporate knowledge of failings in that area. Accordingly, Exhibit 17 will be excluded from trial.

## **CONCLUSION**

For the foregoing reasons, Exhibits 15 and 16 will be admitted at trial. Exhibit 17, however, will be excluded. An appropriate Order follows.

THEREFORE, this **27**[th] day of October, 2006, after careful consideration, it is ORDERED that Defendants' Motion in Limine to Exclude Evidence of Prior "Bad Acts" of Kenneth F. Kaczmarek (Docket No. 77) is GRANTED in part and DENIED in part, as set forth in the attached Opinion.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge