# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF, | ) | Civil Action No. 00-2248 |
| | ) | |
| Plaintiff, | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and KENNETH F. KACZMAREK | ) | |
| | ) | |
| Defendants | ) | |

___

### PLAINTIFFS' EMERGENCY MOTION TO RESCHEDULE TRIAL DATE
___

AND NOW comes the Plaintiff, Robert G. Wyckoff by and through his attorneys, Kenneth R., Behrend and the law firm of Behrend and Ernsberger, P.C. and files the following Emergency Motion to Reschedule Trial and aver in support thereof as follows:

1. The trial in <u>Wyckoff v. Metropolitan Life</u> is scheduled to begin on Monday, November 6, 2006.

2. On Friday afternoon, October 27, 2006, Plaintiff's Counsel was informed by his life insurance sales practices expert, Robert Carter, that because the elbow on his left arm was shattered recently in a bicycle accident the follow-up medical treatment would prevent him from being available for the <u>Wyckoff</u> trial scheduled to begin on November 6th.

3. Late last week, Mr. Carter had contacted Plaintiff's Counsel and explained that he was injured in the bicycle accident, but understood that he had only "chipped" the bone in his elbow based upon the information supplied to him by the emergency room physician. He believed that he would still be able to make it to the trial, albeit wearing either a cast, or a sling. He also explained

that he was scheduled to meet with an orthopedic surgeon for a further evaluation later in the week.

4. When Mr. Carter met with the orthopedic surgeon, the surgeon evaluated the x-rays and informed Mr. Carter that his right elbow was shattered and would not heal unless a rod was immediately placed in his arm. The surgery was then performed. See Exhibit 1, a copy of the Progress Notes of October 25, 2006.

5. The orthopedic surgeon scheduled a follow-up visit to take place on Monday November 6th, at which time the elbow will be assessed to determine whether additional surgery is necessary since the bones are shattered and the rod may not be able to solve the problems created by the injury. Therefore, additional surgery may be required of inserting screws or additional rods to further stabilize the bones fragments in order for the bones to heal. If required, the additional surgery is tentatively planned to take place later in the week of November 6th. See Exhibit 1 and Exhibit 2, Memorandum from Robert Carter dated October 27, 2006, sent via facsimile transmission on October 28, 2006.

6. In the mean-time, Mr. Carter is confined to his home and is taking pain medications. He is not permitted to drive while on the medications since the medications cause drowsiness. See Exhibit 1.

7. Since Mr. Carter is unavailable the week of trial, Plaintiff's Counsel called the Court and Counsel for Defendants, B. John Pendleton, Jr., Esq. On Friday afternoon explaining the recent development.

8. The Court's staff inquired into the possibility of taking Mr. Carter's deposition for use at trial. However, since Mr. Carter is in pain and is taking pain medications that make him groggy, Plaintiff's Counsel believes that it would be improper to subject Mr. Carter to a video

deposition that would last the better part of a day for health reasons. In the two prior trials in which Mr. Carter presented testimony, <u>Kintner</u> and <u>Tran</u>, his testimony took the better part of a day.

9. The Court staff also suggested using Mr. Carter's testimony from the <u>Kintner</u> and <u>Tran</u>, cases as an alternative. However, there would be no testimony regarding the standard of care and any breaches thereof as related to the individual sale.

10. A third suggestion was made by the Court's staff of locating a substitute expert. However, the issues in a life insurance sales practices case and the large volume of documents necessary to be read and understood by an expert in order to render an expert opinion do not lend themselves toward a quick substitution of experts.

11. Mr. Carter has spent hundreds of hours reviewing the Metropolitan Life documents, depositions and Market Conduct Examinations in order to familiarize himself with the information necessary to author an expert report and to testify in trial. Additionally, he has been found by this Court to have sufficient training, skill and knowledge of the subject area to testify as an expert. Further, Mr. Carter is the life insurance sales practices expert that Plaintiffs' Counsel has been using in Metropolitan Life cases presented by Plaintiff's Counsel.

12. At this late date, one week before trial it is impractical to find a substitute expert that will be able to review the thousands of pages of documents, transcripts, and the Market Conduct Examinations in order to become sufficiently familiar with the information in order to competently provide expert testimony.

13. The Plaintiff will be severely prejudiced if unable to present expert testimony in support of his claims and to refute Metropolitan Life's defenses.

14. If the Court permits the rescheduling of the trial, it is believed that at the meeting with

the orthopedic surgeon on November 6th Mr. Carter will be provided the information necessary to complete the treatment of his injuries. At that time, Plaintiff's Counsel will forward to the Court the information suppled to Mr. Carter by his treating doctor.

WHEREFORE, Plaintiff respectfully requests this Honorable Court reschedule the trial of the instant case.

Respectfully Submitted,

/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Emsberger, P.C.
306 Fourth Ave. - Suite 300
Pittsburgh, PA 15222
(412)391-2515  (phone)
(412)391-2762  (Fax)

## CERTIFICATE OF SERVICE

     I, Kenneth R. Behrend, hereby certify that a true and correct copy of the foregoing Emergency Motion to Reschedule the Trial Date was served upon the all counsel of record by the electronic filing system on this 30th day of October, 2006, as follows:

B. John Pendleton, Jr., Esquire
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

                             /s/Kenneth R. Behrend
                             Kenneth R. Behrend
                             PA I.D. # 37961
                             Behrend and Emsberger, P.C.
                             306 Fourth Ave. - Suite 300
                             Pittsburgh, PA 15222
                             (412)391-2515   (phone)
                             (412)391-2762    (Fax)

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT G. WYCKOFF, | ) | Civil Action No. 00-2248 |
| | ) | |
| Plaintiff, | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY and KENNETH F. KACZMAREK | ) ) | |
| | ) | |
| Defendants | ) | |

___

## ORDER OF COURT
___

AND NOW this _____ day of _____, 2006, upon consideration of plaintiffs' emergency motion to reschedule trial date, the trial date of November 6, 2006 is cancelled, with the trial to be rescheduled on the _____ day of _____, 200__.

BY THE COURT:

_____J.
Donetta W. Amrose, P.J.