IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No.  00-2248 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek ("Kaczmarek") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 86) seeking to exclude from evidence at trial Plaintiff's Exhibit Nos. 21, 39, 40, 41, 42, 46, 52, 55, 58, 112, and 113, all of which are documents authored by or referencing former MetLife employee James Rayl and his concerns regarding sales practices associated with the accelerated premium program.[1]  Plaintiff opposes Defendants' Motion.  (Docket No. 108).  After careful review, Defendants' Motion is granted in part and denied in part as follows.

---

[1] James Rayl was the Director of MetLife's Tulsa, Oklahoma, Customer Service Center during time periods relevant to this case.

1

## I. ANALYSIS

### A. Exhibit Nos. 21, 39, 40, 52, 55, and 58

Defendants argue that Exhibit Nos. 21, 39, 40, 52, 55, and 58[2] are irrelevant because they concern sales that occurred prior to the transactions in this case and therefore, have no relation to the issues in this case. Defs.' Br. (Docket No. 87) at 3-5.

I disagree. Rayl's concerns regarding deceptive sales tactics are substantially similar to the allegations raised by Plaintiff in connection with his policies. Thus, the documents may be relevant in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. The timing of the transactions in the documents goes to the weight of the evidence, not its admissibility.

I also disagree that these proposed exhibits are irrelevant because they do not specifically mention Pennsylvania. Plaintiff alleges that MetLife agents used the same deceptive sales techniques on a national level, and the documents support this assertion. Again, the fact that the documents fail to mention Pennsylvania goes to the weight of the evidence, not its admissibility.

In short, I find that proposed Exhibit Nos. 21, 39, 40, 52, 55, and 58 are relevant to Plaintiff's claims in this case. I also find that this probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.

I also disagree with Defendants that these documents are categorically

---

[2] Defendants have attached copies of these proposed exhibits as Exhibit B to their Motion in Limine. (Docket No. 86, Ex. B).

inadmissible as hearsay.[3] As an initial matter, Plaintiff indicates that he will be able to establish at trial that the documents are business records within the meaning of Rule 803(6).[4] Plaintiff also argues that Rayl's statements are admissible as admissions of a party-opponent, an argument not addressed by Defendants. Fed. R. Evid. 801. Even if the statements are neither admissions nor business records within the meaning of the Rules of Evidence, however, I find that these exhibits may be admissible under the "residual" hearsay exception set forth in Rule 807.[5]

Defendants' Motion is granted, however, to the extent the exhibits contain

---

[3] My discussion of Defendants' hearsay objections presumes that Plaintiff intends to offer the statements for the truth of the matter asserted. Obviously, the statements are not hearsay to the extent Plaintiff offers them at trial to prove something other than the truth of the matter asserted. See Fed. R. Evid. 801(c).

[4] Rule 803(6) provides an exception to the hearsay rule for a:

memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

[5] Rule 807 provides:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

hearsay within hearsay, such as Rayl's description of what a customer said, to the extent such statements are offered for the truth of the matter asserted therein, and no independent hearsay exception applies. Fed. R. Evid. 805. Plaintiff has not identified any such exceptions. Defendants' Motion also is granted with respect to any "expert"-type opinions contained in the exhibits at issue. Rayl is not an expert witness and, thus, any opinions properly within the realm of an expert are inadmissible.

A final issue exists with respect to the document attached to Defendants' Motion as proposed Exhibit 58. Docket No. 86, Ex. B. Although this document mentions Rayl and his concerns, proposed Exhibit 58 was neither written by nor addressed to Rayl – unlike the other exhibits at issue in Defendants' Motion. Thus, it is unclear to me how Plaintiff intends to introduce this document at trial. In addition, although the parties do not specifically discuss the article attached to Exhibit 58, that article appears to be replete with hearsay. The portions of the article discussing MetLife also strike me as unfairly prejudicial. For these reasons, Defendants' Motion is granted to the extent it seeks to exclude the article attached to Plaintiff's proposed Exhibit No. 58. If Plaintiff plans to introduce the remainder of Exhibit 58 at trial (i.e., the letter itself), he must lay an appropriate foundation as well as obviate any hearsay and/or authentication concerns.

**B. Exhibit Nos. 41 and 42**

Proposed Exhibit No. 41 is a December 23, 1992 letter from Rayl to David G. Martin, Vice President, Mid-America Territory, regarding Rayl's deceptive sales

practice concerns. (Docket No. 86, Ex. C). Proposed Exhibit 42 is a December 31, 1992 letter from Rayl to Kathy Schoos, Director of Customer Services and Communications in MetLife's Warwick Customer Service Center, thanking Schoos for writing a letter in support of his concerns. Id. Defendants argue that these exhibits are irrelevant, prejudicial, and inadmissible hearsay. Defs.' Br. (Docket No. 87) at 5-6.

I disagree that Exhibits 41 and 42 are irrelevant and/or unfairly prejudicial. As with the exhibits discussed above, Exhibits 41 and 42 are probative as to a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. Exhibit 42 is relevant for the additional reason that it shows that the director of MetLife's Warwick customer service center (the only other MetLife call center at the time) shared the same concerns as Rayl. Thus, Exhibit 42 undercuts any assertion by Defendants that Rayl's concerns were confined to the Tulsa call center and were not nationwide. This probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.

For the reasons set forth in Section I.A., supra, I also disagree that proposed Exhibits 41 and 42 are categorically inadmissible hearsay. Thus, Defendants' Motion to exclude the exhibits as hearsay is denied. Defendants' Motion is granted, however, to the extent the exhibits contain hearsay within hearsay, to the extent such statements are offered for the truth of the matter asserted therein. For example, the customer complaint attached to the Rayl memo in Exhibit 41 appears to be inadmissible hearsay and hearsay within hearsay. Defendants' Motion also is granted with respect to any "expert"-type opinions contained in the exhibits at

5

issue. As set forth above, Rayl is not an expert witness and, thus, any opinions properly within the realm of an expert are inadmissible.

## C. Exhibit No. 46

Defendants move to exclude in its entirety Plaintiff's proposed Exhibit No. 46, a January 19, 1994 letter from Rayl to Robert J. Crimmins, Executive Vice-President of Personal Insurance. (Docket No. 86, Ex. D). This portion of Defendants' Motion is denied. I find that Exhibit 46, to the extent it mentions Rayl's "paid up" policy concerns, is probative as to a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. I further find that this probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.

For the reasons set forth in Section II.A, supra, I also disagree that proposed Exhibit 46 is categorically inadmissible hearsay. Thus, Defendants' Motion to exclude Exhibit 46 as hearsay is denied. Defendants' Motion is granted, however, to the extent Exhibit 46 contains hearsay within hearsay, to the extent such statements are offered for the truth of the matter asserted therein. Defendants' Motion also is granted with respect to any "expert"-type opinions contained in Exhibit 46. As set forth above, Rayl is not an expert witness and, thus, any opinions properly within the realm of an expert are inadmissible.

## D. Exhibit Nos. 112 and 113

Defendants also move to exclude Plaintiff's proposed Exhibit No. 112, a Personal Insurance Development Review for Rayl for the year 1991, and Exhibit No.

113, a booklet dated 1992 entitled "Accomplishment & Programs Customer Service & Communications" for MetLife's Tulsa Customer Service Center. (Docket No. 86, Exs. E, F). Exhibit No. 112 provides an overview of Rayl's job responsibilities, discusses his accomplishments, provides an overall assessment of his 1991 performance and contributions, and sets forth a development plan for the future. Exhibit 113 relates to the accomplishments of the Tulsa Customer Service Center in 1991 and 1992. Id. Defendants argue that these exhibits have no relation to the transactions at issue in this case and, therefore, should be excluded as irrelevant, prejudicial, and likely to confuse the jury. This portion of Defendants' Motion is granted.

Plaintiff's only argument in support of the admissibility of Exhibits 112 and 113 is that the exhibits "demonstrate that Mr. Rayl was part of MetLife management and Director in charge of the Customer Service Center" and support Rayl's credibility with respect to the use of APP sales and Met Life's corporate culture. Pl.'s Resp. (Docket No. 108) at 8. This argument is unpersuasive. Rayl's job performance in 1991 or the performance of the Tulsa Call Center simply are not at issue in this case. Furthermore, the documents do not make any meaningful reference to APP sales or Met Life's corporate culture related to such sales and otherwise bear no relation to any of the transactions at the heart of this lawsuit. Thus, I fail to see how the documents are relevant to any of Plaintiff's claims. See Fed. R. Evid. 401, 402.[6]

---

[6]Even if Exhibit 112 is relevant because it identifies Rayl's position within the Company, the review is unnecessary to establish that fact. To the extent Defendants even dispute Rayl's position within the Company, Rayl's job title is reflected on numerous admissible documents authored by Rayl and in his deposition testimony. Thus, any minimal relevance of Exhibit 112 is substantially outweighed by the danger of confusion of the issues and considerations of undue delay, waste of time, and needless presentation of cumulative evidence. See Fed. R. Evid. 403.

### III. **CONCLUSION**

For all of these reasons, Defendants' Motion in Limine to Exclude From Evidence Plaintiff's Exhibit Nos. 21, 39, 40, 41, 42, 46, 52, 55, 58, 112, and 113, Documents Authored by and Relating to James Rayl (Docket No. 86) is granted in part and denied in part. An appropriate Order follows.

AND NOW, this **31st** day of October, 2006, it is ordered that Defendants' Motion in Limine to Exclude From Evidence Plaintiff's Exhibit Nos. 21, 39, 40, 41, 42, 46, 52, 55, 58, 112, and 113, Documents Authored by and Relating to James Rayl (Docket No. 86) is granted in part and denied in part as set forth more fully in the Opinion accompanying this order.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge