IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT G. WYCKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  00-2248 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and KENNETH F. KACZMAREK, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and Kenneth F. Kaczmarek ("Kaczmarek") (collectively, "Defendants") have filed Objections to Plaintiff's Deposition Designations for James Rayl. (Docket No. 88).[1] Plaintiff opposes these objections. (Docket No. 122). After careful review, Defendants' objections are sustained in part and overruled in part as follows.[2]

As an initial matter, Defendants argue that proposed trial exhibit 115, Rayl's April 13, 1998 deposition transcript, is inadmissible because Plaintiff failed to

---

[1] James Rayl was the Director of MetLife's Tulsa, Oklahoma, Customer Service Center during time periods relevant to this case. The testimony at issue was taken in previous employment discrimination litigation filed by Rayl against MetLife

[2] Defendants also have filed a separate Motion in Limine seeking to exclude Plaintiff's proposed Exhibit Nos. 114 and 115, the deposition testimony of James Rayl as well as the exhibits to that deposition. (Docket No. 78). That Motion was incorporated by reference into Defendants' objections and is denied as moot.

designate any portion of the testimony contained therein to be read at trial.  I agree.  All deposition designations by the parties in this matter were due on September 27, 2006.  See Docket No. 46.  Although Plaintiff timely designated portions of Rayl's February 25, 1998 deposition transcript to be read at trial (Docket No. 48), he did not file any designations with respect to the April 13, 1998 transcript.[3] Accordingly, Defendants' objections are sustained with respect to Plaintiff's proposed exhibit 115 in its entirety.  For the same reasons, any portions of Rayl's February 25, 1998 deposition testimony (proposed trial exhibit No. 114) that Plaintiff has not designated to be read at trial are likewise excluded.

With respect to the portions of trial exhibit 114 that Plaintiff has designated to be introduced at trial, I rule as follows:

1.  Transcript Pages 6:14-8:25; 20:7-21:9; 31:1-32:25; 42:1-44:25; 102:2-105:4:

Defendants' objections are overruled as moot.  Plaintiff did not properly designate these portions of Rayl's deposition to be read at trial.  See Docket No. 48.[4]

2.  Transcript Pages 9:24-10:3:

Defendants' objections to this testimony are overruled.  The testimony is relevant background information to establish the extent of Rayl's preparation for

---

[3]  Plaintiff's response to Defendants' objections does not address his failure to make such designations.  See Docket No. 122.

[4]  Plaintiff's list of deposition designations consists of two columns.  The left column lists specific page and line designations corresponding with the pagination of the deposition manuscript. The transcript (as attached to Defendants' objections) consists of approximately 2 ½ manuscript pages per full 8 ½ x 11 page.  The numbers in the right column of Plaintiff's designations correspond with the number of the full page on which the designated manuscript pages can be found and do not appear to be independent designations.

the deposition and that he reviewed certain documents.  Even if such probative

value is minimal, this brief excerpt is not prejudicial to Defendants.

3.  <u>Transcript Pages 52:9-23; 59:25-60:8; 77:18-79:18</u>:

 Defendants' objections to this testimony as irrelevant are overruled.  The

testimony is relevant background regarding Rayl's work history with MetLife and

position within the company.

4.  <u>Transcript Pages 105:5-106:2; 107:13-108:24; 169:9-22</u>:

 Defendants' objections to this testimony are sustained.  The testimony is

irrelevant to the issues in this case.  Even if the testimony were minimally probative,

such probative value would be outweighed by prejudice to Defendants.  <u>See</u> Fed.

R. Evid. 401, 402, 403.

5.  <u>Transcript Pages 173:25-174:3; Deposition Exhibit 22</u>:

 Defendants' objections to this testimony and exhibit are sustained in part and

overruled in part.   The testimony at pages 173:25-174:3 is admissible as an

identification of deposition exhibit 22.  I disagree with Defendants that the

documents contained in deposition exhibit 22 are irrelevant in their entirety.

Rather, the documents are relevant to the extent they pertain to Rayl's concerns

regarding sales practices similar to Plaintiff's "vanishing premium" allegations at

issue in this case.  Such evidence is probative as to a pattern and practice on the part

of MetLife, or a corporate culture encouraging similar deceptive sales techniques.

This probative value is not substantially outweighed by the danger of unfair

prejudice to Defendants.[5]

6.  Transcript Pages 253:24-254:18; 259:2-16; 268:25-269:20:

Defendants' objections to this testimony are overruled.  This testimony pertains directly to Rayl's complaints and concerns regarding sales practices similar to Plaintiff's "vanishing premium" allegations and, thus, is relevant to the issues in this case.  I find that this probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.[6]

7.  Transcript Pages 254:19-255:20; 257:17-25; 258:7-13:

Defendants' objections to the testimony set forth on these transcript pages are overruled to the extent such testimony identifies relevant deposition exhibits. Defendants' specific objections to the deposition exhibits are addressed below.

8.  Rayl Deposition Exhibits 37, 39, 40, 41:

Plaintiff indicates in his response to Defendants' objections that he does not intend to introduce these deposition exhibits at trial.  See Docket No. 122.  Thus, Defendants' objections to these deposition exhibits are moot.

9.  Rayl Deposition Exhibit 38:

Deposition exhibit 38 primarily consists of a Rayl memo concerning the

---

[5]  The parties did not take the time in their submissions to go through each of the documents contained in deposition exhibit 22, and I will not do their work for them here.  I note, however, that Defendants incorrectly assert in their objections that "not one of the documents contained in Exhibit 22 reference any issue with AP at all."  At least one of the documents, a January 19, 1994 memo from Plaintiff to Robert J. Crimmins, Executive Vice-President, Personal Insurance, directly mentions Rayl's complaints to MetLife management regarding the way AP was presented and sold to customers.  Thus, even though many of the documents in deposition exhibit 22 may very well be irrelevant, I cannot categorically exclude exhibit 22 at this time.

[6]  Plaintiff may not read in, however, any references to churning in Rayl's testimony.  Churning is not an issue in this case.

Pennsylvania Market Conduct Examination Report. Defendants objections to this portion of the exhibit are overruled.[7] To the extent Defendants' argue that this memo is inadmissible because the Pennsylvania Report itself is inadmissible, such argument is unavailing. As set forth in my Opinion and Order dated October 24, 2006 (Docket No. 126), Defendants' motion to exclude the Pennsylvania Report was denied to the extent the report discusses or makes findings concerning sales practices similar to Plaintiff's allegations in this case. Therefore, I cannot exclude deposition exhibit 38 simply because the document to which it relates has been excluded, because it has not. Defendants also argue that deposition exhibit 38 is inadmissible because Rayl's testimony does not account for the unique factual circumstances of this case, and Rayl offers general opinions regarding MetLife that are unsubstantiated, unreliable and irrelevant to the transactions at issue. To the extent exhibit 38 relates to concerns regarding sales practices similar to Plaintiff's "vanishing premium" allegations in this case, this argument fails because such evidence may be relevant in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. This probative value is not substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 401, 402, 403.[8]

---

[7] The last page of deposition exhibit 38 is a September 15, 1990 letter to Barbara Gardner from Rayl regarding teleservicing issues. Plaintiff does not respond to Defendants' objections to this letter, and those objections are sustained.

[8] Upon review, I agree that the memo pertains primarily to allegations of "churning" and improper Policy replacement as opposed to the "vanishing premium" allegations at issue in this case. Plaintiff correctly notes, however, that at least some portions of the memo discuss vanishing premiums and the APP program. As a result, I decline to exclude exhibit 38 in its entirety at this juncture. Should Plaintiff attempt to introduce at trial portions of the document unrelated to "vanishing premiums",

10.  Deposition Exhibit 42:

Defendants' objections are overruled to the extent they seek to exclude exhibit 42 to Rayl's deposition testimony in its entirety[9] on the basis of irrelevance or prejudice.  Insofar as any of the documents contained in exhibit 42 relate to Rayl's concerns regarding sales practices similar to Plaintiff's "vanishing premium" allegations in this case, such evidence is probative and is not unduly prejudicial for the reasons set forth above.

11.  Deposition Exhibit 43:

Defendants' objections to this exhibit are sustained. This exhibit consists of two documents: (1) an August 18, 1997 memo to "the field force" from Joseph W. Jordan, MetLife Senior Vice President and an attachment introducing an "AP Option Program"; and (2) an August 25, 1997 e-mail from Rayl to Kathleen Schoos and others regarding the AP Program.  As an initial matter, the August 18, 1997 memo was neither written by nor addressed to Rayl.  Thus, it is unclear to me how Plaintiff intends to introduce this document via Rayl's deposition at trial.  In addition, both documents are dated over six years after the sale of Plaintiff's 1991 policy, and do not outwardly pertain to Plaintiff's transaction and/or the "vanishing premium" allegations set forth in Plaintiff's complaint.  Thus, the relevance of the documents to Plaintiff's claims in this case is not apparent.  Even if deposition exhibit 43 were

_____

Defendants may raise appropriate objections at that time.

[9] Deposition Exhibit 42 is voluminous and consists of multiple documents. Defendants do not make specific objections to the individual documents contained within the exhibit. Consequently, I only am able to rule at this time as to whether these documents are admissible or inadmissible as a whole.

relevant, I find that the minimal probative value would be substantially outweighed by the Rule 403 concerns of prejudice, confusion of the issues, misleading the jury, waste of time, and needless presentation of cumulative evidence.

12. <u>Transcript Pages 261:5-262:14; Deposition Exhibit 46</u>:

Defendants' objections to exhibit 46 and related deposition testimony are overruled. This testimony and exhibit pertain directly to Rayl's complaints and concerns regarding sales practices similar to Plaintiff's "vanishing premium" allegations and, thus, are relevant to the issues in this case. I find that this probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.

13. <u>Global Objections</u>:

I also disagree with Defendants that the Rayl deposition testimony and/or exhibits to which they object are categorically inadmissible as hearsay.[10] Even if offered to establish the truth of the matter asserted, Plaintiff may be able to establish at trial that the exhibits are business records within the meaning of Rule 803(6),[11] or are admissible as admissions of a party-opponent, an argument not

---

[10] My discussion of Defendants' hearsay objections presumes that Plaintiff intends to offer the statements for the truth of the matter asserted. Obviously, the statements are not hearsay to the extent Plaintiff offers them at trial to prove something other than the truth of the matter asserted. <u>See</u> Fed. R. Evid. 801(c).

[11] Rule 803(6) provides an exception to the hearsay rule for a:
memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information

addressed by Defendants.  Fed. R. Evid. 801.  Even if the statements are neither admissions nor business records within the meaning of the Rules of Evidence, however, I find that the exhibits to Rayl's deposition may be admissible under the "residual" hearsay exception set forth in Rule 807.[12]

Defendants' objections are sustained, however, with respect to any portions of the Rayl deposition exhibits that constitute hearsay within hearsay.  For example, any statements in a document authored by Rayl as to what a customer said or told him are double hearsay and must be excluded, unless an independent hearsay exception applies.  Fed. R. Evid. 805.  Plaintiff has not identified any such exceptions.

Finally, Defendants may read into the record the excerpts of Rayl's deposition, identified in their objections, as rebuttal.  Plaintiff did not object to these designations in his response.

---

or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

[12]Rule 807 provides:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

### III. <u>CONCLUSION</u>

For all of these reasons, Defendants' objections to Plaintiff's designations of Rayl's deposition testimony are sustained in part and overruled in part. An appropriate Order follows.

AND NOW, this **13**th day of November, 2006, after careful consideration and for the reasons set forth above, the following Order is entered:

> 1.    Defendants' Objections to Plaintiff's Deposition Designations for James Rayl (Docket No. 88) are sustained in part and overruled in part as set forth more fully in the Opinion accompanying this order.
>
> 2.  Defendants may read into the record the excerpts of James Rayl's deposition, identified in their objections, as rebuttal.
>
> 3. Defendants' Motion in Limine to Exclude From Evidence Unrelated Testimony and Exhibits of James Rayl (Docket No. 78) is denied as moot.

.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge